# EXHIBIT A

**DEFER**

# U.S. Bankruptcy Court
## Central District Of California (Los Angeles)
### Bankruptcy Petition #: 2:11-bk-47312-VZ

|  |  |
|---|---|
| *Date filed:* | 08/31/2011 |
| *Plan confirmed:* | 02/29/2012 |
| *341 meeting:* | 10/07/2011 |
| *Deadline for filing claims:* | 01/05/2012 |
| *Deadline for filing claims (govt.):* | 02/27/2012 |

*Assigned to:* Vincent P. Zurzolo
Chapter 13
Voluntary
Asset

**Debtor**
**Richard Victor Lara**
13908 East Joycedale Street
Valinda, CA 91746
LOS ANGELES-CA
SSN / ITIN: xxx-xx-7045

represented by **Barry E Borowitz**
Borowitz & Clark LLP
100 N Barranca Ave Ste 250
West Covina, CA 91791-1600

626-332-8600
Fax : 626-332-8644
Email: notices@blclaw.com

**Joint Debtor**
**Virginia Lara**
13908 East Joycedale Street
Valinda, CA 91746
LOS ANGELES-CA
SSN / ITIN: xxx-xx-6487

represented by **Barry E Borowitz**
(See above for address)

**Trustee**
**Nancy K Curry (TR)**
700 S Flower Street, Suite 1215
Los Angeles, CA 90017
213-689-3014

**U.S. Trustee**
**United States Trustee (LA)**
915 Wilshire Blvd, Suite 1850
Los Angeles, CA 90017
(213) 894-6811

| Filing Date | # | Docket Text |
|---|---|---|
| 08/31/2011 | <u>1</u><br>(80 pgs) | Chapter 13 Voluntary Petition . Fee Amount $274<br>Filed by Richard Victor Lara, Virginia Lara<br>(Borowitz, Barry) (Entered: 08/31/2011) |

**Exhibit A, Page 9**

| | | |
|---|---|---|
| 08/31/2011 | <u>2</u><br>(13 pgs) | Chapter 13 Plan Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 08/31/2011) |
| 08/31/2011 | <u>3</u><br>(5 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 08/31/2011) |
| 08/31/2011 | <u>4</u><br>(2 pgs) | Certificate of Credit Counseling Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 08/31/2011) |
| 08/31/2011 | <u>5</u> | Statement of Social Security Number(s) Form B21 Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 08/31/2011) |
| 08/31/2011 | | Receipt of Voluntary Petition (Chapter 13)(2:11-bk-47312) [misc,volp13] ( 274.00) Filing Fee. Receipt number 22258845. Fee amount 274.00. (U.S. Treasury) (Entered: 08/31/2011) |
| 08/31/2011 | <u>6</u><br>(2 pgs) | Meeting of Creditors with 341(a) meeting to be held on 10/07/2011 at 09:00 AM at RM 103, 725 S Figueroa St, Los Angeles, CA 90017. Confirmation hearing to be held on 07/16/2012 at 09:00 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. Proof of Claim due by 01/05/2012. (Borowitz, Barry) (Entered: 08/31/2011) |
| 09/03/2011 | <u>7</u><br>(6 pgs) | BNC Certificate of Notice (RE: related document(s) <u>6</u> Meeting (AutoAssign Chapter 13)) No. of Notices: 28. Service Date 09/03/2011. (Admin.) (Entered: 09/03/2011) |
| 09/09/2011 | <u>8</u><br>(17 pgs) | Debtor's notice of section 341(a) meeting and hearing on confirmation of chapter 13 plan with copy of chapter 13 plan Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 09/09/2011) |
| 09/09/2011 | <u>9</u><br>(6 pgs) | Rights and responsibilities agreement between chapter 13 debtors and their attorneys Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 09/09/2011) |
| | | |

**Exhibit A, Page 10**

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)                                    Page 3 of 12

| | | |
|---|---|---|
| 09/09/2011 | <u>10</u><br>(2 pgs) | Declaration RE Tax Returns (Preconfirmation) Filed by Debtor Richard Victor Lara. (Borowitz, Barry) (Entered: 09/09/2011) |
| 09/09/2011 | <u>11</u><br>(2 pgs) | Declaration RE Tax Returns (Preconfirmation) Filed by Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 09/09/2011) |
| 09/09/2011 | <u>12</u><br>(2 pgs) | Declaration RE Tax Returns (Preconfirmation) Filed by Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 09/09/2011) |
| 09/09/2011 | <u>13</u><br>(2 pgs) | Declaration RE: Payment of Domestic Support Obligations Filed by Debtor Richard Victor Lara. (Borowitz, Barry) (Entered: 09/09/2011) |
| 09/09/2011 | <u>14</u><br>(2 pgs) | Declaration RE: Payment of Domestic Support Obligations Filed by Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 09/09/2011) |
| 09/12/2011 | <u>15</u><br>(3 pgs) | Notice of Appearance and Request for Notice by Mehrdaud Jafarnia Filed by Creditor JPMorgan Chase Bank, National Association, its assignees and/or successors. (Jafarnia, Mehrdaud) (Entered: 09/12/2011) |
| 09/14/2011 | <u>16</u><br>(3 pgs) | Chapter 13 Trustee's Notice of Requirements *with Proof of Service*. (Curry (TR), Nancy) (Entered: 09/14/2011) |
| 09/26/2011 | <u>17</u><br>(3 pgs) | Financial Management Course Certificate Filed *with proof of service* Filed by Debtor Richard Victor Lara. (Borowitz, Barry) (Entered: 09/26/2011) |
| 09/26/2011 | <u>18</u><br>(3 pgs) | Financial Management Course Certificate Filed *with proof of service* Filed by Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 09/26/2011) |
| 09/30/2011 | <u>19</u><br>(5 pgs) | Notice of Hearing *Rescheduled §341(a) Meeting of Creditors* Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 09/30/2011) |
| 11/17/2011 | <u>20</u><br>(13 pgs) | Amending Schedules D.. Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 11/17/2011) |
| | | Receipt of Amending Schedules D E or F(2:11-bk- |

**Exhibit A, Page 11**

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)                                    Page 4 of 12

| | | |
|---|---|---|
| 11/18/2011 | | 47312-VZ) [misc,amdsch] ( 30.00) Filing Fee. Receipt number 23674583. Fee amount 30.00. (U.S. Treasury) (Entered: 11/18/2011) |
| 11/21/2011 | 21 (74 pgs) | Motion to Avoid Lien Judicial Lien with HSBC Bank Nevada, N.A. and Zenith Acquisition Corp Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara (Borowitz, Barry) (Entered: 11/21/2011) |
| 01/20/2012 | 22 (6 pgs) | Adversary case 2:12-ap-01077. Complaint by Richard Victor Lara, Virginia Lara against JP Morgan Chase Bank, N.A.. (Charge To Estate). *to Avoid Lien on Principal Residence* Nature of Suit: (21 (Validity, priority or extent of lien or other interest in property)),(91 (Declaratory judgment)) (Borowitz, Barry) (Entered: 01/20/2012) |
| 01/24/2012 | 23 (79 pgs) | Declaration re: non opposition Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara (RE: related document(s)21 Motion to Avoid Lien Judicial Lien with HSBC Bank Nevada, N.A. and Zenith Acquisition Corp ). (Borowitz, Barry) (Entered: 01/24/2012) |
| 01/24/2012 | 24 (11 pgs) | Declaration setting forth postpetition, preconfirmation deed of trust payments Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 01/24/2012) |
| 02/02/2012 | 25 (17 pgs) | Application for Compensation *of Supplemental Fees* for Barry E Borowitz, Debtor's Attorney, Period: 11/14/2011 to 2/2/2012, Fee: $1,123.75, Expenses: $380.67. Filed by Attorney Barry E Borowitz (Borowitz, Barry) (Entered: 02/02/2012) |
| 02/03/2012 | 26 (4 pgs) | Order Granting Motion To Avoid Lien (Related Doc # 21 ) Signed on 2/3/2012 (Le, James) (Entered: 02/03/2012) |
| 02/05/2012 | 27 (6 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)26 Order on Motion to Avoid Lien) No. of Notices: 2. Notice Date 02/05/2012. (Admin.) (Entered: 02/05/2012) |
| | 28 (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: GE Money Bank (Claim No. 5) To National Capital Management, LLC. Filed by |

**Exhibit A, Page 12**

| | | |
|---|---|---|
| 02/12/2012 | | Creditor National Capital Management, LLC. (Wall, Christopher) (Entered: 02/12/2012) |
| 02/16/2012 | 29 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)28 Transfer of Claim filed by Creditor National Capital Management, LLC) No. of Notices: 0. Notice Date 02/16/2012. (Admin.) (Entered: 02/16/2012) |
| 02/28/2012 | 30 (22 pgs) | Declaration re: non opposition *to Application for Supplemental Fees* Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara (RE: related document(s)25 Application for Compensation *of Supplemental Fees* for Barry E Borowitz, Debtor's Attorney, Period: 11/14/2011 to 2/2/2012, Fee: $1,123.75, Expenses: $380.67.). (Borowitz, Barry) (Entered: 02/28/2012) |
| 02/29/2012 | 31 (2 pgs) | Order Confirming Chapter 13 Plan (Related Doc # 2 ) Signed on 2/29/2012 (Le, James) (Entered: 02/29/2012) |
| 02/29/2012 | 32 (3 pgs) | Notice of Requirement to Complete Course in Financial Management (BNC) . (Le, James) (Entered: 02/29/2012) |
| 03/02/2012 | 33 (4 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)31 Order Confirming Chapter 13 Plan) No. of Notices: 2. Notice Date 03/02/2012. (Admin.) (Entered: 03/02/2012) |
| 03/02/2012 | 34 (5 pgs) | BNC Certificate of Notice (RE: related document(s) 32 Notice of Requirement to Complete Course in Financial Management (BNC)) No. of Notices: 1. Notice Date 03/02/2012. (Admin.) (Entered: 03/02/2012) |
| 03/06/2012 | 35 (3 pgs) | Order Granting Application For Supplemental Fees (Related Doc # 25) for Barry E Borowitz, fees awarded: $1504.42 Signed on 3/6/2012. (Le, James) (Entered: 03/06/2012) |
| 04/20/2012 | 36 (7 pgs) | Notice of intent to pay claims *with proof of service*. (Curry (TR), Nancy) (Entered: 04/20/2012) |
| | 37 (18 pgs) | Application for Compensation *of Supplemental Fees* for Barry E Borowitz, Debtor's Attorney, Period: |

**Exhibit A, Page 13**

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)                                    Page 6 of 12

| | | |
|---|---|---|
| 05/21/2012 | | 1/6/2012 to 5/21/2012, Fee: $2,315.00, Expenses: $226.25. Filed by Attorney Barry E Borowitz (Borowitz, Barry) (Entered: 05/21/2012) |
| 06/08/2012 | <u>38</u><br>(24 pgs) | Declaration re: non opposition *to Application for Supplemental Fees* Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara (RE: related document(s)<u>37</u> Application for Compensation *of Supplemental Fees* for Barry E Borowitz, Debtor's Attorney, Period: 1/6/2012 to 5/21/2012, Fee: $2,315.00, Expenses: $226.25.). (Borowitz, Barry) (Entered: 06/08/2012) |
| 06/18/2012 | <u>39</u><br>(2 pgs) | Order Granting Application For Supplemental Fees (Related Doc # <u>37</u>) for Barry E Borowitz, fees awarded: $2541.25. Signed on 6/18/2012. (Le, James) (Entered: 06/18/2012) |
| 07/29/2012 | <u>40</u><br>(3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: National Capital Management, LLC. (Claim No. 5) To GE Capital Retail Bank To GE Capital Retail BankAttn: Bankruptcy DepartmentPO Box 960061Orlando, FL 32896-0661 Filed by Creditor Courtesy NEF. (Singh, Ramesh) (Entered: 07/29/2012) |
| 08/02/2012 | <u>41</u><br>(3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)<u>40</u> Transfer of Claim filed by Creditor Courtesy NEF) No. of Notices: 0. Notice Date 08/02/2012. (Admin.) (Entered: 08/02/2012) |
| 08/09/2012 | <u>42</u><br>(3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: JPMorgan Chase Bank, N.A. (Claim No. 18) To JPMorgan Chase Bank, N.A. To JPMorgan Chase Bank, N.A.c/o Five Lakes Agency, Inc.P.O. Box 80730Rochester, MI 48308-0730 Filed by Creditor JPMorgan Chase Bank, N.A.. (Schellig, Kelly) (Entered: 08/09/2012) |
| 08/11/2012 | <u>43</u><br>(3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)<u>42</u> Transfer of Claim filed by Creditor JPMorgan Chase Bank, N.A.) No. of Notices: 0. Notice Date 08/11/2012. (Admin.) (Entered: 08/11/2012) |
| | <u>44</u><br>(2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: GE Capital Retail Bank (Claim No. 5) To GE Capital Retail Bank To GE Capital Retail |

**Exhibit A, Page 14**

| | | |
|---|---|---|
| 10/03/2012 | | Bankc/o Recovery Management Systems Corp.25 SE 2nd Ave, Suite 1120Miami, FL 33131-1605 Filed by Creditor GE Capital Retail Bank c/o Recovery Management Systems Corp.. (Singh, Ramesh) (Entered: 10/03/2012) |
| 10/07/2012 | 45 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)44 Transfer of Claim filed by Creditor GE Capital Retail Bank c/o Recovery Management Systems Corp.) No. of Notices: 0. Notice Date 10/07/2012. (Admin.) (Entered: 10/07/2012) |
| 10/18/2012 | 46 (6 pgs) | Motion under Local Bankruptcy Rule 3015-1 (n) and (w) to modify plan or suspend plan payments Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara (Borowitz, Barry) (Entered: 10/18/2012) |
| 10/18/2012 | 47 (4 pgs) | Notice *of Modification to Modify Plan or Suspend Plan Payments* Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara (RE: related document(s) 46 Motion under Local Bankruptcy Rule 3015-1). (Borowitz, Barry) (Entered: 10/18/2012) |
| 11/07/2012 | 48 (31 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: 2004 FORD EXPLORER; VIN: 1FMZU63E94ZA93068 . Fee Amount $176, Filed by Creditor Ford Motor Credit Company, LLC (Attachments: # 1 Exhibit) (Ith, Sheryl) (Entered: 11/07/2012) |
| 11/07/2012 | | Receipt of Motion for Relief from Stay - Personal Property(2:11-bk-47312-VZ) [motion,nmpp] ( 176.00) Filing Fee. Receipt number 30082992. Fee amount 176.00. (U.S. Treasury) (Entered: 11/07/2012) |
| 11/08/2012 | 49 | Hearing Set (RE: related document(s)48 Motion for Relief from Stay - Personal Property filed by Creditor Ford Motor Credit Company, LLC) The Hearing date is set for 12/4/2012 at 09:30 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Johnson, Tina R.) (Entered: 11/08/2012) |
| | 50 | Opposition to (related document(s): 48 Hearing (Bk |

**Exhibit A, Page 15**

| | | |
|---|---|---|
| 11/26/2012 | (4 pgs) | Motion) Set) *to Ford Motor Credit Company, LLC* Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara (Borowitz, Barry) Modified on 11/26/2012 (Le, James). (Entered: 11/26/2012) |
| 11/29/2012 | 51 (6 pgs) | Order Granting Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF) (Related Doc # 48 ) Signed on 11/29/2012 (Le, James) (Entered: 11/29/2012) |
| 12/01/2012 | 52 (8 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)51 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)) No. of Notices: 3. Notice Date 12/01/2012. (Admin.) (Entered: 12/01/2012) |
| 12/08/2012 | 53 (3 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Equable Ascent Financial, LLC (Claim No. 14) To Granite Recovery LLC To Granite Recovery LLCc/o Recovery Management Systems Corp25 SE 2nd Avenue Suite 1120Miami, FL 33131-1605 Filed by Creditor Courtesy NEF. (Singh, Ramesh) (Entered: 12/08/2012) |
| 12/12/2012 | 54 (3 pgs) | Notice of Change of Address *of Creditor* Filed by Debtor Richard Victor Lara, Joint Debtor Virginia Lara. (Borowitz, Barry) (Entered: 12/12/2012) |
| 12/14/2012 | 55 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)53 Transfer of Claim filed by Creditor Courtesy NEF) No. of Notices: 0. Notice Date 12/14/2012. (Admin.) (Entered: 12/20/2012) |
| 12/24/2012 | 56 (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Granite Recovery LLC (Claim No. 14) To Midland Funding LLC To Midland Funding LLCby American InfoSource LP as agentPO Box 4457Houston, TX 77210-4457 Filed by Creditor Midland Funding LLC by American InfoSource LP as agent. (Walls, Lovetta) (Entered: 12/24/2012) |
| 01/15/2013 | 57 (29 pgs; 2 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: 2006 FORD E-250; VIN 1FTNE24L46HA86978 . Fee Amount $176, Filed by Creditor Ford Motor Credit Company, LLC (Attachments: # 1 Exhibit) (Ith, Sheryl) (Entered: 01/15/2013) |

**Exhibit A, Page 16**

| | | |
|---|---|---|
| 01/15/2013 | | Receipt of Motion for Relief from Stay - Personal Property(2:11-bk-47312-VZ) [motion,nmpp] ( 176.00) Filing Fee. Receipt number 31134529. Fee amount 176.00. (U.S. Treasury) (Entered: 01/15/2013) |
| 01/16/2013 | 58 | Hearing Set (RE: related document(s)57 Motion for Relief from Stay - Personal Property filed by Creditor Ford Motor Credit Company, LLC) The Hearing date is set for 2/19/2013 at 09:30 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Johnson, Tina R.) (Entered: 01/16/2013) |
| 01/17/2013 | 59 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)56 Transfer of Claim filed by Creditor Midland Funding LLC by American InfoSource LP as agent) No. of Notices: 0. Notice Date 01/17/2013. (Admin.) (Entered: 01/17/2013) |
| 02/05/2013 | 60 (3 pgs) | Stipulation By Ford Motor Credit Company, LLC and *Debtors for Adequate Protection re Section 362 Stay* Filed by Creditor Ford Motor Credit Company, LLC (Ith, Sheryl) (Entered: 02/05/2013) |
| 02/05/2013 | 61 (7 pgs) | Notice of lodgment *of Order on Motion for Relief* Filed by Creditor Ford Motor Credit Company, LLC (RE: related document(s)57 Notice of motion and motion for relief from the automatic stay with supporting declarations PERSONAL PROPERTY RE: 2006 FORD E-250; VIN 1FTNE24L46HA86978 . Fee Amount $176,). (Ith, Sheryl) (Entered: 02/05/2013) |
| 02/13/2013 | 62 (5 pgs) | Order Granting Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF) (Related Doc # 57 ) Signed on 2/13/2013 (Le, James) (Entered: 02/13/2013) |
| 02/15/2013 | 63 (7 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)62 Motion for relief from the automatic stay PERSONAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 02/15/2013. (Admin.) (Entered: 02/15/2013) |
| | 64 (56 pgs; 3 docs) | Notice of motion and motion for relief from the automatic stay with supporting declarations REAL PROPERTY RE: 13908 Joycedale Street, La Puente, |

**Exhibit A, Page 17**

| | | |
|---|---|---|
| 04/05/2013 | | CA 91746 . Fee Amount $176, Filed by Creditor JPMorgan Chase Bank, National Association, its assignees and/or successors (Attachments: # 1 Supplement Declaration# 2 Exhibit) (Jafarnia, Mehrdaud) (Entered: 04/05/2013) |
| 04/05/2013 | | Receipt of Motion for Relief from Stay - Real Property(2:11-bk-47312-VZ) [motion,nmrp] ( 176.00) Filing Fee. Receipt number 32405009. Fee amount 176.00. (U.S. Treasury) (Entered: 04/05/2013) |
| 04/08/2013 | 65 | Hearing Set (RE: related document(s)64 Motion for Relief from Stay - Real Property filed by Creditor JPMorgan Chase Bank, National Association, its assignees and/or successors) The Hearing date is set for 5/7/2013 at 09:30 AM at Crtrm 1368, 255 E Temple St., Los Angeles, CA 90012. The case judge is Vincent P. Zurzolo (Johnson, Tina R.) (Entered: 04/08/2013) |
| 04/21/2013 | 66 (2 pgs; 2 docs) | Transfer of Claim - No Fee Transfer Agreement 3001 (e) 2 Transferor: Verizon (Claim No. 15) To Midland Funding LLC To Midland Funding LLCby American InfoSource LP as agentAttn: Department 1PO Box 4457Houston, TX 77210-4457 Filed by Creditor Midland Funding LLC by American InfoSource LP as agent. (Walls, Lovetta) (Entered: 04/21/2013) |
| 04/21/2013 | 67 (2 pgs; 2 docs) | Transfer of Claim - No Fee Transfer Agreement 3001 (e) 2 Transferor: Verizon Wireless (Claim No. 16) To Midland Funding LLC To Midland Funding LLCby American InfoSource LP as agentAttn: Department 1PO Box 4457Houston, TX 77210-4457 Filed by Creditor Midland Funding LLC by American InfoSource LP as agent. (Walls, Lovetta) (Entered: 04/21/2013) |
| 04/25/2013 | 68 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)66 Transfer of Claim filed by Creditor Midland Funding LLC by American InfoSource LP as agent) No. of Notices: 1. Notice Date 04/25/2013. (Admin.) (Entered: 04/25/2013) |
| | 69 (3 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)67 Transfer of Claim filed by Creditor Midland Funding LLC by American |

**Exhibit A, Page 18**

| | | |
|---|---|---|
| 04/25/2013 | | InfoSource LP as agent) No. of Notices: 1. Notice Date 04/25/2013. (Admin.) (Entered: 04/25/2013) |
| 05/20/2013 | 70 (3 pgs) | Order Granting Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF) (Related Doc # 64 ) Signed on 5/20/2013 (Le, James) (Entered: 05/20/2013) |
| 05/22/2013 | 71 (5 pgs) | BNC Certificate of Notice - PDF Document. (RE: related document(s)70 Motion for relief from the automatic stay REAL PROPERTY (BNC-PDF)) No. of Notices: 1. Notice Date 05/22/2013. (Admin.) (Entered: 05/23/2013) |
| 08/23/2013 | 72 (3 pgs) | Notice *Notice of Change of Creditor's Address* Filed by Trustee Nancy K Curry (TR). (Curry (TR), Nancy) (Entered: 08/23/2013) |
| 03/03/2014 | 73 (2 pgs; 2 docs) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Zenith Acquisition Corp (Claim No. 3) To LVNV Funding LLC Fee Amount $25 To LVNV Funding LLC c/o Resurgent Capital Services PO Box 10587 Greenville, SC 29603-0587 Filed by Creditor LVNV Funding LLC. (Gaines, Susan) (Entered: 03/03/2014) |
| 03/03/2014 | 74 (1 pg) | Transfer of Claim Transfer Agreement 3001 (e) 2 Transferor: Zenith Acquisition Corp (Claim No. 4) To LVNV Funding LLC Fee Amount $25 To LVNV Funding LLC Filed by Creditor LVNV Funding LLC. (Gaines, Susan) CORRECTION: Incorrect claim number. Attorney to refile document to reflect correct pdf. Modified on 3/7/2014 (Mercene, Bernardita T.). (Entered: 03/03/2014) |
| 03/03/2014 | | Receipt of Transfer of Claim (Fee)(2:11-bk-47312-VZ) [claims,trclm] ( 25.00) Filing Fee. Receipt number 36259804. Fee amount 25.00. (re: Doc# 73) (U.S. Treasury) (Entered: 03/03/2014) |
| 03/03/2014 | | Receipt of Transfer of Claim (Fee)(2:11-bk-47312-VZ) [claims,trclm] ( 25.00) Filing Fee. Receipt number 36259804. Fee amount 25.00. (re: Doc# 74) (U.S. Treasury) (Entered: 03/03/2014) |
| | 75 (2 pgs) | BNC Certificate of Notice - Transfer of Claim (RE: related document(s)73 Transfer of Claim (Fee) filed by Creditor LVNV Funding LLC) No. of Notices: 0. |

**Exhibit A, Page 19**

CM/ECF - U.S. Bankruptcy Court (v5.1 - LIVE)                                    Page 12 of 12

| 03/06/2014 | | Notice Date 03/06/2014. (Admin.) (Entered: 03/06/2014) |
|---|---|---|
| 03/07/2014 | 76 | Notice to Filer of Error and/or Deficient Document **Incorrect PDF was attached to the docket entry. Incorrect claim number. THE FILER IS INSTRUCTED TO RE-FILE THE DOCUMENT WITH THE CORRECT PDF IMMEDIATELY.** (RE: related document(s)74 Transfer of Claim (Fee) filed by Creditor LVNV Funding LLC) (Mercene, Bernardita T.) (Entered: 03/07/2014) |

| PACER Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 05/12/2014 12:21:24 | | | |
| **PACER Login:** | ml1333 | **Client Code:** | 73918-039408-1125 |
| **Description:** | Docket Report | **Search Criteria:** | 2:11-bk-47312-VZ Fil or Ent: filed From: 2/11/2010 To: 5/12/2014 Doc From: 0 Doc To: 99999999 Term: included Format: html Page counts for documents: included |
| **Billable Pages:** | 7 | **Cost:** | 0.70 |

**Exhibit A, Page 20**

# EXHIBIT B

B1 (Official Form 1)(4/10)

| United States Bankruptcy Court<br>Central District of California | Voluntary Petition |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle):<br>**Lara, Richard Victor** | Name of Joint Debtor (Spouse) (Last, First, Middle):<br>**Lara, Virginia** |
|---|---|
| All Other Names used by the Debtor in the last 8 years<br>(include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years<br>(include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-7045** | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN) No./Complete EIN<br>(if more than one, state all)<br>**xxx-xx-6487** |
| Street Address of Debtor (No. and Street, City, and State):<br>**13908 East Joycedale Street**<br>**Valinda, CA**  ZIP Code **91746** | Street Address of Joint Debtor (No. and Street, City, and State):<br>**13908 East Joycedale Street**<br>**Valinda, CA**  ZIP Code **91746** |
| County of Residence or of the Principal Place of Business:<br>**Los Angeles** | County of Residence or of the Principal Place of Business:<br>**Los Angeles** |
| Mailing Address of Debtor (if different from street address):<br><br>ZIP Code | Mailing Address of Joint Debtor (if different from street address):<br><br>ZIP Code |
| Location of Principal Assets of Business Debtor<br>(if different from street address above): | |

| Type of Debtor<br>(Form of Organization)<br>(Check one box) | Nature of Business<br>(Check one box) | Chapter of Bankruptcy Code Under Which<br>the Petition is Filed (Check one box) | |
|---|---|---|---|
| ■ Individual (includes Joint Debtors)<br>*See Exhibit D on page 2 of this form.*<br>☐ Corporation (includes LLC and LLP)<br>☐ Partnership<br>☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business<br>☐ Single Asset Real Estate as defined in 11 U.S.C. § 101 (51B)<br>☐ Railroad<br>☐ Stockbroker<br>☐ Commodity Broker<br>☐ Clearing Bank<br>☐ Other | ☐ Chapter 7<br>☐ Chapter 9<br>☐ Chapter 11<br>☐ Chapter 12<br>■ Chapter 13 | ☐ Chapter 15 Petition for Recognition of a Foreign Main Proceeding<br>☐ Chapter 15 Petition for Recognition of a Foreign Nonmain Proceeding |

| | Tax-Exempt Entity<br>(Check box, if applicable)<br>☐ Debtor is a tax-exempt organization under Title 26 of the United States Code (the Internal Revenue Code). | Nature of Debts<br>(Check one box) | |
|---|---|---|---|
| | | ■ Debts are primarily consumer debts, defined in 11 U.S.C. § 101(8) as "incurred by an individual primarily for a personal, family, or household purpose." | ☐ Debts are primarily business debts. |

| Filing Fee (Check one box) | Chapter 11 Debtors | |
|---|---|---|
| ■ Full Filing Fee attached<br><br>☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A.<br><br>☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | Check one box:<br>☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D).<br>☐ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D).<br>Check if:<br>☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 *(amount subject to adjustment on 4/01/13 and every three years thereafter).*<br>Check all applicable boxes:<br>☐ A plan is being filed with this petition.<br>☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). | |

| Statistical/Administrative Information | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors.<br>■ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| 1-49 | 50-99 | 100-199 | 200-999 | 1,000-5,000 | 5,001-10,000 | 10,001-25,000 | 25,001-50,000 | 50,001-100,000 | OVER 100,000 |

Estimated Assets

| ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

Estimated Liabilities

| ☐ | ☐ | ☐ | ■ | ☐ | ☐ | ☐ | ☐ | ☐ | ☐ |
|---|---|---|---|---|---|---|---|---|---|
| $0 to $50,000 | $50,001 to $100,000 | $100,001 to $500,000 | $500,001 to $1 million | $1,000,001 to $10 million | $10,000,001 to $50 million | $50,000,001 to $100 million | $100,000,001 to $500 million | $500,000,001 to $1 billion | More than $1 billion |

**Exhibit B, Page 21**

| **Voluntary Petition** | Name of Debtor(s): |
|---|---|
| *(This page must be completed and filed in every case)* | **Lara, Richard Victor**<br>**Lara, Virginia** |

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet) | | |
|---|---|---|
| Location<br>Where Filed:  **- None -** | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet) | | |
|---|---|---|
| Name of Debtor:<br>**- None -** | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

| **Exhibit A** | **Exhibit B** |
|---|---|
| (To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.) | (To be completed if debtor is an individual whose debts are primarily consumer debts.)<br><br>I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I delivered to the debtor the notice required by 11 U.S.C. §342(b). |
| ☐ Exhibit A is attached and made a part of this petition. | **X** **/s/ Barry E. Borowitz**                         **August 31, 2011**<br>Signature of Attorney for Debtor(s)                    (Date)<br>**Barry E. Borowitz 167418** |

| **Exhibit C** |
|---|
| Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?<br><br>☐ Yes, and Exhibit C is attached and made a part of this petition.<br><br>■ No. |

| **Exhibit D** |
|---|
| (To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)<br><br>■ Exhibit D completed and signed by the debtor is attached and made a part of this petition.<br><br>If this is a joint petition:<br><br>■ Exhibit D also completed and signed by the joint debtor is attached and made a part of this petition. |

| **Information Regarding the Debtor - Venue**<br>(Check any applicable box) |
|---|
| ■      Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.<br><br>☐      There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.<br><br>☐      Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District. |

| **Certification by a Debtor Who Resides as a Tenant of Residential Property**<br>(Check all applicable boxes) |
|---|
| ☐      Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)<br><br>_____<br>(Name of landlord that obtained judgment)<br><br><br>_____<br>(Address of landlord)<br><br>☐      Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and<br><br>☐      Debtor has included in this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.<br><br>☐      Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)). |

| **B1 (Official Form 1)(4/10)** | Page 3 |
|---|---|

## Voluntary Petition

*(This page must be completed and filed in every case)*

Name of Debtor(s):
**Lara, Richard Victor**
**Lara, Virginia**

### Signatures

#### Signature(s) of Debtor(s) (Individual/Joint)

I declare under penalty of perjury that the information provided in this petition is true and correct.
[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7. [If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. §342(b).

I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X /s/ Richard Victor Lara**
Signature of Debtor **Richard Victor Lara**

**X /s/ Virginia Lara**
Signature of Joint Debtor **Virginia Lara**

Telephone Number (If not represented by attorney)

**August 31, 2011**
Date

#### Signature of a Foreign Representative

I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.

(Check only one box.)

☐ I request relief in accordance with chapter 15 of title 11. United States Code. Certified copies of the documents required by 11 U.S.C. §1515 are attached.

☐ Pursuant to 11 U.S.C. §1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.

**X** _____
Signature of Foreign Representative

_____
Printed Name of Foreign Representative

_____
Date

#### Signature of Attorney*

**X /s/ Barry E. Borowitz**
Signature of Attorney for Debtor(s)

**Barry E. Borowitz 167418**
Printed Name of Attorney for Debtor(s)

**Borowitz & Clark, LLP**
Firm Name

**100 N. Barranca Avenue, Suite 250**
**West Covina, CA 91791-1600**

_____
Address

**Email: ecf@blclaw.com**
**(626) 332-8600  Fax: (626) 332-8644**
Telephone Number

**August 31, 2011                    167418**
Date

*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect.

#### Signature of Non-Attorney Bankruptcy Petition Preparer

I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.

_____
Printed Name and title, if any, of Bankruptcy Petition Preparer

_____
Social-Security number (If the bankrupcy petition preparer is not an individual, state the Social Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.)(Required by 11 U.S.C. § 110.)

_____
Address

**X** _____

_____
Date

Signature of Bankruptcy Petition Preparer or officer, principal, responsible person,or partner whose Social Security number is provided above.

Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual:

If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.

*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both 11 U.S.C. §110; 18 U.S.C. §156.*

#### Signature of Debtor (Corporation/Partnership)

I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

**X** _____
Signature of Authorized Individual

_____
Printed Name of Authorized Individual

_____
Title of Authorized Individual

_____
Date

**Exhibit B, Page 23**

| Attorney or Party Name, Address, Telephone & FAX Numbers, and California State Bar Number | FOR COURT USE ONLY |
|---|---|
| **Barry E. Borowitz**<br>**Borowitz & Clark, LLP**<br>**100 N. Barranca Avenue, Suite 250**<br>**West Covina, CA 91791-1600**<br>**(626) 332-8600 Fax: (626) 332-8644**<br>**167418**<br>☐ Attorney for: | |

|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**CENTRAL DISTRICT OF CALIFORNIA** | |

| In re:<br><br>**Richard Victor Lara**<br>**Virginia Lara**<br><br>Debtor(s). | CASE NO.:<br>CHAPTER: **13**<br>ADV. NO.: |
|---|---|

## ELECTRONIC FILING DECLARATION
### (INDIVIDUAL)

## PART I - DECLARATION OF DEBTOR(S) OR OTHER PARTY

☒ Petition, statement of affairs, schedules or lists      Date Filed: _____
☐ Amendments to the petition, statement of affairs, schedules or lists    Date Filed: _____
☐ Other: _____      Date Filed: _____

I (We), the undersigned Debtor(s) or other party on whose behalf the above-referenced document is being filed (Signing Party), hereby declare under penalty of perjury that: (1) I have read and understand the above-referenced document being filed electronically (Filed Document); (2) the information provided in the Filed Document is true, correct and complete; (3) the "/s/," followed by my name, on the signature line(s) for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature line(s); (4) I have actually signed a true and correct hard copy of the Filed Document in such places and provided the executed hard copy of the Filed Document to my attorney; and (5) I have authorized my attorney to file the electronic version of the Filed Document and this *Declaration* with the United States Bankruptcy Court for the Central District of California. If the Filed Document is a petition, I further declare under penalty of perjury that I have completed and signed a *Statement of Social Security Number(s)* (Form B21) and provided the executed original to my attorney.

_____
Signature of Signing Party
**Richard Victor Lara**
Printed Name of Signing Party

_____  Date  8 | 31 | 11
Signature of Joint Debtor
**Virginia Lara**
Printed Name of Joint Debtor  Date  8 | 31 | 11

## PART II - DECLARATION OF ATTORNEY FOR SIGNING PARTY

I, the undersigned Attorney for the Signing Party, hereby declare under penalty of perjury that: (1) the "/s/," followed by my name, on the signature lines for the Attorney for the Signing Party in the Filed Document serves as my signature and denotes the making of such declarations, requests, statements, verifications and certifications to the same extent and effect as my actual signature on such signature lines; (2) the Signing Party signed the *Declaration of Debtor(s)* or *Other Party* before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (3) I have actually signed a true and correct hard copy of the Filed Document in the locations that are indicated by "/s/," followed by my name, and have obtained the signature(s) of the Signing Party in the locations that are indicated by "/s/," followed by the Signing Party's name, on the true and correct hard copy of the Filed Document; (4) I shall maintain the executed originals of this *Declaration*, the *Declaration of Debtor(s)* or *Other Party*, and the Filed Document for a period of five years after the closing of the case in which they are filed; and (5) I shall make the executed originals of this *Declaration*, the *Declaration of Debtor(s)* or *Other Party*, and the Filed Document available for review upon request of the Court or other parties. If the Filed Document is a petition, I further declare under penalty of perjury that: (1) the Signing Party completed and signed the *Statement of Social Security Number(s)* (Form B21) before I electronically submitted the Filed Document for filing with the United States Bankruptcy Court for the Central District of California; (2) I shall maintain the executed original of the *Statement of Social Security Number(s)* (Form B21) for a period of five years after the closing of the case in which they are filed; and (3) I shall make the executed original of the *Statement of Social Security Number(s)* (Form B21) available for review upon request of the Court.

_____  Date  8 | 31 | 11
Signature of Attorney for Signing Party
**Barry E. Borowitz 167418**
Printed Name of Attorney for Signing Party

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

**Exhibit B, Page 24**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Central District of California

In re  **Richard Victor Lara**
**Virginia Lara**
_____  Case No. _____

Debtor(s)  Chapter  **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

_Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed._

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. _Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency._

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. _You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed._

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. _[Summarize exigent circumstances here.]_ ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**Exhibit B, Page 25**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:  **/s/ Richard Victor Lara**
**Richard Victor Lara**

Date:  **August 31, 2011**

**Exhibit B, Page 26**

B 1D (Official Form 1, Exhibit D) (12/09)

# United States Bankruptcy Court
## Central District of California

In re    **Richard Victor Lara**
        **Virginia Lara**

Debtor(s)

Case No. _____

Chapter    **13**

## EXHIBIT D - INDIVIDUAL DEBTOR'S STATEMENT OF COMPLIANCE WITH CREDIT COUNSELING REQUIREMENT

**Warning: You must be able to check truthfully one of the five statements regarding credit counseling listed below. If you cannot do so, you are not eligible to file a bankruptcy case, and the court can dismiss any case you do file. If that happens, you will lose whatever filing fee you paid, and your creditors will be able to resume collection activities against you. If your case is dismissed and you file another bankruptcy case later, you may be required to pay a second filing fee and you may have to take extra steps to stop creditors' collection activities.**

*Every individual debtor must file this Exhibit D. If a joint petition is filed, each spouse must complete and file a separate Exhibit D. Check one of the five statements below and attach any documents as directed.*

■ 1. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, and I have a certificate from the agency describing the services provided to me. *Attach a copy of the certificate and a copy of any debt repayment plan developed through the agency.*

☐ 2. Within the 180 days **before the filing of my bankruptcy case**, I received a briefing from a credit counseling agency approved by the United States trustee or bankruptcy administrator that outlined the opportunities for available credit counseling and assisted me in performing a related budget analysis, but I do not have a certificate from the agency describing the services provided to me. *You must file a copy of a certificate from the agency describing the services provided to you and a copy of any debt repayment plan developed through the agency no later than 14 days after your bankruptcy case is filed.*

☐ 3. I certify that I requested credit counseling services from an approved agency but was unable to obtain the services during the seven days from the time I made my request, and the following exigent circumstances merit a temporary waiver of the credit counseling requirement so I can file my bankruptcy case now. *[Summarize exigent circumstances here.]* ____

**If your certification is satisfactory to the court, you must still obtain the credit counseling briefing within the first 30 days after you file your bankruptcy petition and promptly file a certificate from the agency that provided the counseling, together with a copy of any debt management plan developed through the agency. Failure to fulfill these requirements may result in dismissal of your case. Any extension of the 30-day deadline can be granted only for cause and is limited to a maximum of 15 days. Your case may also be dismissed if the court is not satisfied with your reasons for filing your bankruptcy case without first receiving a credit counseling briefing.**

**Exhibit B, Page 27**

☐ 4. I am not required to receive a credit counseling briefing because of: *[Check the applicable statement.] [Must be accompanied by a motion for determination by the court.]*

      ☐ Incapacity. (Defined in 11 U.S.C. § 109(h)(4) as impaired by reason of mental illness or mental deficiency so as to be incapable of realizing and making rational decisions with respect to financial responsibilities.);

      ☐ Disability. (Defined in 11 U.S.C. § 109(h)(4) as physically impaired to the extent of being unable, after reasonable effort, to participate in a credit counseling briefing in person, by telephone, or through the Internet.);

      ☐ Active military duty in a military combat zone.

☐ 5. The United States trustee or bankruptcy administrator has determined that the credit counseling requirement of 11 U.S.C. § 109(h) does not apply in this district.

**I certify under penalty of perjury that the information provided above is true and correct.**

Signature of Debtor:   **/s/ Virginia Lara**
                      **Virginia Lara**

Date:    **August 31, 2011**

**Exhibit B, Page 28**

# STATEMENT OF RELATED CASES
## INFORMATION REQUIRED BY LOCAL BANKRUPTCY RULE 1015-2
## UNITED STATES BANKRUPTCY COURT, CENTRAL DISTRICT OF CALIFORNIA

1.  A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, his/her spouse, his or her current or former domestic partner, an affiliate of the debtor, any copartnership or joint venture of which debtor is or formerly was a general or limited partner, or member, or any corporation of which the debtor is a director, officer, or person in control, as follows: (Set forth the complete number and title of each such of prior proceeding, date filed, nature thereof, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None.**

2.  (If petitioner is a partnership or joint venture) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor or an affiliate of the debtor, or a general partner in the debtor, a relative of the general partner, general partner of, or person in control of the debtor, partnership in which the debtor is a general partner, general partner of the debtor, or person in control of the debtor as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of the proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending and, if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None.**

3.  (If petitioner is a corporation) A petition under the Bankruptcy Act of 1898 or the Bankruptcy Reform Act of 1978 has previously been filed by or against the debtor, or any of its affiliates or subsidiaries, a director of the debtor, an officer of the debtor, a person in control of the debtor, a partnership in which the debtor is general partner, a general partner of the debtor, a relative of the general partner, director, officer, or person in control of the debtor, or any persons, firms or corporations owning 20% or more of its voting stock as follows: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None.**

4.  (If petitioner is an individual) A petition under the Bankruptcy Reform Act of 1978, including amendments thereof, has been filed by or against the debtor within the last 180 days: (Set forth the complete number and title of each such prior proceeding, date filed, nature of proceeding, the Bankruptcy Judge and court to whom assigned, whether still pending, and if not, the disposition thereof.  If none, so indicate. Also, list any real property included in Schedule A that was filed with any such prior proceeding(s).)

    **None.**

I declare, under penalty of perjury, that the foregoing is true and correct.

Executed at  **West Covina**                    , California.

Dated  **August 31, 2011**

/s/ Richard Victor Lara
**Richard Victor Lara**
*Debtor*

/s/ Virginia Lara
**Virginia Lara**
*Joint Debtor*

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

January 2009

**Exhibit B, Page 29** F 1015-2.1

| Name: | **Barry E. Borowitz 167418** | | |
|---|---|---|---|
| Address: | **100 N. Barranca Avenue, Suite 250** | | |
| | **West Covina, CA 91791-1600** | | |
| Telephone: | **(626) 332-8600** | Fax: | **(626) 332-8644** |

■ Attorney for Debtor
☐ Debtor in Pro Per

<table>
<tr><td colspan="2" align="center"><strong>UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA</strong></td></tr>
<tr><td>List all names including trade names, used by Debtor(s) within last 8 years:<br><br><strong>Richard Victor Lara<br>Virginia Lara</strong></td><td>Case No.:</td></tr>
<tr><td></td><td align="center"><strong>NOTICE OF AVAILABLE CHAPTERS</strong><br><br><small>(Notice to Individual Consumer Debtor Under § 342(b) of the Bankruptcy Code)</small></td></tr>
</table>

In accordance with § 342(b) of the Bankruptcy Code, this notice to individuals with primarily consumer debts: (1) Describes briefly the services available from credit counseling services; (2) Describes briefly the purposes, benefits and costs of the four types of bankruptcy proceedings you may commence; and (3) Informs you about bankruptcy crimes and notifies you that the Attorney General may examine all information you supply in connection with a bankruptcy case.

You are cautioned that bankruptcy law is complicated and not easily described. Thus, you may wish to seek the advice of an attorney to learn of your rights and responsibilities should you decide to file a petition. Court employees cannot give you legal advice.

Notices from the bankruptcy court are sent to the mailing address you list on your bankruptcy petition. In order to ensure that you receive information about events concerning your case, Bankruptcy Rule 4002 requires that you notify the court of any changes in your address. If you are filing a **joint case** (a single bankruptcy case for two individuals married to each other), and each spouse lists the same mailing address on the bankruptcy petition, you and your spouse will generally receive a single copy of each notice mailed from the bankruptcy court in a jointly-addressed envelope, unless you file a statement with the court requesting that each spouse receive a separate copy of all notices.

1.   **Services Available from Credit Counseling Agencies**

     **With limited exceptions, § 109(h) of the Bankruptcy Code requires that all individual debtors who file for bankruptcy relief on or after October 17, 2005, receive a briefing that outlines the available opportunities for credit counseling and provides assistance in performing a budget analysis.** The briefing must be given within 180 days **before** the bankruptcy filing. The briefing may be provided individually or in a group (including briefings conducted by telephone or on the Internet) and must be provided by a nonprofit budget and credit counseling agency approved by the United States trustee or bankruptcy administrator. The clerk of the bankruptcy court has a list that you may consult of the approved budget and credit counseling agencies.  Each debtor in a joint case must complete the briefing.

     **In addition, after filing a bankruptcy case, an individual debtor generally must complete a financial management instructional course before he or she can receive a discharge.** The clerk also has a list of approved financial management instructional courses.  Each debtor in a joint case must complete the course.

2.   **The Four Chapters of the Bankruptcy Code Available to Individual Consumer Debtors**

     **Chapter 7: Liquidation ($245 filing fee, $39 administrative fee, $15 trustee surcharge: Total Fee $299)**

     1.   Chapter 7 is designed for debtors in financial difficulty who do not have the ability to pay their existing debts. Debtors whose primarily consumer debts are subject to a "means test" designed to determine whether the case should be permitted to proceed under chapter 7. If your income is greater than the median income for your state of residence and family size, in some cases, creditors have the right to file a motion requesting that the court dismiss your case under § 707(b) of the Code. It is up to the court to decide whether the case should be dismissed.
     2.   Under chapter 7, you may claim certain of your property as exempt under governing law. A trustee may have the right to take possession of and sell the remaining property that is not exempt and use the sale proceeds to pay your creditors.
     3.   The purpose of filing a chapter 7 case is to obtain a discharge of your existing debts. If, however, you are found to have committed certain kinds of improper conduct described in the Bankruptcy Code, the court may deny your discharge and, if it does, the purpose for which you filed the bankruptcy petition will be defeated.

4.  Even if you receive a general discharge, some particular debts are not discharged under the law. Therefore, you may still be responsible for most taxes and student loans; debts incurred to pay nondischargeable taxes; domestic support and property settlement obligations; most fines, penalties, forfeitures, and criminal restitution obligations; certain debts which are not properly listed in your bankruptcy papers; and debts for death or personal injury caused by operating a motor vehicle, vessel, or aircraft while intoxicated from alcohol or drugs. Also, if a creditor can prove that a debt arose from fraud, breach of fiduciary duty, or theft, or from a willful and malicious injury, the bankruptcy court may determine that the debt is not discharged.

### Chapter 13: Repayment of All or Part of the Debts of an Individual with Regular Income ($235 filing fee, $39 administrative fee: Total fee $274)

1.  Chapter 13 is designed for individuals with regular income who would like to pay all or part of their debts in installments over a period of time. You are only eligible for chapter 13 if your debts do not exceed certain dollar amounts set forth in the Bankruptcy Code.

2.  Under chapter 13, you must file with the court a plan to repay your creditors all or part of the money that you owe them, using your future earnings. The period allowed by the court to repay your debts may be three years or five years, depending upon your income and other factors. The court must approve your plan before it can take effect.

3.  After completing the payments under your plan, your debts are generally discharged except for domestic support obligations; most student loans; certain taxes; most criminal fines and restitution obligations; certain debts which are not properly listed in your bankruptcy papers; certain debts for acts that caused death or personal injury; and certain long term secured obligations.

### Chapter 11: Reorganization ($1000 filing fee, $39 administrative fee: Total fee $1039)

Chapter 11 is designed for the reorganization of a business but is also available to consumer debtors. Its provisions are quite complicated, and any decision by an individual to file a chapter 11 petition should be reviewed with an attorney.

### Chapter 12: Family Farmer or Fisherman ($200 filing fee, $39 administrative fee: Total fee $239)

Chapter 12 is designed to permit family farmers and fishermen to repay their debts over a period of time from future earnings and is similar to chapter 13. The eligibility requirements are restrictive, limiting its use to those whose income arises primarily from a family-owned farm or commercial fishing operation.

3.  **Bankruptcy Crimes and Availability of Bankruptcy Papers to Law Enforcement Officials**

A person who knowingly and fraudulently conceals assets or makes a false oath or statement under penalty of perjury, either orally or in writing, in connection with a bankruptcy case is subject to a fine, imprisonment, or both. All information supplied by a debtor in connection with a bankruptcy case is subject to examination by the Attorney General acting through the Office of the United States Trustee, the Office of the United States Attorney, and other components and employees of the Department of Justice.

**WARNING:** Section 521(a)(1) of the Bankruptcy Code requires that you promptly file detailed information regarding your creditors, assets, liabilities, income, expenses and general financial condition. Your bankruptcy case may be dismissed if this information is not filed with the court within the time deadlines set by the Bankruptcy Code, the Bankruptcy Rules, and the local rules of the court.

### Certificate of the Debtor

I (We), the debtor(s), affirm that I (we) have received and read this notice.

| | |
|---|---|
| **Richard Victor Lara**<br>**Virginia Lara** | X **/s/ Richard Victor Lara**           **August 31, 2011** |
| Printed Name of Debtor | Signature of Debtor            Date |
| | |
| Case No. (if known) _____ | X **/s/ Virginia Lara**           **August 31, 2011** |
| | Signature of Joint Debtor (if any)     Date |

B6 Summary (Official Form 6 - Summary) (12/07)

.

# United States Bankruptcy Court
## Central District of California

In re    **Richard Victor Lara,**
       **Virginia Lara**

Case No. _____

_____,

Debtors

Chapter _____**13**_____

# SUMMARY OF SCHEDULES

Indicate as to each schedule whether that schedule is attached and state the number of pages in each. Report the totals from Schedules A, B, D, E, F, I, and J in the boxes provided. Add the amounts from Schedules A and B to determine the total amount of the debtor's assets. Add the amounts of all claims from Schedules D, E, and F to determine the total amount of the debtor's liabilities. Individual debtors must also complete the "Statistical Summary of Certain Liabilities and Related Data" if they file a case under chapter 7, 11, or 13.

| NAME OF SCHEDULE | ATTACHED (YES/NO) | NO. OF SHEETS | ASSETS | LIABILITIES | OTHER |
|---|---|---|---|---|---|
| A - Real Property | Yes | 1 | 258,000.00 | | |
| B - Personal Property | Yes | 4 | 23,176.00 | | |
| C - Property Claimed as Exempt | Yes | 1 | | | |
| D - Creditors Holding Secured Claims | Yes | 3 | | 550,242.00 | |
| E - Creditors Holding Unsecured Priority Claims (Total of Claims on Schedule E) | Yes | 2 | | 1,750.00 | |
| F - Creditors Holding Unsecured Nonpriority Claims | Yes | 9 | | 71,248.00 | |
| G - Executory Contracts and Unexpired Leases | Yes | 1 | | | |
| H - Codebtors | Yes | 1 | | | |
| I - Current Income of Individual Debtor(s) | Yes | 2 | | | 2,847.79 |
| J - Current Expenditures of Individual Debtor(s) | Yes | 2 | | | 2,696.98 |
| Total Number of Sheets of ALL Schedules | | 26 | | | |
| Total Assets | | | 281,176.00 | | |
| Total Liabilities | | | | 623,240.00 | |

**Exhibit B, Page 32**

Form 6 - Statistical Summary (12/07)

.

# United States Bankruptcy Court
## Central District of California

In re    **Richard Victor Lara,**
     **Virginia Lara,**

Case No. _____

_____,     Chapter _____**13**_____
                              Debtors

## STATISTICAL SUMMARY OF CERTAIN LIABILITIES AND RELATED DATA (28 U.S.C. § 159)

If you are an individual debtor whose debts are primarily consumer debts, as defined in § 101(8) of the Bankruptcy Code (11 U.S.C.§ 101(8)), filing a case under chapter 7, 11 or 13, you must report all information requested below.

☐ Check this box if you are an individual debtor whose debts are NOT primarily consumer debts. You are not required to report any information here.

**This information is for statistical purposes only under 28 U.S.C. § 159.**

**Summarize the following types of liabilities, as reported in the Schedules, and total them.**

| Type of Liability | Amount |
|---|---|
| Domestic Support Obligations (from Schedule E) | 0.00 |
| Taxes and Certain Other Debts Owed to Governmental Units (from Schedule E) | 1,750.00 |
| Claims for Death or Personal Injury While Debtor Was Intoxicated (from Schedule E) (whether disputed or undisputed) | 0.00 |
| Student Loan Obligations (from Schedule F) | 34,814.00 |
| Domestic Support, Separation Agreement, and Divorce Decree Obligations Not Reported on Schedule E | 0.00 |
| Obligations to Pension or Profit-Sharing, and Other Similar Obligations (from Schedule F) | 0.00 |
| TOTAL | 36,564.00 |

**State the following:**

| | |
|---|---|
| Average Income (from Schedule I, Line 16) | 2,847.79 |
| Average Expenses (from Schedule J, Line 18) | 2,696.98 |
| Current Monthly Income (from Form 22A Line 12; OR, Form 22B Line 11; OR, Form 22C Line 20 ) | 4,485.66 |

**State the following:**

| | | |
|---|---|---|
| 1. Total from Schedule D, "UNSECURED PORTION, IF ANY" column | | 96,720.00 |
| 2. Total from Schedule E, "AMOUNT ENTITLED TO PRIORITY" column | 1,750.00 | |
| 3. Total from Schedule E, "AMOUNT NOT ENTITLED TO PRIORITY, IF ANY" column | | 0.00 |
| 4. Total from Schedule F | | 71,248.00 |
| 5. Total of non-priority unsecured debt (sum of 1, 3, and 4) | | 167,968.00 |

**Exhibit B, Page 33**

B6A (Official Form 6A) (12/07)

.

In re    **Richard Victor Lara,**                                    Case No. _____

         **Virginia Lara**

                                                                         ,
                                        Debtors

# SCHEDULE A - REAL PROPERTY

    Except as directed below, list all real property in which the debtor has any legal, equitable, or future interest, including all property owned as a cotenant, community property, or in which the debtor has a life estate. Include any property in which the debtor holds rights and powers exercisable for the debtor's own benefit. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor holds no interest in real property, write "None" under "Description and Location of Property."

    **Do not include interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

    If an entity claims to have a lien or hold a secured interest in any property, state the amount of the secured claim. See Schedule D. If no entity claims to hold a secured interest in the property, write "None" in the column labeled "Amount of Secured Claim." If the debtor is an individual or if a joint petition is filed, state the amount of any exemption claimed in the property only in Schedule C - Property Claimed as Exempt.

| Description and Location of Property | Nature of Debtor's Interest in Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption | Amount of Secured Claim |
|---|---|:---:|---:|---:|
| **Residence:**<br>**13908 East Joycedale Street**<br>**Valinda, CA 91746**<br><br>**Debtor purchased property in 2000 for $155,000. Current market value is based upon comparable sales.** | **Fee Simple** | - | **258,000.00** | **537,040.00** |

|  |  |  |
|---|---:|---|
| Sub-Total > | **258,000.00** | (Total of this page) |
| Total > | **258,000.00** |  |

  **0**   continuation sheets attached to the Schedule of Real Property

(Report also on Summary of Schedules.)

**Exhibit B, Page 34**

B6B (Official Form 6B) (12/07)

.

In re **Richard Victor Lara,**           Case No. _____
        **Virginia Lara**

                                             ,
                           Debtors

# SCHEDULE B - PERSONAL PROPERTY

Except as directed below, list all personal property of the debtor of whatever kind. If the debtor has no property in one or more of the categories, place an "x" in the appropriate position in the column labeled "None." If additional space is needed in any category, attach a separate sheet properly identified with the case name, case number, and the number of the category. If the debtor is married, state whether husband, wife, both, or the marital community own the property by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the debtor is an individual or a joint petition is filed, state the amount of any exemptions claimed only in Schedule C - Property Claimed as Exempt.

**Do not list interests in executory contracts and unexpired leases on this schedule. List them in Schedule G - Executory Contracts and Unexpired Leases.**

If the property is being held for the debtor by someone else, state that person's name and address under "Description and Location of Property."
If the property is being held for a minor child, simply state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 1.   Cash on hand. | | **Cash on hand.** | - | 103.00 |
| 2.   Checking, savings or other financial accounts, certificates of deposit, or shares in banks, savings and loan, thrift, building and loan, and homestead associations, or credit unions, brokerage houses, or cooperatives. | | **Checking Account One West Bank Industry, CA** | J | 8.00 |
| | | **Checking Account One West Bank Industry, CA** | W | 40.00 |
| 3.   Security deposits with public utilities, telephone companies, landlords, and others. | X | | | |
| 4.   Household goods and furnishings, including audio, video, and computer equipment. | | **Miscellaneous furniture, household goods, appliances and electronics located at residence.** | - | 1,500.00 |
| 5.   Books, pictures and other art objects, antiques, stamp, coin, record, tape, compact disc, and other collections or collectibles. | X | | | |
| 6.   Wearing apparel. | | **Miscellaneous clothing and accessories located at residence.** | - | 100.00 |
| 7.   Furs and jewelry. | | **Miscellaneous jewelry located at residence.** | - | 50.00 |
| 8.   Firearms and sports, photographic, and other hobby equipment. | X | | | |
| 9.   Interests in insurance policies. Name insurance company of each policy and itemize surrender or refund value of each. | X | | | |
| 10.   Annuities. Itemize and name each issuer. | X | | | |

                                                               Sub-Total >      **1,801.00**
                                                (Total of this page)

___3___   continuation sheets attached to the Schedule of Personal Property

**Exhibit B, Page 35**

B6B (Official Form 6B) (12/07) - Cont.

In re    **Richard Victor Lara,**                        Case No. _____

           **Virginia Lara**

_____,
                                    Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 11. Interests in an education IRA as defined in 26 U.S.C. § 530(b)(1) or under a qualified State tuition plan as defined in 26 U.S.C. § 529(b)(1). Give particulars. (File separately the record(s) of any such interest(s). 11 U.S.C. § 521(c).) | X | | | |
| 12. Interests in IRA, ERISA, Keogh, or other pension or profit sharing plans. Give particulars. | X | | | |
| 13. Stock and interests in incorporated and unincorporated businesses. Itemize. | X | | | |
| 14. Interests in partnerships or joint ventures. Itemize. | X | | | |
| 15. Government and corporate bonds and other negotiable and nonnegotiable instruments. | X | | | |
| 16. Accounts receivable. | X | | | |
| 17. Alimony, maintenance, support, and property settlements to which the debtor is or may be entitled. Give particulars. | X | | | |
| 18. Other liquidated debts owed to debtor including tax refunds. Give particulars. | X | | | |
| 19. Equitable or future interests, life estates, and rights or powers exercisable for the benefit of the debtor other than those listed in Schedule A - Real Property. | X | | | |
| 20. Contingent and noncontingent interests in estate of a decedent, death benefit plan, life insurance policy, or trust. | X | | | |
| 21. Other contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims. Give estimated value of each. | X | | | |

                                              Sub-Total >         **0.00**
                                      (Total of this page)

Sheet   __1__   of   __3__   continuation sheets attached
to the Schedule of Personal Property                         **Exhibit B, Page 36**

B6B (Official Form 6B) (12/07) - Cont.

In re    **Richard Victor Lara,**                                    Case No. _____
         **Virginia Lara**
                                                          ,
                                    Debtors

## SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|:---:|---|:---:|---:|
| 22. Patents, copyrights, and other intellectual property. Give particulars. | X | | | |
| 23. Licenses, franchises, and other general intangibles. Give particulars. | X | | | |
| 24. Customer lists or other compilations containing personally identifiable information (as defined in 11 U.S.C. § 101(41A)) provided to the debtor by individuals in connection with obtaining a product or service from the debtor primarily for personal, family, or household purposes. | X | | | |
| 25. Automobiles, trucks, trailers, and other vehicles and accessories. | | **2006 Ford E250 -3/4 Cargo Van 60,088 Miles** | - | 10,650.00 |
| | | **2004 Ford Explorer XLT (2WD) 91,261 Miles** | - | 9,425.00 |
| | | **2009 Mongoose ATV Quad and 2009 Suzuki 125 Dirtbike** | - | 1,000.00 |
| | | **2009 Baja 70 Dirtbike** | - | 300.00 |
| 26. Boats, motors, and accessories. | X | | | |
| 27. Aircraft and accessories. | X | | | |
| 28. Office equipment, furnishings, and supplies. | X | | | |
| 29. Machinery, fixtures, equipment, and supplies used in business. | X | | | |
| 30. Inventory. | X | | | |
| 31. Animals. | X | | | |
| 32. Crops - growing or harvested. Give particulars. | X | | | |
| 33. Farming equipment and implements. | X | | | |
| 34. Farm supplies, chemicals, and feed. | X | | | |

Sub-Total >          21,375.00
(Total of this page)

Sheet __2__ of __3__ continuation sheets attached
to the Schedule of Personal Property

**Exhibit B, Page 37**

**B6B (Official Form 6B) (12/07) - Cont.**

In re     **Richard Victor Lara,**                     Case No. _____
          **Virginia Lara**

                                     Debtors

# SCHEDULE B - PERSONAL PROPERTY
### (Continuation Sheet)

| Type of Property | N O N E | Description and Location of Property | Husband, Wife, Joint, or Community | Current Value of Debtor's Interest in Property, without Deducting any Secured Claim or Exemption |
|---|---|---|---|---|
| 35. Other personal property of any kind not already listed. Itemize. | X | | | |

| | | |
|---|---|---|
| | Sub-Total > <br>(Total of this page) | **0.00** |
| | Total > | **23,176.00** |

                              **Exhibit B - Page 38**    (Report also on Summary of Schedules)

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B6C (Official Form 6C) (4/10)

In re **Richard Victor Lara,** Case No. _____
**Virginia Lara**

_____,
Debtors

# SCHEDULE C - PROPERTY CLAIMED AS EXEMPT

Debtor claims the exemptions to which debtor is entitled under:  ☐ Check if debtor claims a homestead exemption that exceeds
(Check one box)  $146,450. *(Amount subject to adjustment on 4/1/13, and every three years thereafter*
☐ 11 U.S.C. §522(b)(2)  *with respect to cases commenced on or after the date of adjustment.)*
■ 11 U.S.C. §522(b)(3)

| Description of Property | Specify Law Providing Each Exemption | Value of Claimed Exemption | Current Value of Property Without Deducting Exemption |
|---|---|---:|---:|
| **Real Property** | | | |
| **Residence:** | C.C.P. § 703.140(b)(5) | 15,808.00 | 258,000.00 |
| **13908 East Joycedale Street** | | | |
| **Valinda, CA 91746** | | | |
| | | | |
| Debtor purchased property in 2000 for $155,000. Current market value is based upon comparable sales. | | | |
| | | | |
| **Cash on Hand** | | | |
| **Cash on hand.** | C.C.P. § 703.140(b)(5) | 103.00 | 103.00 |
| | | | |
| **Checking, Savings, or Other Financial Accounts, Certificates of Deposit** | | | |
| **Checking Account** | C.C.P. § 703.140(b)(5) | 8.00 | 8.00 |
| **One West Bank** | | | |
| **Industry, CA** | | | |
| | | | |
| **Checking Account** | C.C.P. § 703.140(b)(5) | 40.00 | 40.00 |
| **One West Bank** | | | |
| **Industry, CA** | | | |
| | | | |
| **Household Goods and Furnishings** | | | |
| **Miscellaneous furniture, household goods, appliances and electronics located at residence.** | C.C.P. § 703.140(b)(3) | 1,500.00 | 1,500.00 |
| | | | |
| **Wearing Apparel** | | | |
| **Miscellaneous clothing and accessories located at residence.** | C.C.P. § 703.140(b)(3) | 100.00 | 100.00 |
| | | | |
| **Furs and Jewelry** | | | |
| **Miscellaneous jewelry located at residence.** | C.C.P. § 703.140(b)(4) | 50.00 | 50.00 |
| | | | |
| **Automobiles, Trucks, Trailers, and Other Vehicles** | | | |
| **2006 Ford E250 -3/4 Cargo Van** | C.C.P. § 703.140(b)(5) | 3,980.00 | 10,650.00 |
| **60,088 Miles** | | | |
| | | | |
| **2004 Ford Explorer XLT (2WD)** | C.C.P. § 703.140(b)(2) | 3,525.00 | 9,425.00 |
| **91,261 Miles** | C.C.P. § 703.140(b)(5) | 3,011.00 | |
| | | | |
| **2009 Baja 70 Dirtbike** | C.C.P. § 703.140(b)(5) | 300.00 | 300.00 |

Total:  **28,425.00**  **280,176.00**

**Exhibit B, Page 35**

**0** continuation sheets attached to Schedule of Property Claimed as Exempt

**B6D (Official Form 6D) (12/07)**

In re    **Richard Victor Lara,**                 Case No. _____

         **Virginia Lara**

_____,

Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS

     State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

     List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

     If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

     If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

     Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. xxxxxxxx5678 <br><br> **Chase** <br> **P.O. Box 1093** <br> **Northridge, CA 91328** | | - | | | **2007** <br><br> **First Deed of Trust** <br><br> **Residence:** <br> **13908 East Joycedale Street** <br> **Valinda, CA 91746** | | | | | |
| | | | | | Value $      **258,000.00** | | | | **442,963.00** | **0.00** |
| Account No. xxxxxxxxxxxxxxxx4944 <br><br> **Chase** <br> **P.O. Box 24696** <br> **Columbus, OH 43224** | | - | | | **2007** <br><br> **Second Deed of Trust** <br><br> **Residence:** <br> **13908 East Joycedale Street** <br> **Valinda, CA 91746** | | | | | |
| | | | | | Value $      **258,000.00** | | | | **85,907.00** | **85,907.00** |
| Account No. xxxx2306 <br><br> **Ford Motor Credit Corporation** <br> **P.O. Box 6275** <br> **Deerborn, MI 48121** | | - | | | **2006** <br><br> **Automobile Loan** <br><br> **2006 Ford E250 -3/4 Cargo Van** <br> **60,088 Miles** | | | | | |
| | | | | | Value $      **10,650.00** | | | | **6,670.00** | **0.00** |
| Account No. xxxx7861 <br><br> **Ford Motor Credit Corporation** <br> **P.O. Box 6275** <br> **Deerborn, MI 48121** | | - | | | **2008** <br><br> **Automobile Loan** <br><br> **2004 Ford Explorer XLT (2WD)** <br> **91,261 Miles** | | | | | |
| | | | | | Value $      **9,425.00** | | | | **2,889.00** | **0.00** |
|    **2**     continuation sheets attached | | | | | Subtotal <br> (Total of this page) | | | | **538,429.00** | **85,907.00** |

**Exhibit B, Page 40**

B6D (Official Form 6D) (12/07) - Cont.

In re    **Richard Victor Lara,**                              Case No. _____
        **Virginia Lara,**

                                       Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No.<br><br>**Ford Motor Credit**<br>P.O. Box 542000<br>Las Vegas, NV 89105 | | | | | **Representing:**<br>**Ford Motor Credit Corporation**<br><br>Value $ | | | | **Notice Only** | |
| Account No. xxxxxxxxxxxx4078<br><br>**Funancing**<br>P.O. Box 981439<br>El Paso, TX 79998 | | - | | | **2007**<br>**Automobile Loan**<br>**2009 Mongoose ATV Quad**<br>Value $        **1,000.00** | | | | **3,643.00** | **2,643.00** |
| Account No. xxxxxxxxxxxx4168<br><br>**HSBC**<br>**Attention: Bankruptcy Department**<br>P.O. Box 5253<br>Carol Stream, IL 60197 | | - | | | **2004**<br>**Judgment Lien**<br>**Residence:**<br>**13908 East Joycedale Street**<br>**Valinda, CA 91746**<br>Value $      **258,000.00** | | | | **8,170.00** | **8,170.00** |
| Account No.<br><br>**Sheriff's Department**<br>**Case #: 10C00304**<br>1427 West Covina Parkway<br>West Covina, CA 91790 | | | | | **Representing:**<br>**HSBC**<br><br>Value $ | | | | **Notice Only** | |
| Account No.<br><br>**Superior Court of California**<br>**Case #: 10C00304**<br>11234 East Valley Boulevard<br>El Monte, CA 91731 | | | | | **Representing:**<br>**HSBC**<br><br>Value $ | | | | **Notice Only** | |

Sheet  **1**  of  **2**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

                                        Subtotal             **11,813.00**         **10,813.00**
                                  (Total of this page)

# Exhibit B, Page 41

B6D (Official Form 6D) (12/07) - Cont.

In re    **Richard Victor Lara,**               Case No. _____
         **Virginia Lara**

_____ ,
                             Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J | C | | | | | | |
| Account No. | | | | | | | | | | |
| **Winn Law Group** **P.O. Box 1216** **Fullerton, CA 92836** | | | | | **Representing:** **HSBC** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| **Winn Law Group** **110 East Wilshire Avenue, Suite 212** **Case #:  10C00304** **Fullerton, CA 92832** | | | | | **Representing:** **HSBC** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | Value $ | | | | | |

Sheet **2** of **2** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

                     Subtotal          **0.00**          **0.00**
          (Total of this page)

                       Total      **550,242.00**      **96,720.00**
(Report on Summary of Schedules)     **Exhibit B, Page 42**

B6E (Official Form 6E) (4/10)

.

In re   **Richard Victor Lara,**                                         Case No. _____
       **Virginia Lara**

                                        **Debtors**

# SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS

    A complete list of claims entitled to priority, listed separately by type of priority, is to be set forth on the sheets provided. Only holders of unsecured claims entitled to priority should be listed in this schedule. In the boxes provided on the attached sheets, state the name, mailing address, including zip code, and last four digits of the account number, if any, of all entities holding priority claims against the debtor or the property of the debtor, as of the date of the filing of the petition. Use a separate continuation sheet for each type of priority and label each with the type of priority.

    The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H-Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community." If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

    Report the total of claims listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all claims listed on this Schedule E in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules.

    Report the total of amounts entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

    Report the total of amounts not entitled to priority listed on each sheet in the box labeled "Subtotals" on each sheet. Report the total of all amounts not entitled to priority listed on this Schedule E in the box labeled "Totals" on the last sheet of the completed schedule. Individual debtors with primarily consumer debts report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐ Check this box if debtor has no creditors holding unsecured priority claims to report on this Schedule E.

**TYPES OF PRIORITY CLAIMS** (Check the appropriate box(es) below if claims in that category are listed on the attached sheets)

☐ **Domestic support obligations**

    Claims for domestic support that are owed to or recoverable by a spouse, former spouse, or child of the debtor, or the parent, legal guardian, or responsible relative of such a child, or a governmental unit to whom such a domestic support claim has been assigned to the extent provided in 11 U.S.C. § 507(a)(1).

☐ **Extensions of credit in an involuntary case**

    Claims arising in the ordinary course of the debtor's business or financial affairs after the commencement of the case but before the earlier of the appointment of a trustee or the order for relief. 11 U.S.C. § 507(a)(3).

☐ **Wages, salaries, and commissions**

    Wages, salaries, and commissions, including vacation, severance, and sick leave pay owing to employees and commissions owing to qualifying independent sales representatives up to $11,725* per person earned within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(4).

☐ **Contributions to employee benefit plans**

    Money owed to employee benefit plans for services rendered within 180 days immediately preceding the filing of the original petition, or the cessation of business, whichever occurred first, to the extent provided in 11 U.S.C. § 507(a)(5).

☐ **Certain farmers and fishermen**

    Claims of certain farmers and fishermen, up to $5,775* per farmer or fisherman, against the debtor, as provided in 11 U.S.C. § 507(a)(6).

☐ **Deposits by individuals**

    Claims of individuals up to $2,600* for deposits for the purchase, lease, or rental of property or services for personal, family, or household use, that were not delivered or provided. 11 U.S.C. § 507(a)(7).

■ **Taxes and certain other debts owed to governmental units**

    Taxes, customs duties, and penalties owing to federal, state, and local governmental units as set forth in 11 U.S.C. § 507(a)(8).

☐ **Commitments to maintain the capital of an insured depository institution**

    Claims based on commitments to the FDIC, RTC, Director of the Office of Thrift Supervision, Comptroller of the Currency, or Board of Governors of the Federal Reserve System, or their predecessors or successors, to maintain the capital of an insured depository institution. 11 U.S.C. § 507 (a)(9).

☐ **Claims for death or personal injury while debtor was intoxicated**

    Claims for death or personal injury resulting from the operation of a motor vehicle or vessel while the debtor was intoxicated from using alcohol, a drug, or another substance. 11 U.S.C. § 507(a)(10).

*\* Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.*

_____ **1** _____ continuation sheets attached        **Exhibit B, Page 43**

B6E (Official Form 6E) (4/10) - Cont.

In re **Richard Victor Lara,**
**Virginia Lara**

Case No. _____

_____,
Debtors

## SCHEDULE E - CREDITORS HOLDING UNSECURED PRIORITY CLAIMS
(Continuation Sheet)

**Taxes and Certain Other Debts**
**Owed to Governmental Units**
TYPE OF PRIORITY

| CREDITOR'S NAME, AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM | AMOUNT NOT ENTITLED TO PRIORITY, IF ANY / AMOUNT ENTITLED TO PRIORITY |
|---|---|---|---|---|---|---|---|---|
| Account No. **MTDV** <br><br> **Borowitz & Clark, LLP** <br> **100 North Barranca Avenue** <br> **Suite 250** <br> **West Covina, CA 91791** | - | | **2011** <br><br> **Anticipated Attorney's Fees** | | | | 1,000.00 | 0.00 <br><br> 1,000.00 |
| Account No. **xxx(x) xxtion** <br><br> **Borowitz & Clark, LLP** <br> **100 North Barranca Avenue** <br> **Suite 250** <br> **West Covina, CA 91791** | - | | **2011** <br><br> **Anticipated Attorney's Fees** | | | | 750.00 | 0.00 <br><br> 750.00 |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |
| Account No. | | | | | | | | |

Sheet __1__ of __1__ continuation sheets attached to
Schedule of Creditors Holding Unsecured Priority Claims

| | | |
|---|---|---|
| Subtotal (Total of this page) | 1,750.00 | 0.00 <br> 1,750.00 |
| Total (Report on Summary of Schedules) | 1,750.00 | 0.00 <br> 1,750.00 |

**Exhibit B, Page 44**

B6F (Official Form 6F) (12/07)

In re     **Richard Victor Lara,**                                Case No. _____

          **Virginia Lara**

                                Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS

State the name, mailing address, including zip code, and last four digits of any account number, of all entities holding unsecured claims without priority against the debtor or the property of the debtor, as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. If a minor child is a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). Do not include claims listed in Schedules D and E. If all creditors will not fit on this page, use the continuation sheet provided.

If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor," include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H," "W," "J," or "C" in the column labeled "Husband, Wife, Joint, or Community."

If the claim is contingent, place an "X" in the column labeled "Contingent." If the claim is unliquidated, place an "X" in the column labeled "Unliquidated." If the claim is disputed, place an "X" in the column labeled "Disputed." (You may need to place an "X" in more than one of these three columns.)

Report the total of all claims listed on this schedule in the box labeled "Total" on the last sheet of the completed schedule. Report this total also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report this total also on the Statistical Summary of Certain Liabilities and Related Data.

☐    Check this box if debtor has no creditors holding unsecured claims to report on this Schedule F.

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. xxxxxx0451 | | | - | | 2006 Student Loan | | | | |
| ACS Education Services, Inc. 501 Bleeker Street Utica, NY 13501 | | | | | | | | | 26,841.00 |
| Account No. xxxxxxxxxxxx7718 | | | - | | 2008 Credit | | | | |
| American Eagle Outfitters P.O. Box 530942 Atlanta, GA 30353 | | | | | | | | | 309.00 |
| Account No. | | | | | | | | | |
| LVNV Funding, LLC P.O. Box 740281 Houston, TX 77274 | | | | | Representing: American Eagle Outfitters | | | | Notice Only |
| Account No. xxxxxxxxxxxx1194 | | | - | | 2007 Credit | | | | |
| American Honda P.O. Box 981439 El Paso, TX 79998 | | | | | | | | | 864.00 |
| | | | | | Subtotal (Total of this page) | | | | 28,014.00 |

  **8**   continuation sheets attached

**Exhibit B, Page 45**

B6F (Official Form 6F) (12/07) - Cont.

In re   **Richard Victor Lara,**
       **Virginia Lara,**

Case No. _____

_____,
Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxxxxxxx7275**<br><br>**Applied Bank**<br>**Attention: Bankruptcy Department**<br>**P.O. Box 17125**<br>**Wilmington, DE 19850** | - | | **2001**<br>**Credit** | | | | **1,532.00** |
| Account No.<br><br>**Applied Bank**<br>**601 Delaware Avenue**<br>**Wilmington, DE 19801** | | | **Representing:**<br>**Applied Bank** | | | | **Notice Only** |
| Account No. **xxxxx-x3028**<br><br>**Bank of America**<br>**P.O. Box 37176**<br>**San Francisco, CA 94137-0176** | - | | **2010**<br>**Credit** | | | | **71.00** |
| Account No. **xxxxxxxxxxx2618**<br><br>**Care Credit**<br>**Attention: Bankruptcy Department**<br>**P.O. Box 103106**<br>**Roswell, GA 30076** | - | | **2007**<br>**Credit** | | | | **2,469.00** |
| Account No.<br><br>**Care Credit**<br>**P.O. Box 981439**<br>**El Paso, TX 79998** | | | **Representing:**<br>**Care Credit** | | | | **Notice Only** |

Sheet no. __1__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)

**4,072.00**

**Exhibit B, Page 46**

B6F (Official Form 6F) (12/07) - Cont.

In re **Richard Victor Lara,**                         Case No. _____
        **Virginia Lara,**

_____,
Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | Representing: | | | | |
| Legal Recovery Law Offices, Inc. 5030 Camino de la Siesta, Suite 340 Case #: 11C00810 San Diego, CA 92108 | | | | Care Credit | | | | Notice Only |
| Account No. | | | | Representing: | | | | |
| Superior Court of California Case #: 11C00810 11234 East Valley Boulevard El Monte, CA 91731 | | | | Care Credit | | | | Notice Only |
| Account No. xxxxxxxxxxxx9893 | | | | 2009 Credit | | | | |
| Chase Attention: Bankruptcy Department P.O. Box 15298 Wilmington, DE 19850 | - | | | | | | | 2,806.00 |
| Account No. | | | | Representing: | | | | |
| LVNV Funding, LLC P.O. Box 740281 Houston, TX 77274 | | | | Chase | | | | Notice Only |
| Account No. xxxxxxxxxxxx0789 | | | | 2007 Credit | | | | |
| Citifinancial Attention: Bankruptcy Department P.O. Box 70919 Charlotte, NC 28272 | - | | | | | | | 3,306.00 |

Sheet no. __2__ of __8__ sheets attached to Schedule of                Subtotal
Creditors Holding Unsecured Nonpriority Claims              (Total of this page)     **6,112.00**

**Exhibit B, Page 47**

B6F (Official Form 6F) (12/07) - Cont.

In re **Richard Victor Lara,**                                    Case No. _____
       **Virginia Lara**

_____,
                        Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | H W J C | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **Citifinancial** 300 Saint Paul Place Baltimore, MD 21202 | | | Representing: Citifinancial | | | | **Notice Only** |
| Account No. **Equifax- Credit Bureau** P.O. Box 740241 Atlanta, GA 30374 | - | | For notification purposes only | | | | **0.00** |
| Account No. **Experian - Credit Bureau** Corporate Headquarters 475 Anton Blvd. Costa Mesa, CA 92626 | - | | For notification purposes only | | | | **0.00** |
| Account No. **Franchise Tax Board** Attention: Bankruptcy Department P.O. Box 942867 Sacramento, CA 95812 | - | | For notification purposes only | | | | **0.00** |
| Account No. **xxxxxxxxxx0668** **HFC** Attention: Bankruptcy Department 961 Weigel Drive Elmhurst, IL 60126 | - | | 2001 Credit | | | | **7,668.00** |

Sheet no. __3__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

Subtotal
(Total of this page)   **7,668.00**

**Exhibit B, Page 48**

**B6F (Official Form 6F) (12/07) - Cont.**

In re    **Richard Victor Lara,**                                          Case No. _____
          **Virginia Lara,**

_____,
                              Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. | | | | | Representing: HFC | | | | |
| **Asset Acceptance, LLC P.O. Box 2036 Warren, MI 48090-2039** | | | | | | | | | **Notice Only** |
| Account No. | | | | | Representing: HFC | | | | |
| **HFC P.O. Box 4153 Carol Stream, IL 60128** | | | | | | | | | **Notice Only** |
| Account No. xxxxxxxxxxxx3014 | | | | | **2005 Credit** | | | | |
| **Home Depot Attention: Bankruptcy Department P.O. Box 20507 Kansas City, MO 64195** | - | | | | | | | | **4,963.00** |
| Account No. | | | | | Representing: Home Depot | | | | |
| **Pinnacle Credit Services 7900 Highway 7, Suite 100 Saint Louis Park, MN 55426** | | | | | | | | | **Notice Only** |
| Account No. | | | | | Representing: Home Depot | | | | |
| **Pinnacle Credit Services P.O. Box 640 Hopkins, MN 55343** | | | | | | | | | **Notice Only** |

Sheet no. __4__ of __8__ sheets attached to Schedule of Creditors Holding Unsecured Nonpriority Claims            Subtotal (Total of this page)      **4,963.00**

**Exhibit B, Page 49**

**B6F (Official Form 6F) (12/07) - Cont.**

In re    **Richard Victor Lara,**                         Case No. _____
       **Virginia Lara,**

                                 Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | |
| Account No. **xxxxxxxxxxx5735** | | | | | **2004** **Credit** | | | | |
| **Home Depot** **Attention: Bankruptcy Department** **P.O. Box 20507** **Kansas City, MO 64195** | - | | | | | | | | **2,294.00** |
| Account No. | | | | | | | | | |
| **Home Depot** **P.O. Box 6497** **Sioux Falls, SD 57117** | | | | | Representing: Home Depot | | | | **Notice Only** |
| Account No. | | | | | | | | | |
| **Pinnacle Credit Services** **7900 Highway 7, Suite 100** **Saint Louis Park, MN 55426** | | | | | Representing: Home Depot | | | | **Notice Only** |
| Account No. | | | | | | | | | |
| **Pinnacle Credit Services** **P.O. Box 640** **Hopkins, MN 55343** | | | | | Representing: Home Depot | | | | **Notice Only** |
| Account No. **xxxxxxxxxxx3541** | | | | | **2006** **Credit** | | | | |
| **Howards** **Attention: Bankruptcy Department** **P.O. Box 103106** **Roswell, GA 30076** | - | | | | | | | | **3,060.00** |

Sheet no. \_**5**\_\_\_ of \_**8**\_\_\_ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                      Subtotal             | **5,354.00**
(Total of this page)

**Exhibit B, Page 50**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Richard Victor Lara,**                              Case No. _____
         **Virginia Lara,**

_____,
                         Debtors

## SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Legal Recovery Law Offices, Inc.** <br> **5030 Camino de la Siesta, Suite 340** <br> **Case #: 11C00931** <br> **San Diego, CA 92108** | | | **Representing:** <br> **Howards** | | | | **Notice Only** |
| Account No. <br><br> **Superior Court of California** <br> **Case #: 11C00931** <br> **11234 East Valley Boulevard** <br> **El Monte, CA 91731** | | | **Representing:** <br> **Howards** | | | | **Notice Only** |
| Account No. <br><br> **Internal Revenue Service** <br> **Attention: Bankruptcy Department** <br> **P.O. Box 21126** <br> **Philadelphia, PA 19114** | - | | **For notification purposes only** | | | | **0.00** |
| Account No. xxxxxxxxxxxxxx5451 <br><br> **National Student Loan** <br> **1300 O Street** <br> **Lincoln, NE 68508** | - | | **2009** <br> **Student Loan** | | | | **7,973.00** |
| Account No. <br><br> **Trans Union - Credit Bureau** <br> **2 Baldwin Place** <br> **P.O. Box 2000** <br> **Chester, PA 19022** | - | | **For notification purposes only** | | | | **0.00** |

Sheet no. __6__ of __8__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                 Subtotal
               (Total of this page)      **7,973.00**

**Exhibit B, Page 51**

B6F (Official Form 6F) (12/07) - Cont.

In re **Richard Victor Lara,**                    Case No. _____
      **Virginia Lara**

                                        Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | HWJC | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|
| Account No. **xxxxxx0146**<br><br>**Verizon California, Inc**<br>**Attention: Bankruptcy Department**<br>**404 Brock Drive**<br>**Bloomington, IL 61701** | - | | **2003**<br>**Credit** | | | | **75.00** |
| Account No.<br><br>**Verizon California, Inc**<br>**500 Technology Drive**<br>**Weldon Spring, MO 63304** | | | **Representing:**<br>**Verizon California, Inc** | | | | **Notice Only** |
| Account No. **xxxx6366**<br><br>**Victoria's Secret**<br>**Attention: Bankruptcy Department**<br>**P.O. Box 182125**<br>**Columbus, OH 43218-2128** | - | | **2008**<br>**Credit** | | | | **1,513.00** |
| Account No.<br><br>**Asset Acceptance, LLC**<br>**P.O. Box 2036**<br>**Warren, MI 48090-2039** | | | **Representing:**<br>**Victoria's Secret** | | | | **Notice Only** |
| Account No. **xxxxxxxxxxxx0267**<br><br>**Wells Fargo**<br>**Attention: Bankruptcy Department**<br>**4143 121st Street**<br>**Urbandale, IA 50323** | - | | **2009**<br>**Credit** | | | | **5,504.00** |

Sheet no. __**7**__ of __**8**__ sheets attached to Schedule of                          Subtotal
Creditors Holding Unsecured Nonpriority Claims                          (Total of this page)         **7,092.00**

**Exhibit B, Page 52**

B6F (Official Form 6F) (12/07) - Cont.

In re    **Richard Victor Lara,**
       **Virginia Lara,**                          Case No. _____

                                               Debtors

# SCHEDULE F - CREDITORS HOLDING UNSECURED NONPRIORITY CLAIMS
(Continuation Sheet)

| CREDITOR'S NAME, MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | CODEBTOR | Husband, Wife, Joint, or Community | | DATE CLAIM WAS INCURRED AND CONSIDERATION FOR CLAIM. IF CLAIM IS SUBJECT TO SETOFF, SO STATE. | CONTINGENT | UNLIQUIDATED | DISPUTED | AMOUNT OF CLAIM |
|---|---|---|---|---|---|---|---|---|
| | | H W | J C | | | | | |
| Account No. | | | | | | | | |
| **Portfolio Recovery Associates, LLC** **P.O. Box 41067** **Norfolk, VA 23541** | | | | **Representing:** **Wells Fargo** | | | | **Notice Only** |
| Account No. | | | | | | | | |
| **Portfolio Recovery Associates, LLC** **120 Corporate Boulevard, Suite 100** **Norfolk, VA 23502** | | | | **Representing:** **Wells Fargo** | | | | **Notice Only** |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |
| Account No. | | | | | | | | |
| | | | | | | | | |

Sheet no. __**8**__ of __**8**__ sheets attached to Schedule of
Creditors Holding Unsecured Nonpriority Claims

                                  Subtotal
                         (Total of this page)      **0.00**

                                     Total
          (Report on Summary of Schedules)      **71,248.00**

**Exhibit B, Page 53**

B6G (Official Form 6G) (12/07)

.

In re     **Richard Victor Lara,**                   Case No. _____

       **Virginia Lara**

_____,
                          Debtors

# SCHEDULE G - EXECUTORY CONTRACTS AND UNEXPIRED LEASES

Describe all executory contracts of any nature and all unexpired leases of real or personal property. Include any timeshare interests. State nature of debtor's interest in contract, i.e., "Purchaser", "Agent", etc. State whether debtor is the lessor or lessee of a lease. Provide the names and complete mailing addresses of all other parties to each lease or contract described. If a minor child is a party to one of the leases or contracts, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■ Check this box if debtor has no executory contracts or unexpired leases.

| Name and Mailing Address, Including Zip Code, of Other Parties to Lease or Contract | Description of Contract or Lease and Nature of Debtor's Interest. State whether lease is for nonresidential real property. State contract number of any government contract. |
|---|---|
| | |

0
_____ continuation sheets attached to Schedule of Executory Contracts and Unexpired Leases

**Exhibit B, Page 54**

**B6H (Official Form 6H) (12/07)**

In re     **Richard Victor Lara,**                                          Case No. _____

           **Virginia Lara**

_____,

Debtors

# SCHEDULE H - CODEBTORS

Provide the information requested concerning any person or entity, other than a spouse in a joint case, that is also liable on any debts listed by debtor in the schedules of creditors. Include all guarantors and co-signers. If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within the eight year period immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state, commonwealth, or territory. Include all names used by the nondebtor spouse during the eight years immediately preceding the commencement of this case. If a minor child is a codebtor or a creditor, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m).

■   Check this box if debtor has no codebtors.

| NAME AND ADDRESS OF CODEBTOR | NAME AND ADDRESS OF CREDITOR |
|---|---|
| | |

**0**
____ continuation sheets attached to Schedule of Codebtors

<b>Exhibit B, Page 55</b>

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com                                Best Case Bankruptcy

B6I (Official Form 6I) (12/07)

In re **Richard Victor Lara**
**Virginia Lara** _____     Case No. _____
Debtor(s)

# SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)

The column labeled "Spouse" must be completed in all cases filed by joint debtors and by every married debtor, whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. Do not state the name of any minor child.  The average monthly income calculated on this form may differ from the current monthly income calculated on Form 22A, 22B, or 22C.

| Debtor's Marital Status: | DEPENDENTS OF DEBTOR AND SPOUSE | |
|---|---|---|
| **Married** | RELATIONSHIP(S): **Son** | AGE(S): **17** |

| Employment: | DEBTOR | SPOUSE |
|---|---|---|
| Occupation | **Air Conditioning Engenieer** | **Food Service Provider** |
| Name of Employer | **General Consolidated Construction** | **Bassett Unified** |
| How long employed | **2 months   Age:  47** | **12 years   Age:  47** |
| Address of Employer | **19800 Gustin Lane** **Perris, CA 92570** | **904 North Willow Avenue** |

| INCOME:  (Estimate of average or projected monthly income at time case filed) | DEBTOR | SPOUSE |
|---|---|---|
| 1. Monthly gross wages, salary, and commissions  (Prorate if not paid monthly) | $ 802.08 | $ 1,358.58 |
| 2. Estimate monthly overtime | $ 0.00 | $ 0.00 |
| 3. SUBTOTAL | $ 802.08 | $ 1,358.58 |
| 4. LESS PAYROLL DEDUCTIONS | | |
| a.  Payroll taxes and social security | $ 128.73 | $ 64.40 |
| b.  Insurance | $ 0.00 | $ 101.88 |
| c.  Union dues | $ 0.00 | $ 17.86 |
| d.  Other (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 5. SUBTOTAL OF PAYROLL DEDUCTIONS | $ 128.73 | $ 184.14 |
| 6. TOTAL NET MONTHLY TAKE HOME PAY | $ 673.35 | $ 1,174.44 |
| 7. Regular income from operation of business or profession or farm (Attach detailed statement) | $ 0.00 | $ 0.00 |
| 8. Income from real property | $ 0.00 | $ 0.00 |
| 9. Interest and dividends | $ 0.00 | $ 0.00 |
| 10. Alimony, maintenance or support payments payable to the debtor for the debtor's use or that of dependents listed above | $ 0.00 | $ 0.00 |
| 11. Social security or government assistance (Specify): | $ 0.00 | $ 0.00 |
| | $ 0.00 | $ 0.00 |
| 12. Pension or retirement income | $ 0.00 | $ 0.00 |
| 13. Other monthly income (Specify):  **See Detailed Income Attachment** | $ 1,000.00 | $ 0.00 |
| 14. SUBTOTAL OF LINES 7 THROUGH 13 | $ 1,000.00 | $ 0.00 |
| 15. AVERAGE MONTHLY INCOME (Add amounts shown on lines 6 and 14) | $ 1,673.35 | $ 1,174.44 |
| 16. COMBINED AVERAGE MONTHLY INCOME: (Combine column totals from line 15) | $ 2,847.79 | |

(Report also on Summary of Schedules and, if applicable, on
Statistical Summary of Certain Liabilities and Related Data)

17. Describe any increase or decrease in income reasonably anticipated to occur within the year following the filing of this document:
**Co-Debtor is paid 9 months out of the year.**

**Exhibit B, Page 56**

**B6I (Official Form 6I) (12/07)**

In re    **Richard Victor Lara**
     **Virginia Lara**                  Case No. _____

                                 Debtor(s)

## <u>SCHEDULE I - CURRENT INCOME OF INDIVIDUAL DEBTOR(S)</u>
## Detailed Income Attachment

**Other Monthly Income:**

| | | | |
|---|---|---|---|
| **Family Contributions from Christina Parra** | $ | **500.00** | $ | **0.00** |
| **Family Contributions from Vanessa** | $ | **250.00** | $ | **0.00** |
| **Family Contributions from Cynthia Lara** | $ | **250.00** | $ | **0.00** |
| **Total Other Monthly Income** | $ | **1,000.00** | $ | **0.00** |

**Exhibit B, Page 57**

B6J (Official Form 6J) (12/07)

In re **Richard Victor Lara**        Case No. _____
      **Virginia Lara** _____
                     Debtor(s)

# SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)

     Complete this schedule by estimating the average or projected monthly expenses of the debtor and the debtor's family at time case filed.  Prorate any payments made bi-weekly, quarterly, semi-annually, or annually to show monthly rate.  The average monthly expenses calculated on this form may differ from the deductions from income allowed on Form 22A or 22C.

☐   Check this box if a joint petition is filed and debtor's spouse maintains a separate household.  Complete a separate schedule of expenditures labeled "Spouse."

| | | |
|---|---|---:|
| 1. Rent or home mortgage payment (include lot rented for mobile home) | | $   604.50 |
|    a. Are real estate taxes included?    Yes **X**    No ___ | | |
|    b. Is property insurance included?    Yes **X**    No ___ | | |
| 2. Utilities:    a. Electricity and heating fuel | | $   140.00 |
|            b. Water and sewer | | $   60.00 |
|            c. Telephone | | $   0.00 |
|            d. Other   **See Detailed Expense Attachment** | | $   434.00 |
| 3. Home maintenance (repairs and upkeep) | | $   55.00 |
| 4. Food | | $   500.00 |
| 5. Clothing | | $   25.00 |
| 6. Laundry and dry cleaning | | $   60.00 |
| 7. Medical and dental expenses | | $   80.00 |
| 8. Transportation (not including car payments) | | $   300.00 |
| 9. Recreation, clubs and entertainment, newspapers, magazines, etc. | | $   0.00 |
| 10. Charitable contributions | | $   20.00 |
| 11. Insurance (not deducted from wages or included in home mortgage payments) | | |
|            a. Homeowner's or renter's | | $   0.00 |
|            b. Life | | $   0.00 |
|            c. Health | | $   16.00 |
|            d. Auto | | $   107.50 |
|            e. Other | | $   0.00 |
| 12. Taxes (not deducted from wages or included in home mortgage payments) | | |
|        (Specify) | | $   0.00 |
| 13. Installment payments: (In chapter 11, 12, and 13 cases, do not list payments to be included in the plan) | | |
|            a. Auto | | $   159.21 |
|            b. Other   **Second Car Payment** | | $   67.77 |
|            c. Other | | $   0.00 |
| 14. Alimony, maintenance, and support paid to others | | $   0.00 |
| 15. Payments for support of additional dependents not living at your home | | $   0.00 |
| 16. Regular expenses from operation of business, profession, or farm (attach detailed statement) | | $   0.00 |
| 17. Other   **Contingencies** | | $   40.00 |
|     Other   **Haircuts / Personal Care** | | $   28.00 |

| | | |
|---|---|---:|
| 18. AVERAGE MONTHLY EXPENSES (Total lines 1-17. Report also on Summary of Schedules and, if applicable, on the Statistical Summary of Certain Liabilities and Related Data.) | | $   2,696.98 |

19. Describe any increase or decrease in expenditures reasonably anticipated to occur within the year following the filing of this document:
     **None**

20. STATEMENT OF MONTHLY NET INCOME

| | | |
|---|---|---:|
| a.   Average monthly income from Line 15 of Schedule I | | $   2,847.79 |
| b.   Average monthly expenses from Line 18 above | | $   2,696.98 |
| c.   Monthly net income (a. minus b.) | | $   150.81 |

**Exhibit B, Page 58**

**B6J (Official Form 6J) (12/07)**

In re    **Richard Victor Lara**
      **Virginia Lara**                                   Case No. _____
                                      Debtor(s)

## SCHEDULE J - CURRENT EXPENDITURES OF INDIVIDUAL DEBTOR(S)
### Detailed Expense Attachment

**Other Utility Expenditures:**

| | | |
|---|---|---:|
| Internet | $ | 47.00 |
| Cell Phone | $ | 237.00 |
| Cable | $ | 150.00 |
| **Total Other Utility Expenditures** | $ | **434.00** |

**Exhibit B, Page 59**

B6 Declaration (Official Form 6 - Declaration). (12/07)

# United States Bankruptcy Court
## Central District of California

| | | |
|---|---|---|
| In re | **Richard Victor Lara** | Case No. |
| | **Virginia Lara** | Chapter **13** |
| | Debtor(s) | |

## DECLARATION CONCERNING DEBTOR'S SCHEDULES

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the foregoing summary and schedules, consisting of ___**28**___ sheets, and that they are true and correct to the best of my knowledge, information, and belief.

Date   **August 31, 2011**        Signature   **/s/ Richard Victor Lara**

                                           **Richard Victor Lara**
                                           Debtor

Date   **August 31, 2011**        Signature   **/s/ Virginia Lara**

                                           **Virginia Lara**
                                           Joint Debtor

*Penalty for making a false statement or concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.
18 U.S.C. §§ 152 and 3571.

B7 (Official Form 7) (04/10)

# United States Bankruptcy Court
## Central District of California

In re    **Richard Victor Lara**
     **Virginia Lara**

Case No.

Debtor(s)      Chapter    **13**

# STATEMENT OF FINANCIAL AFFAIRS

This statement is to be completed by every debtor. Spouses filing a joint petition may file a single statement on which the information for both spouses is combined. If the case is filed under chapter 12 or chapter 13, a married debtor must furnish information for both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed. An individual debtor engaged in business as a sole proprietor, partner, family farmer, or self-employed professional, should provide the information requested on this statement concerning all such activities as well as the individual's personal affairs. To indicate payments, transfers and the like to minor children, state the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. § 112; Fed. R. Bankr. P. 1007(m).

Questions 1 - 18 are to be completed by all debtors. Debtors that are or have been in business, as defined below, also must complete Questions 19 - 25. **If the answer to an applicable question is "None," mark the box labeled "None."** If additional space is needed for the answer to any question, use and attach a separate sheet properly identified with the case name, case number (if known), and the number of the question.

### DEFINITIONS

*"In business."* A debtor is "in business" for the purpose of this form if the debtor is a corporation or partnership. An individual debtor is "in business" for the purpose of this form if the debtor is or has been, within six years immediately preceding the filing of this bankruptcy case, any of the following: an officer, director, managing executive, or owner of 5 percent or more of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership; a sole proprietor or self-employed full-time or part-time. An individual debtor also may be "in business" for the purpose of this form if the debtor engages in a trade, business, or other activity, other than as an employee, to supplement income from the debtor's primary employment.

*"Insider."* The term "insider" includes but is not limited to: relatives of the debtor; general partners of the debtor and their relatives; corporations of which the debtor is an officer, director, or person in control; officers, directors, and any owner of 5 percent or more of the voting or equity securities of a corporate debtor and their relatives; affiliates of the debtor and insiders of such affiliates; any managing agent of the debtor. 11 U.S.C. § 101.

---

**1. Income from employment or operation of business**

None
☐

State the gross amount of income the debtor has received from employment, trade, or profession, or from operation of the debtor's business, including part-time activities either as an employee or in independent trade or business, from the beginning of this calendar year to the date this case was commenced. State also the gross amounts received during the **two years** immediately preceding this calendar year. (A debtor that maintains, or has maintained, financial records on the basis of a fiscal rather than a calendar year may report fiscal year income. Identify the beginning and ending dates of the debtor's fiscal year.) If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income of both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| $75,763.00 | Approximate Gross Income - 2009 |
| $8,986.00 | Approximate Gross Income - 2010 |
| $11,318.98 | Approximate Gross Income - 2009 (YTD) |

2

**2. Income other than from employment or operation of business**

None
☐

State the amount of income received by the debtor other than from employment, trade, profession, or operation of the debtor's business during the **two years** immediately preceding the commencement of this case. Give particulars. If a joint petition is filed, state income for each spouse separately. (Married debtors filing under chapter 12 or chapter 13 must state income for each spouse whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| AMOUNT | SOURCE |
|---|---|
| **$3,527.00** | **Unemployment Benefits - 2009** |
| **$24,498.00** | **Unemployment Benefits - 2010** |
| **$9,450.00** | **Unemployment Benefits - 2011 (YTD)** |
| **$6,000.00** | **Household Contributions - 2009** |
| **$9,000.00** | **Household Contributions - 2010** |
| **$6,000.00** | **Household Contributions - 2011 (YTD)** |
| **$2,064.00** | **Pension Cashout - 2009** |
| **$485.00** | **Pension Cashout - 2010** |

**3. Payments to creditors**

None
■

*Complete a. or b., as appropriate, and c.*

a.   *Individual or joint debtor(s) with primarily consumer debts.*  List all payments on loans, installment purchases of goods or services, and other debts to any creditor made within **90 days** immediately preceding the commencement of this case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $600. Indicate with an (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

None
■

b.   *Debtor whose debts are not primarily consumer debts:* List each payment or other transfer to any creditor made within **90 days** immediately preceding the commencement of the case unless the aggregate value of all property that constitutes or is affected by such transfer is less than $5,850[*].  If the debtor is an individual, indicate with an asterisk (*) any payments that were made to a creditor on account of a domestic support obligation or as part of an alternative repayment schedule under a plan by an approved nonprofit budgeting and credit counseling agency.  (Married debtors filing under chapter 12 or chapter 13 must include payments and other transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATES OF PAYMENTS/ TRANSFERS | AMOUNT PAID OR VALUE OF TRANSFERS | AMOUNT STILL OWING |
|---|---|---|---|

None
■

c.   *All debtors:* List all payments made within **one year** immediately preceding the commencement of this case to or for the benefit of creditors who are or were insiders. (Married debtors filing under chapter 12 or chapter 13 must include payments by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR AND RELATIONSHIP TO DEBTOR | DATE OF PAYMENT | AMOUNT PAID | AMOUNT STILL OWING |
|---|---|---|---|

[*] Amount subject to adjustment on 4/01/13, and every three years thereafter with respect to cases commenced on or after the date of adjustment.

3

**4. Suits and administrative proceedings, executions, garnishments and attachments**

None  ☐  a. List all suits and administrative proceedings to which the debtor is or was a party within **one year** immediately preceding the filing of this bankruptcy case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| CAPTION OF SUIT AND CASE NUMBER | NATURE OF PROCEEDING | COURT OR AGENCY AND LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|
| **Zenith Acquisition Corporation (Howards) vs. Richard Lara Case #: 11C00931** | **Breach of Contract** | **Superior Court of California 11234 East Valley Boulevard El Monte, CA 91731** | **Pending** |
| **HSBC Nevada, N.A. vs. Virginia Lara Case #: 10C00304** | **Breach of Contract** | **Superior Court of California 11234 East Valley Boulevard El Monte, CA 91731** | **Judgment** |
| **Zenith Acquisition Corporation (Care Credit) vs. Virginia Lara Case #: 11C00810** | **Breach of Contract** | **Superior Court of California 11234 East Valley Boulevard El Monte, CA 91731** | **Pending** |

None  ☐  b. Describe all property that has been attached, garnished or seized under any legal or equitable process within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON FOR WHOSE BENEFIT PROPERTY WAS SEIZED | DATE OF SEIZURE | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **HSBC Attention: Bankruptcy Department P.O. Box 4552 Buffalo, NY 14240** | **March 2011** | **Wages $542.85** |

**5. Repossessions, foreclosures and returns**

None  ■  List all property that has been repossessed by a creditor, sold at a foreclosure sale, transferred through a deed in lieu of foreclosure or returned to the seller within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR OR SELLER | DATE OF REPOSSESSION, FORECLOSURE SALE, TRANSFER OR RETURN | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

**6. Assignments and receiverships**

None  ■  a. Describe any assignment of property for the benefit of creditors made within **120 days** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include any assignment by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF ASSIGNEE | DATE OF ASSIGNMENT | TERMS OF ASSIGNMENT OR SETTLEMENT |
|---|---|---|

None  ■  b. List all property which has been in the hands of a custodian, receiver, or court-appointed official within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning property of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CUSTODIAN | NAME AND LOCATION OF COURT CASE TITLE & NUMBER | DATE OF ORDER | DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|---|

**Exhibit B, Page 63**

4

### 7. Gifts

None
■

List all gifts or charitable contributions made within **one year** immediately preceding the commencement of this case except ordinary and usual gifts to family members aggregating less than **$200** in value per individual family member and charitable contributions aggregating less than $100 per recipient. (Married debtors filing under chapter 12 or chapter 13 must include gifts or contributions by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF PERSON OR ORGANIZATION | RELATIONSHIP TO DEBTOR, IF ANY | DATE OF GIFT | DESCRIPTION AND VALUE OF GIFT |
|---|---|---|---|

### 8. Losses

None
■

List all losses from fire, theft, other casualty or gambling within **one year** immediately preceding the commencement of this case **or since the commencement of this case.** (Married debtors filing under chapter 12 or chapter 13 must include losses by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| DESCRIPTION AND VALUE OF PROPERTY | DESCRIPTION OF CIRCUMSTANCES AND, IF LOSS WAS COVERED IN WHOLE OR IN PART BY INSURANCE, GIVE PARTICULARS | DATE OF LOSS |
|---|---|---|

### 9. Payments related to debt counseling or bankruptcy

None
☐

List all payments made or property transferred by or on behalf of the debtor to any persons, including attorneys, for consultation concerning debt consolidation, relief under the bankruptcy law or preparation of the petition in bankruptcy within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS OF PAYEE | DATE OF PAYMENT, NAME OF PAYOR IF OTHER THAN DEBTOR | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|
| **Borowitz & Clark, LLP**<br>**100 N. Barranca Avenue, Suite 250**<br>**West Covina, CA 91791-1600** | **2011** | **$2,200 plus filing fee.** |

### 10. Other transfers

None
■

a. List all other property, other than property transferred in the ordinary course of the business or financial affairs of the debtor, transferred either absolutely or as security within **two years** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include transfers by either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF TRANSFEREE, RELATIONSHIP TO DEBTOR | DATE | DESCRIBE PROPERTY TRANSFERRED AND VALUE RECEIVED |
|---|---|---|

None
■

b. List all property transferred by the debtor within **ten years** immediately preceding the commencement of this case to a self-settled trust or similar device of which the debtor is a beneficiary.

| NAME OF TRUST OR OTHER DEVICE | DATE(S) OF TRANSFER(S) | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY OR DEBTOR'S INTEREST IN PROPERTY |
|---|---|---|

5

### 11. Closed financial accounts

None
☐

List all financial accounts and instruments held in the name of the debtor or for the benefit of the debtor which were closed, sold, or otherwise transferred within **one year** immediately preceding the commencement of this case. Include checking, savings, or other financial accounts, certificates of deposit, or other instruments; shares and share accounts held in banks, credit unions, pension funds, cooperatives, associations, brokerage houses and other financial institutions. (Married debtors filing under chapter 12 or chapter 13 must include information concerning accounts or instruments held by or for either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF INSTITUTION | TYPE OF ACCOUNT, LAST FOUR DIGITS OF ACCOUNT NUMBER, AND AMOUNT OF FINAL BALANCE | AMOUNT AND DATE OF SALE OR CLOSING |
|---|---|---|
| **Bank of America**<br>**P.O. Box 37176**<br>**San Francisco, CA 94137-0176** | **Business Checking**<br>**Final Balance: ($71.00)** | **January 2011** |

### 12. Safe deposit boxes

None
■

List each safe deposit or other box or depository in which the debtor has or had securities, cash, or other valuables within **one year** immediately preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include boxes or depositories of either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF BANK OR OTHER DEPOSITORY | NAMES AND ADDRESSES OF THOSE WITH ACCESS TO BOX OR DEPOSITORY | DESCRIPTION OF CONTENTS | DATE OF TRANSFER OR SURRENDER, IF ANY |
|---|---|---|---|

### 13. Setoffs

None
■

List all setoffs made by any creditor, including a bank, against a debt or deposit of the debtor within **90 days** preceding the commencement of this case. (Married debtors filing under chapter 12 or chapter 13 must include information concerning either or both spouses whether or not a joint petition is filed, unless the spouses are separated and a joint petition is not filed.)

| NAME AND ADDRESS OF CREDITOR | DATE OF SETOFF | AMOUNT OF SETOFF |
|---|---|---|

### 14. Property held for another person

None
■

List all property owned by another person that the debtor holds or controls.

| NAME AND ADDRESS OF OWNER | DESCRIPTION AND VALUE OF PROPERTY | LOCATION OF PROPERTY |
|---|---|---|

### 15. Prior address of debtor

None
■

If the debtor has moved within **three years** immediately preceding the commencement of this case, list all premises which the debtor occupied during that period and vacated prior to the commencement of this case. If a joint petition is filed, report also any separate address of either spouse.

| ADDRESS | NAME USED | DATES OF OCCUPANCY |
|---|---|---|

### 16. Spouses and Former Spouses

None
■

If the debtor resides or resided in a community property state, commonwealth, or territory (including Alaska, Arizona, California, Idaho, Louisiana, Nevada, New Mexico, Puerto Rico, Texas, Washington, or Wisconsin) within **eight years** immediately preceding the commencement of the case, identify the name of the debtor's spouse and of any former spouse who resides or resided with the debtor in the community property state.

NAME

6

**17. Environmental Information.**

For the purpose of this question, the following definitions apply:

"Environmental Law" means any federal, state, or local statute or regulation regulating pollution, contamination, releases of hazardous or toxic substances, wastes or material into the air, land, soil, surface water, groundwater, or other medium, including, but not limited to, statutes or regulations regulating the cleanup of these substances, wastes, or material.

"Site" means any location, facility, or property as defined under any Environmental Law, whether or not presently or formerly owned or operated by the debtor, including, but not limited to, disposal sites.

"Hazardous Material" means anything defined as a hazardous waste, hazardous substance, toxic substance, hazardous material, pollutant, or contaminant or similar term under an Environmental Law

None ■  a. List the name and address of every site for which the debtor has received notice in writing by a governmental unit that it may be liable or potentially liable under or in violation of an Environmental Law. Indicate the governmental unit, the date of the notice, and, if known, the Environmental Law:

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ■  b. List the name and address of every site for which the debtor provided notice to a governmental unit of a release of Hazardous Material. Indicate the governmental unit to which the notice was sent and the date of the notice.

| SITE NAME AND ADDRESS | NAME AND ADDRESS OF GOVERNMENTAL UNIT | DATE OF NOTICE | ENVIRONMENTAL LAW |
| --- | --- | --- | --- |

None ■  c. List all judicial or administrative proceedings, including settlements or orders, under any Environmental Law with respect to which the debtor is or was a party. Indicate the name and address of the governmental unit that is or was a party to the proceeding, and the docket number.

| NAME AND ADDRESS OF GOVERNMENTAL UNIT | DOCKET NUMBER | STATUS OR DISPOSITION |
| --- | --- | --- |

**18 . Nature, location and name of business**

None ☐  a. *If the debtor is an individual*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was an officer, director, partner, or managing executive of a corporation, partner in a partnership, sole proprietor, or was self-employed in a trade, profession, or other activity either full- or part-time within **six years** immediately preceding the commencement of this case, or in which the debtor owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

*If the debtor is a partnership*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities, within **six years** immediately preceding the commencement of this case.

*If the debtor is a corporation*, list the names, addresses, taxpayer identification numbers, nature of the businesses, and beginning and ending dates of all businesses in which the debtor was a partner or owned 5 percent or more of the voting or equity securities within **six years** immediately preceding the commencement of this case.

| NAME | LAST FOUR DIGITS OF SOCIAL-SECURITY OR OTHER INDIVIDUAL TAXPAYER-I.D. NO. (ITIN)/ COMPLETE EIN | ADDRESS | NATURE OF BUSINESS | BEGINNING AND ENDING DATES |
| --- | --- | --- | --- | --- |
| Lara Air | 7045 | 13908 East Joycedale Street La Puente, CA 91746 | Service & Repairs | January 2006 - November 2010 |

None
■  b. Identify any business listed in response to subdivision a., above, that is "single asset real estate" as defined in 11 U.S.C. § 101.

NAME                                          ADDRESS


The following questions are to be completed by every debtor that is a corporation or partnership and by any individual debtor who is or has been, within **six years** immediately preceding the commencement of this case, any of the following: an officer, director, managing executive, or owner of more than 5 percent of the voting or equity securities of a corporation; a partner, other than a limited partner, of a partnership, a sole proprietor, or self-employed in a trade, profession, or other activity, either full- or part-time.

*(An individual or joint debtor should complete this portion of the statement **only** if the debtor is or has been in business, as defined above, within six years immediately preceding the commencement of this case. A debtor who has not been in business within those six years should go directly to the signature page.)*

---

**19. Books, records and financial statements**

None
□  a. List all bookkeepers and accountants who within **two years** immediately preceding the filing of this bankruptcy case kept or supervised the keeping of books of account and records of the debtor.

NAME AND ADDRESS                                                      DATES SERVICES RENDERED
**Debtor**                                                           **January 2006 - November 2010**


None
■  b. List all firms or individuals who within the **two years** immediately preceding the filing of this bankruptcy case have audited the books of account and records, or prepared a financial statement of the debtor.

NAME                          ADDRESS                              DATES SERVICES RENDERED

None
■  c. List all firms or individuals who at the time of the commencement of this case were in possession of the books of account and records of the debtor. If any of the books of account and records are not available, explain.

NAME                                                      ADDRESS

None
■  d. List all financial institutions, creditors and other parties, including mercantile and trade agencies, to whom a financial statement was issued by the debtor within **two years** immediately preceding the commencement of this case.

NAME AND ADDRESS                                          DATE ISSUED

---

**20. Inventories**

None
■  a. List the dates of the last two inventories taken of your property, the name of the person who supervised the taking of each inventory, and the dollar amount and basis of each inventory.

DATE OF INVENTORY              INVENTORY SUPERVISOR              DOLLAR AMOUNT OF INVENTORY
                                                                (Specify cost, market or other basis)

None
■  b. List the name and address of the person having possession of the records of each of the two inventories reported in a., above.

DATE OF INVENTORY                              NAME AND ADDRESSES OF CUSTODIAN OF INVENTORY
                                               RECORDS

---

**21 . Current Partners, Officers, Directors and Shareholders**

None
■  a. If the debtor is a partnership, list the nature and percentage of partnership interest of each member of the partnership.

NAME AND ADDRESS                      NATURE OF INTEREST                PERCENTAGE OF INTEREST

8

| | b. If the debtor is a corporation, list all officers and directors of the corporation, and each stockholder who directly or indirectly owns, controls, or holds 5 percent or more of the voting or equity securities of the corporation. |
|---|---|

None ■

| NAME AND ADDRESS | TITLE | NATURE AND PERCENTAGE OF STOCK OWNERSHIP |
|---|---|---|

### 22 . Former partners, officers, directors and shareholders

None ■

a. If the debtor is a partnership, list each member who withdrew from the partnership within **one year** immediately preceding the commencement of this case.

| NAME | ADDRESS | DATE OF WITHDRAWAL |
|---|---|---|

None ■

b. If the debtor is a corporation, list all officers, or directors whose relationship with the corporation terminated within **one year** immediately preceding the commencement of this case.

| NAME AND ADDRESS | TITLE | DATE OF TERMINATION |
|---|---|---|

### 23 . Withdrawals from a partnership or distributions by a corporation

None ■

If the debtor is a partnership or corporation, list all withdrawals or distributions credited or given to an insider, including compensation in any form, bonuses, loans, stock redemptions, options exercised and any other perquisite during **one year** immediately preceding the commencement of this case.

| NAME & ADDRESS OF RECIPIENT, RELATIONSHIP TO DEBTOR | DATE AND PURPOSE OF WITHDRAWAL | AMOUNT OF MONEY OR DESCRIPTION AND VALUE OF PROPERTY |
|---|---|---|

### 24. Tax Consolidation Group.

None ■

If the debtor is a corporation, list the name and federal taxpayer identification number of the parent corporation of any consolidated group for tax purposes of which the debtor has been a member at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PARENT CORPORATION | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### 25. Pension Funds.

None ■

If the debtor is not an individual, list the name and federal taxpayer-identification number of any pension fund to which the debtor, as an employer, has been responsible for contributing at any time within **six years** immediately preceding the commencement of the case.

| NAME OF PENSION FUND | TAXPAYER IDENTIFICATION NUMBER (EIN) |
|---|---|

### DECLARATION UNDER PENALTY OF PERJURY BY INDIVIDUAL DEBTOR

I declare under penalty of perjury that I have read the answers contained in the foregoing statement of financial affairs and any attachments thereto and that they are true and correct.

Date **August 31, 2011**      Signature  **/s/ Richard Victor Lara**
                                          **Richard Victor Lara**
                                          Debtor

Date **August 31, 2011**      Signature  **/s/ Virginia Lara**
                                          **Virginia Lara**
                                          Joint Debtor

*Penalty for making a false statement: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571*

**Exhibit B, Page 68**

Form B203 - Disclosure of Compensation of Attorney for Debtor - (1/88)  1998 USBC, Central District of California

| | |
|---|---|
| **UNITED STATES BANKRUPTCY COURT** | |
| **CENTRAL DISTRICT OF CALIFORNIA** | |

| In re | Case No.: |
|---|---|
| **Richard Victor Lara** **Virginia Lara** | |
| Debtor. | **DISCLOSURE OF COMPENSATION** **OF ATTORNEY FOR DEBTOR** |

1. Pursuant to 11 U.S.C. § 329(a) and Bankruptcy Rule 2016(b), I certify that I am the attorney for the above-named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

| | | |
|---|---|---|
| For legal services, I have agreed to accept | $ | 4,000.00 |
| Prior to the filing of this statement I have received | $ | 2,200.00 |
| Balance Due | $ | 1,800.00 |

2. $ __274.00__ of the filing fee has been paid.

3. The source of the compensation paid to me was:

   ■ Debtor  ☐ Other (specify):

4. The source of compensation to be paid to me is:

   ■ Debtor  ☐ Other (specify):

5. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

6. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:
   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

7. By agreement with the debtor(s), the above-disclosed fee does not include the following services
   **Representation of the debtors in any non-dischargeability actions, negotiation of reaffirmation agreements, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

| **CERTIFICATION** |
|---|
| I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding. |

| **August 31, 2011** | **/s/ Barry E. Borowitz** |
|---|---|
| Date | **Barry E. Borowitz 167418** |
| | Signature of Attorney |
| | **Borowitz & Clark, LLP** |
| | Name of Law Firm |
| | **100 N. Barranca Avenue, Suite 250** |
| | **West Covina, CA 91791-1600** |
| | **(626) 332-8600  Fax: (626) 332-8644** |

**Exhibit B, Page 69**

February 2006                                                                    2006 USBC Central District of California

# United States Bankruptcy Court
## Central District of California

In re  **Richard Victor Lara**
       **Virginia Lara**                                          Case No.
                                          _____          Chapter        **13**
                                             Debtor(s)

# DEBTOR'S CERTIFICATION OF EMPLOYMENT INCOME
## PURSUANT TO 11 U.S.C. § 521 (a)(1)(B)(iv)

Please fill out the following blank(s) and check the box next to one of the following statements:

I, __Richard Victor Lara__ , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

■        I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐        I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐        I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

I, __Virginia Lara__ , the debtor in this case, declare under penalty of perjury under the laws of the United States of America that:

■        I have attached to this certificate copies of my pay stubs, pay advices and/or other proof of employment income for the 60-day period prior to the date of the filing of my bankruptcy petition.
(*NOTE: the filer is responsible for blacking out the Social Security number on pay stubs prior to filing them.*)

☐        I was self-employed for the entire 60-day period prior to the date of the filing of my bankruptcy petition, and received no payment from any other employer.

☐        I was unemployed for the entire 60-day period prior to the date of the filing of my bankruptcy petition.

Date  **August 31, 2011**                    Signature  **/s/ Richard Victor Lara**
                                                        **Richard Victor Lara**
                                                        Debtor

Date  **August 31, 2011**                    Signature  **/s/ Virginia Lara**
                                                        **Virginia Lara**
                                                        Joint Debtor

**Exhibit B, Page 70**

**CE9**

10 0690
**GENERAL CONSOLIDATED
CONSTRUCTION**
19800 GUSTIN LANE
PERRIS, CA 92570

**CE9**

**Earnings Statement**



| | |
|---|---|
| Pay Period: | 8/15/2011 to 8/21/2011 |
| Pay Date: | 8/26/2011 |
| Check #: | 64927234 |

| | |
|---|---|
| Employee Number: | 0690 |
| Department Number: | 10 |
| Social Security Number: | XXX-XX-7045 |
| Marital Status: | MARRIED |
| Number Of Allowances: | 03 |

**RICHARD LARA**
13908 E JOYCEDALE ST
VALINDA, CA 91744

### Hours and Earnings

| Description | Hours | Rate | This Period | Year-To-Date |
|---|---|---|---|---|
| REGLAR | 34.00 | 35.0000 | 1190.00 | 6790.00 |

### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 67.24 | 383.64 |
| FED WT | 107.35 | 496.03 |
| CA ST | 23.08 | 97.35 |
| CA DIS | 14.28 | 81.48 |

©1999, 2008, ADP, Inc. All Rights Reserved.

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $6,790.00 | $1,190.00 | $211.95 | $978.05 |

◁ TEAR HERE

**Exhibit B, Page 71**

**CE9**

**10 0690**
**GENERAL CONSOLIDATED
CONSTRUCTION**
19800 GUSTIN LANE
PERRIS, CA 92570

**CE9**   Earnings Statement

**ADP EASYPAY**

| Pay Period: | 7/18/2011 | to | 7/24/2011 |
|---|---|---|---|
| Pay Date: | 7/29/2011 | | |
| Check #: | 64898570 | | |

| | | |
|---|---|---|
| Employee Number: | 0690 | |
| Department Number: | 10 | **RICHARD LARA** |
| Social Security Number: | XXX-XX-7045 | **13908 E JOYCEDALE ST** |
| Marital Status: | MARRIED | **VALINDA, CA 91744** |
| Number Of Allowances: | 03 | |

| Hours and Earnings | | | | | Taxes and Deductions | | |
|---|---|---|---|---|---|---|---|
| Description | Hours | Rate | This Period | Year-To-Date | Description | This Period | Year-To-Date |
| REGLAR | 15.00 | 35.0000 | 525.00 | 4812.50 | FICA | 29.67 | 271.91 |
| | | | | | FED WT | 15.96 | 374.47 |
| | | | | | CA ST | | 74.27 |
| | | | | | CA DIS | 6.30 | 57.75 |

©1998, 2006, ADP, Inc. All Rights Reserved.

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,812.50 | $525.00 | $51.93 | $473.07 |

◁ TEAR HERE

**Exhibit B, Page 72**

**CE9**

**10 0690**     CE9     **Earnings Statement**

GENERAL CONSOLIDATED
CONSTRUCTION
19800 GUSTIN LANE
PERRIS, CA 92570



Pay Period:    7/04/2011   to   7/10/2011
Pay Date:       7/15/2011
Check #:        64884109

| | |
|---|---|
| Employee Number: | 0690 |
| Department Number: | 10 |
| Social Security Number: | XXX-XX-7045 |
| Marital Status: | MARRIED |
| Number Of Allowances: | 03 |

**RICHARD LARA**
**13908 E JOYCEDALE ST**
**VALINDA, CA 91744**

| Hours and Earnings | | | | | Taxes and Deductions | | |
|---|---|---|---|---|---|---|---|
| Description | Hours | Rate | This Period | Year-To-Date | Description | This Period | Year-To-Date |
| REGLAR | 30.50 | 35.0000 | 1067.50 | 3167.50 | FICA | 60.31 | 178.96 |
| | | | | | FED WT | 88.97 | 261.66 |
| | | | | | CA ST | 17.17 | 54.79 |
| | | | | | CA DIS | 12.81 | 38.01 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $3,167.50 | $1,067.50 | $179.26 | $888.24 |

©1998, 2006. ADP, Inc. All Rights Reserved.

◁ TEAR HERE

**Exhibit B, Page 73**

**CE9**

10  0690  CE9  **Earnings Statement**

GENERAL CONSOLIDATED
CONSTRUCTION
19800 GUSTIN LANE
PERRIS, CA 92570

 **EASYPAY**

Pay Period:    6/27/2011  to  7/03/2011
Pay Date:     7/08/2011
Check #:      64877811

Employee Number:        0690
Department Number:      10
Social Security Number: XXX-XX-7045
Marital Status:         MARRIED
Number Of Allowances:   03

**RICHARD LARA**
**13908 E JOYCEDALE ST**
**VALINDA, CA 91744**

| Hours and Earnings | | | | |
|---|---|---|---|---|
| Description | Hours | Rate | This Period | Year-To-Date |
| REGLAR | 38.50 | 35.0000 | 1347.50 | 2100.00 |

| Taxes and Deductions | | |
|---|---|---|
| Description | This Period | Year-To-Date |
| FICA | 76.13 | 118.65 |
| FED WT | 130.97 | 172.69 |
| CA ST | 33.47 | 37.62 |
| CA DIS | 16.17 | 25.20 |

©1988, 2008. ADP, Inc. All Rights Reserved.

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $2,100.00 | $1,347.50 | $256.74 | $1,090.76 |

◁ TEAR HERE

**Exhibit B, Page 74**

**CE9**

10 0690
GENERAL CONSOLIDATED
CONSTRUCTION
19800 GUSTIN LANE
PERRIS, CA 92570

| Pay Period: | 6/20/2011 | to | 6/26/2011 |
|---|---|---|---|
| Pay Date: | 7/01/2011 | | |
| Check #: | 64869464 | | |

| Employee Number: | 0690 |
|---|---|
| Department Number: | 10 |
| Social Security Number: | XXX-XX-7045 |
| Marital Status: | MARRIED |
| Number Of Allowances: | 03 |

**RICHARD LARA**
**13908 E JOYCEDALE ST**
**VALINDA, CA 91744**

| Hours and Earnings | | | | | Taxes and Deductions | | |
|---|---|---|---|---|---|---|---|
| Description | Hours | Rate | This Period | Year-To-Date | Description | This Period | Year-To-Date |
| REGLAR | 21.50 | 35.0000 | 752.50 | 752.50 | FICA | 42.52 | 42.52 |
| | | | | | FED WT | 41.72 | 41.72 |
| | | | | | CA ST | 4.15 | 4.15 |
| | | | | | CA DIS | 9.03 | 9.03 |

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $752.50 | $752.50 | $97.42 | $655.08 |

©1998, 2006. ADP, Inc. All Rights Reserved.

TEAR HERE

**Exhibit B, Page 75**

**CE9**



**10 0690**
GENERAL CONSOLIDATED
CONSTRUCTION
19800 GUSTIN LANE
PERRIS, CA 92570

**CE 9**

**Earnings Statement**

| | |
|---|---|
| Pay Period: | 7/18/2011 to 7/24/2011 |
| Pay Date: | 7/29/2011 |
| Check #: | 64898570 |

| Employee Number: | 0690 |
|---|---|
| Department Number: | 10 |
| Social Security Number: | XXX-XX-7045 |
| Marital Status: | MARRIED |
| Number Of Allowances: | 03 |

**RICHARD LARA**
13908 E JOYCEDALE ST
VALINDA, CA 91744

#### Hours and Earnings

| Description | Hours | Rate | This Period | Year-To-Date |
|---|---|---|---|---|
| REGLAR | 15.00 | 35.0000 | 525.00 | 4812.50 |

#### Taxes and Deductions

| Description | This Period | Year-To-Date |
|---|---|---|
| FICA | 29.67 | 271.91 |
| FED WT | 15.96 | 374.47 |
| CA ST | | 74.27 |
| CA DIS | 6.30 | 57.75 |

©1998, 2006. ADP, Inc. All Rights Reserved.

| Gross Pay Year To Date | Gross Pay This Period | Total Deductions This Period | Net Pay This Period |
|---|---|---|---|
| $4,812.50 | $525.00 | $51.93 | $473.07 |

◁ TEAR HERE

**Exhibit B, Page 76**

R. LARA       SSA# ████-7045 / WEEK PAID      07-02-11      $.00

NO BENEFITS ARE PAYABLE BECAUSE YOU REPORTED EXCESSIVE EARNINGS.
UNEMPLOYMENT COMPENSATION IS TAXABLE.   A QUESTION ON THE CLAIM FORM ALLOWS YOU TO REQUEST
FEDERAL INCOME TAX WITHHOLDING AT 10% OF YOUR PAYABLE AMOUNT.   YOU MAKE A NEW WITHHOLDING
CHOICE ON EACH CLAIM FORM YOU SUBMIT.

SOCAL AUTHORIZATION CENTER
PO BOX 19007
SAN BERNARDINO   CA   92423-9007



Serving the People of California

R V LARA
13908 JOYCEDALE ST
LA PUENTE CA   91746-1028

**Exhibit B, Page 77**

| SCHOOL DISTRICT OF LOS ANGELES COUNTY | | | | | PAY LOCATION | PAY CYCLE | ISSUE DATE | WARRANT NUMBER |
|---|---|---|---|---|---|---|---|---|
| 64295 BASSETT UNIFIED | | | | | 20 | C3L | 07-08-2011 | 6464697 |

**EMPLOYEE NAME**
LARA, VIRGINIA

EMPLOYEE ID: W1232758B

| FEDERAL STATUS/EXEMP | STATE STATUS/EXEMP | ALLOWANCES |
|---|---|---|
| M / 01 | M / 01 | 00 |

## EARNINGS - COMPENSATION

| BASIS | DESCRIPTION | END DATE | RATE | UNITS | AMOUNT |
|---|---|---|---|---|---|
| N H | ADD PT NP | 06-17-2011 | 15.09 | 4.00 | 60.36 |
| N H | ADD PT NP | 06-17-2011 | 15.09 | 65.00 | 980.85 |
| N L | LONGEVITY | 06-30-2011 | 45.00 | | 45.00 |

## DEDUCTIONS/TAXES/MISC

| EMPLOYEE DEDUCTIONS | CURRENT AMOUNT | YTD TOTALS |
|---|---|---|
| **PRE-TAX REDUCTIONS** | | |
| NATL BENFT | 81.45 | 666.73 |
| **EMPLOYEE DEDUCTIONS** | | |
| MEDCAR DED | 15.75 | 128.91 |
| SDI | 13.03 | 106.69 |
| SHER-WESTC | 114.93 | 1,433.92 |
| CSEA | 1.50 | 10.50 |
| **EMPLOYER CONTRIBUTIONS** | | |
| MEDCAR CON | 15.75 | 128.91 |
| SUI | 17.49 | 73.68 |
| WORK COMP | 38.09 | 311.79 |

| ******** LEAVE BALANCES ******** | CURRENT TAXABLE BALANCES | | YTD TAXABLE BALANCES | | CURRENT PAY SUMMARY | |
|---|---|---|---|---|---|---|
| VACATION | FEDERAL | 1,004.76 | FEDERAL | 8,223.89 | GROSS PAY | 1,086.21 |
| SICK LEAVE | STATE | 1,004.76 | STATE | 8,223.89 | REDUCTIONS | 81.45 |
| COMP TIME | MEDI GROSS | 1,086.21 | MEDI GROSS | 8,890.62 | TAXES | 28.78 |
| | OASDI GROSS | | OASDI GROSS | | DEDUCTIONS | 116.43 |
| | CA SDI GROSS | 1,086.21 | CA SDI GROSS | 8,890.62 | NET PAY | $859.55 |
| | GROSS EARN'S | 1,086.21 | GROSS EARN'S | 8,890.62 | | |

| DISTRICT NAME | DISTRICT ADDRESS | |
|---|---|---|
| BASSETT UNIFIED | 904 N WILLOW AVE | LA PUENTE, CA 91746 |

Exhibit B, Page 78

SCHOOL DISTRICT OF LOS ANGELES COUNTY

**64295 BASSETT UNIFIED** 20 C3K 06-10-2011 **6411104**

| EMPLOYEE NAME | | | | PAY LOCATION | PAY CYCLE | ISSUE DATE | WARRANT NUMBER |
|---|---|---|---|---|---|---|---|
| LARA,VIRGINIA | | | WT2327586 | FEDERAL STATUS/ALLOWANCES M / 01 | STATE STATUS/ALLOWANCES M / 01 | ADDITIONAL STATE ALLOWANCES 00 | |

EARNINGS - COMPENSATION | DEDUCTIONS/TAXES/MISC

| BASIS | DESCRIPTION | END DATE | RATE | UNITS | AMOUNT |
|---|---|---|---|---|---|
| N H | REG NO DIS | 05-31-2011 | 15.87 | 2.00 | 31.74 |
| N H | REGULAR | 05-31-2011 | 15.87 | 107.00 | 1,698.09 |
| N H | REGULAR | 04-30-2011 | 15.87 | 90.00 | 1,428.30 |
| N H | REGULAR | 04-30-2011 | 15.09 | 90.00- | 1,358.10- |
| N L | LONGEVITY | 03-31-2011 | 45.00 | | 45.00 |
| N L | LONGEVITY | 05-31-2011 | 45.00 | | 45.00 |

| EMPLOYEE DEDUCTIONS | CURRENT AMOUNT | YTD TOTALS |
|---|---|---|
| **PRE-TAX REDUCTIONS** | | |
| NATL BENFT | 141.74 | 585.28 |
| **EMPLOYEE DEDUCTIONS** | | |
| MEDCAR DED | 27.40 | 113.16 |
| FWT | 69.37 | 157.06 |
| SWT | 6.97 | 13.32 |
| SDI | 22.68 | 93.66 |
| SHER-WESTC | 440.91 | 1,318.99 |
| CSEA | 1.50 | 9.00 |
| CSEA DUES | 25.94 | 108.54 |
| **EMPLOYER CONTRIBUTIONS** | | |
| MEDCAR CON | 27.40 | 113.16 |
| SUI | 13.61 | 56.19 |
| WORK COMP | 66.28 | 273.70 |

| ****** LEAVE BALANCES ****** | CURRENT TAXABLE BALANCES | | YTD TAXABLE BALANCES | | CURRENT PAY SUMMARY | |
|---|---|---|---|---|---|---|
| VACATION | FEDERAL | 1,748.29 | FEDERAL | 7,219.13 | GROSS PAY | 1,890.03 |
| SICK LEAVE | STATE | 1,748.29 | STATE | 7,219.13 | REDUCTIONS | 141.74 |
| COMP TIME | MEDI GROSS | 1,890.03 | MEDI GROSS | 7,804.41 | TAXES | 126.42 |
| | OASDI GROSS | | OASDI GROSS | | DEDUCTIONS | 468.35 |
| | CA SDI GROSS | 1,890.03 | CA SDI GROSS | 7,804.41 | | |
| | GROSS EARN'S | 1,890.03 | GROSS EARN'S | 7,804.41 | NET PAY | $1,153.52 |

| DISTRICT NAME | DISTRICT ADDRESS | |
|---|---|---|
| BASSETT UNIFIED | 904 N WILLOW AVE | LA PUENTE, CA 91746 |

**Exhibit B, Page 79**

B22C (Official Form 22C) (Chapter 13) (12/10)

| | |
|---|---|
| In re **Richard Victor Lara** **Virginia Lara** | According to the calculations required by this statement: |
| Debtor(s) | ■ **The applicable commitment period is 3 years.** |
| Case Number: | ☐ **The applicable commitment period is 5 years.** |
| (If known) | ☐ **Disposable income is determined under § 1325(b)(3).** |
| | ■ **Disposable income is not determined under § 1325(b)(3).** |
| | (Check the boxes as directed in Lines 17 and 23 of this statement.) |

# CHAPTER 13 STATEMENT OF CURRENT MONTHLY INCOME
## AND CALCULATION OF COMMITMENT PERIOD AND DISPOSABLE INCOME

In addition to Schedules I and J, this statement must be completed by every individual chapter 13 debtor, whether or not filing jointly. Joint debtors may complete one statement only.

| | Part I. REPORT OF INCOME | | |
|---|---|---|---|
| 1 | **Marital/filing status.** Check the box that applies and complete the balance of this part of this statement as directed. a. ☐ Unmarried. **Complete only Column A ("Debtor's Income") for Lines 2-10.** b. ■ Married. **Complete both Column A ("Debtor's Income") and Column B ("Spouse's Income") for Lines 2-10.** | | |
| | | **Column A** **Debtor's Income** | **Column B** **Spouse's Income** |
| | All figures must reflect average monthly income received from all sources, derived during the six calendar months prior to filing the bankruptcy case, ending on the last day of the month before the filing. If the amount of monthly income varied during the six months, you must divide the six-month total by six, and enter the result on the appropriate line. | | |
| 2 | **Gross wages, salary, tips, bonuses, overtime, commissions.** | $ 802.08 | $ 1,358.58 |
| 3 | **Income from the operation of a business, profession, or farm.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 3. If you operate more than one business, profession or farm, enter aggregate numbers and provide details on an attachment. Do not enter a number less than zero. **Do not include any part of the business expenses entered on Line b as a deduction in Part IV.** | | |
| | | Debtor | Spouse |
| | a. Gross receipts | $ 0.00 | $ 0.00 |
| | b. Ordinary and necessary business expenses | $ 0.00 | $ 0.00 |
| | c. Business income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 4 | **Rents and other real property income.** Subtract Line b from Line a and enter the difference in the appropriate column(s) of Line 4. Do not enter a number less than zero. **Do not include any part of the operating expenses entered on Line b as a deduction in Part IV.** | | |
| | | Debtor | Spouse |
| | a. Gross receipts | $ 0.00 | $ 0.00 |
| | b. Ordinary and necessary operating expenses | $ 0.00 | $ 0.00 |
| | c. Rent and other real property income — Subtract Line b from Line a | $ 0.00 | $ 0.00 |
| 5 | **Interest, dividends, and royalties.** | $ 0.00 | $ 0.00 |
| 6 | **Pension and retirement income.** | $ 0.00 | $ 0.00 |
| 7 | **Any amounts paid by another person or entity, on a regular basis, for the household expenses of the debtor or the debtor's dependents, including child support paid for that purpose.** Do not include alimony or separate maintenance payments or amounts paid by the debtor's spouse. Each regular payment should be reported in only one column; if a payment is listed in Column A, do not report that payment in Column B. | $ 0.00 | $ 0.00 |
| 8 | **Unemployment compensation.** Enter the amount in the appropriate column(s) of Line 8. However, if you contend that unemployment compensation received by you or your spouse was a benefit under the Social Security Act, do not list the amount of such compensation in Column A or B, but instead state the amount in the space below: Unemployment compensation claimed to be a benefit under the Social Security Act — Debtor $ 0.00 Spouse $ 0.00 | $ 1,575.00 | $ 0.00 |

**Exhibit B, Page 80**

| 9 | **Income from all other sources.** Specify source and amount. If necessary, list additional sources on a separate page. Total and enter on Line 9. **Do not include alimony or separate maintenance payments paid by your spouse, but include all other payments of alimony or separate maintenance. Do not include** any benefits received under the Social Security Act or payments received as a victim of a war crime, crime against humanity, or as a victim of international or domestic terrorism. | | | | |
|---|---|---|---|---|---|
| | | | Debtor | Spouse | |
| | a. | **Household Contributions** | $ 750.00 | $ 0.00 | |
| | b. | | $ | $ | $ 750.00 | $ 0.00 |

| 10 | **Subtotal.** Add Lines 2 thru 9 in Column A, and, if Column B is completed, add Lines 2 through 9 in Column B. Enter the total(s). | $ 3,127.08 | $ 1,358.58 |
|---|---|---|---|
| 11 | **Total.** If Column B has been completed, add Line 10, Column A to Line 10, Column B, and enter the total. If Column B has not been completed, enter the amount from Line 10, Column A. | $ | 4,485.66 |

### Part II. CALCULATION OF § 1325(b)(4) COMMITMENT PERIOD

| 12 | Enter the amount from Line 11 | $ 4,485.66 |
|---|---|---|
| 13 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, AND if you contend that calculation of the commitment period under § 1325(b)(4) does not require inclusion of the income of your spouse, enter on Line 13 the amount of the income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of you or your dependents and specify, in the lines below, the basis for excluding this income (such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a.     $ <br> b.     $ <br> c.     $ | |
| | Total and enter on Line 13 | $ 0.00 |
| 14 | **Subtract Line 13 from Line 12 and enter the result.** | $ 4,485.66 |
| 15 | **Annualized current monthly income for § 1325(b)(4).** Multiply the amount from Line 14 by the number 12 and enter the result. | $ 53,827.92 |
| 16 | **Applicable median family income.** Enter the median family income for applicable state and household size. (This information is available by family size at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <br><br> a. Enter debtor's state of residence:    **CA**    b. Enter debtor's household size:    **3** | $ 68,670.00 |
| 17 | **Application of § 1325(b)(4).** Check the applicable box and proceed as directed. <br><br> ■ **The amount on Line 15 is less than the amount on Line 16.** Check the box for "The applicable commitment period is 3 years" at the top of page 1 of this statement and continue with this statement. <br><br> ☐ **The amount on Line 15 is not less than the amount on Line 16.** Check the box for "The applicable commitment period is 5 years" at the top of page 1 of this statement and continue with this statement. | |

### Part III. APPLICATION OF § 1325(b)(3) FOR DETERMINING DISPOSABLE INCOME

| 18 | **Enter the amount from Line 11.** | $ 4,485.66 |
|---|---|---|
| 19 | **Marital Adjustment.** If you are married, but are not filing jointly with your spouse, enter on Line 19 the total of any income listed in Line 10, Column B that was NOT paid on a regular basis for the household expenses of the debtor or the debtor's dependents. Specify in the lines below the basis for excluding the Column B income(such as payment of the spouse's tax liability or the spouse's support of persons other than the debtor or the debtor's dependents) and the amount of income devoted to each purpose. If necessary, list additional adjustments on a separate page. If the conditions for entering this adjustment do not apply, enter zero. | |
| | a.     $ <br> b.     $ <br> c.     $ | |
| | Total and enter on Line 19. | $ 0.00 |
| 20 | **Current monthly income for § 1325(b)(3).** Subtract Line 19 from Line 18 and enter the result. | $ 4,485.66 |

Software Copyright (c) 1996-2011 CCH INCORPORATED - www.bestcase.com

**Exhibit B, Page 81**

| 21 | **Annualized current monthly income for § 1325(b)(3).** Multiply the amount from Line 20 by the number 12 and enter the result. | $ | **53,827.92** |
|----|----|----|----|
| 22 | **Applicable median family income.** Enter the amount from Line 16. | $ | **68,670.00** |

| 23 | **Application of § 1325(b)(3).** Check the applicable box and proceed as directed. <br><br> ☐ **The amount on Line 21 is more than the amount on Line 22.** Check the box for "Disposable income is determined under § 1325(b)(3)" at the top of page 1 of this statement and complete the remaining parts of this statement. <br><br> ■ **The amount on Line 21 is not more than the amount on Line 22.** Check the box for "Disposable income is not determined under § 1325(b)(3)" at the top of page 1 of this statement and complete Part VII of this statement. **Do not complete Parts IV, V, or VI.** |
|----|----|

## Part IV. CALCULATION OF DEDUCTIONS FROM INCOME

### Subpart A: Deductions under Standards of the Internal Revenue Service (IRS)

| 24A | **National Standards: food, apparel and services, housekeeping supplies, personal care, and miscellaneous.** Enter in Line 24A the "Total" amount from IRS National Standards for Allowable Living Expenses for the applicable number of persons.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) The applicable number of persons is the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|

| 24B | **National Standards: health care.** Enter in Line a1 below the amount from IRS National Standards for Out-of-Pocket Health Care for persons under 65 years of age, and in Line a2 the IRS National Standards for Out-of-Pocket Health Care for persons 65 years of age or older. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) Enter in Line b1 the applicable number of persons who are under 65 years of age, and enter in Line b2 the applicable number of persons who are 65 years of age or older. (The applicable number of persons in each age category is the number in that category that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support.) Multiply Line a1 by Line b1 to obtain a total amount for persons under 65, and enter the result in Line c1. Multiply Line a2 by Line b2 to obtain a total amount for persons 65 and older, and enter the result in Line c2. Add Lines c1 and c2 to obtain a total health care amount, and enter the result in Line 24B. | |
|----|----|----|

| | **Persons under 65 years of age** | | **Persons 65 years of age or older** | | |
|----|----|----|----|----|----|
| a1. | Allowance per person | | a2. | Allowance per person | |
| b1. | Number of persons | | b2. | Number of persons | |
| c1. | Subtotal | | c2. | Subtotal | $ |

| 25A | **Local Standards: housing and utilities; non-mortgage expenses.** Enter the amount of the IRS Housing and Utilities Standards; non-mortgage expenses for the applicable county and family size.  (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court). The applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support. | $ |
|----|----|----|

| 25B | **Local Standards: housing and utilities; mortgage/rent expense.**  Enter, in Line a below, the amount of the IRS Housing and Utilities Standards; mortgage/rent expense for your county and family size (this information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court) (the applicable family size consists of the number that would currently be allowed as exemptions on your federal income tax return, plus the number of any additional dependents whom you support); enter on Line b the total of the Average Monthly Payments for any debts secured by your home, as stated in Line 47; subtract Line b from Line a and enter the result in Line 25B.  **Do not enter an amount less than zero.** | |
|----|----|----|

| a. | IRS Housing and Utilities Standards; mortgage/rent expense | $ | |
|----|----|----|----|
| b. | Average Monthly Payment for any debts secured by your home, if any, as stated in Line 47 | $ | |
| c. | Net mortgage/rental expense | Subtract Line b from Line a. | $ |

| 26 | **Local Standards: housing and utilities; adjustment.**  If you contend that the process set out in Lines 25A and 25B does not accurately compute the allowance to which you are entitled under the IRS Housing and Utilities Standards, enter any additional amount to which you contend you are entitled, and state the basis for your contention in the space below: | $ |
|----|----|----|

| 27A | **Local Standards: transportation; vehicle operation/public transportation expense.** You are entitled to an expense allowance in this category regardless of whether you pay the expenses of operating a vehicle and regardless of whether you use public transportation. <br><br> Check the number of vehicles for which you pay the operating expenses or for which the operating expenses are included as a contribution to your household expenses in Line 7. ☐ 0   ☐ 1   ☐ 2 or more. <br><br> If you checked 0, enter on Line 27A the "Public Transportation" amount from IRS Local Standards: Transportation. If you checked 1 or 2 or more, enter on Line 27A the "Operating Costs" amount from IRS Local Standards: Transportation for the applicable number of vehicles in the applicable Metropolitan Statistical Area or Census Region. (These amounts are available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
|---|---|---|
| 27B | **Local Standards: transportation; additional public transportation expense.** If you pay the operating expenses for a vehicle and also use public transportation, and you contend that you are entitled to an additional deduction for your public transportation expenses, enter on Line 27B the "Public Transportation" amount from the IRS Local Standards: Transportation. (This amount is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | $ |
| 28 | **Local Standards: transportation ownership/lease expense; Vehicle 1.** Check the number of vehicles for which you claim an ownership/lease expense. (You may not claim an ownership/lease expense for more than two vehicles.) ☐ 1   ☐ 2 or more. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 1, as stated in Line 47; subtract Line b from Line a and enter the result in Line 28. **Do not enter an amount less than zero.** | $ |

| a. | IRS Transportation Standards, Ownership Costs | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 1, as stated in Line 47 | $ | |
| c. | Net ownership/lease expense for Vehicle 1 | Subtract Line b from Line a. | $ |

| 29 | **Local Standards: transportation ownership/lease expense; Vehicle 2.** Complete this Line only if you checked the "2 or more" Box in Line 28. <br><br> Enter, in Line a below, the "Ownership Costs" for "One Car" from the IRS Local Standards: Transportation (available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court); enter in Line b the total of the Average Monthly Payments for any debts secured by Vehicle 2, as stated in Line 47; subtract Line b from Line a and enter the result in Line 29. **Do not enter an amount less than zero.** | $ |
|---|---|---|

| a. | IRS Transportation Standards, Ownership Costs | $ | |
|---|---|---|---|
| b. | Average Monthly Payment for any debts secured by Vehicle 2, as stated in Line 47 | $ | |
| c. | Net ownership/lease expense for Vehicle 2 | Subtract Line b from Line a. | $ |

| 30 | **Other Necessary Expenses: taxes.** Enter the total average monthly expense that you actually incur for all federal, state, and local taxes, other than real estate and sales taxes, such as income taxes, self employment taxes, social security taxes, and Medicare taxes. **Do not include real estate or sales taxes.** | $ |
|---|---|---|
| 31 | **Other Necessary Expenses: involuntary deductions for employment.** Enter the total average monthly deductions that are required for your employment, such as mandatory retirement contributions, union dues, and uniform costs. **Do not include discretionary amounts, such as voluntary 401(k) contributions.** | $ |
| 32 | **Other Necessary Expenses: life insurance.** Enter total average monthly premiums that you actually pay for term life insurance for yourself. **Do not include premiums for insurance on your dependents, for whole life or for any other form of insurance.** | $ |
| 33 | **Other Necessary Expenses: court-ordered payments.** Enter the total monthly amount that you are required to pay pursuant to the order of a court or administrative agency, such as spousal or child support payments. **Do not include payments on past due obligations included in line 49.** | $ |
| 34 | **Other Necessary Expenses: education for employment or for a physically or mentally challenged child.** Enter the total average monthly amount that you actually expend for education that is a condition of employment and for education that is required for a physically or mentally challenged dependent child for whom no public education providing similar services is available. | $ |
| 35 | **Other Necessary Expenses: childcare.** Enter the total average monthly amount that you actually expend on childcare - such as baby-sitting, day care, nursery and preschool. **Do not include other educational payments.** | $ |
| 36 | **Other Necessary Expenses: health care.** Enter the total average monthly amount that you actually expend on health care that is required for the health and welfare of yourself or your dependents, that is not reimbursed by insurance or paid by a health savings account, and that is in excess of the amount entered in Line 24B. **Do not include payments for health insurance or health savings accounts listed in Line 39.** | $ |

**Exhibit B, Page 83**

| 37 | **Other Necessary Expenses: telecommunication services.** Enter the total average monthly amount that you actually pay for telecommunication services other than your basic home telephone and cell phone service - such as pagers, call waiting, caller id, special long distance, or internet service-to the extent necessary for your health and welfare or that of your dependents. **Do not include any amount previously deducted.** | $ |
|----|---|---|
| 38 | **Total Expenses Allowed under IRS Standards.** Enter the total of Lines 24 through 37. | $ |

<table>
<tr>
<td colspan="3" align="center"><b>Subpart B: Additional Living Expense Deductions</b><br><b>Note: Do not include any expenses that you have listed in Lines 24-37</b></td>
</tr>
<tr>
<td rowspan="2">39</td>
<td>
<b>Health Insurance, Disability Insurance, and Health Savings Account Expenses.</b> List the monthly expenses in the categories set out in lines a-c below that are reasonably necessary for yourself, your spouse, or your dependents.

| a. | Health Insurance | $ |
|----|---|---|
| b. | Disability Insurance | $ |
| c. | Health Savings Account | $ |

Total and enter on Line 39
</td>
<td>$</td>
</tr>
<tr>
<td>
<b>If you do not actually expend this total amount,</b> state your actual total average monthly expenditures in the space below:<br>
$
</td>
<td></td>
</tr>
<tr>
<td>40</td>
<td><b>Continued contributions to the care of household or family members.</b> Enter the total average actual monthly expenses that you will continue to pay for the reasonable and necessary care and support of an elderly, chronically ill, or disabled member of your household or member of your immediate family who is unable to pay for such expenses. <b>Do not include payments listed in Line 34.</b></td>
<td>$</td>
</tr>
<tr>
<td>41</td>
<td><b>Protection against family violence.</b> Enter the total average reasonably necessary monthly expenses that you actually incur to maintain the safety of your family under the Family Violence Prevention and Services Act or other applicable federal law. The nature of these expenses is required to be kept confidential by the court.</td>
<td>$</td>
</tr>
<tr>
<td>42</td>
<td><b>Home energy costs.</b> Enter the total average monthly amount, in excess of the allowance specified by IRS Local Standards for Housing and Utilities that you actually expend for home energy costs. <b>You must provide your case trustee with documentation of your actual expenses, and you must demonstrate that the additional amount claimed is reasonable and necessary.</b></td>
<td>$</td>
</tr>
<tr>
<td>43</td>
<td><b>Education expenses for dependent children under 18.</b> Enter the total average monthly expenses that you actually incur, not to exceed $147.92 per child, for attendance at a private or public elementary or secondary school by your dependent children less than 18 years of age. <b>You must provide your case trustee with documentation of your actual expenses, and you must explain why the amount claimed is reasonable and necessary and not already accounted for in the IRS Standards.</b></td>
<td>$</td>
</tr>
<tr>
<td>44</td>
<td><b>Additional food and clothing expense.</b> Enter the total average monthly amount by which your food and clothing expenses exceed the combined allowances for food and clothing (apparel and services) in the IRS National Standards, not to exceed 5% of those combined allowances. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) <b>You must demonstrate that the additional amount claimed is reasonable and necessary.</b></td>
<td>$</td>
</tr>
<tr>
<td>45</td>
<td><b>Charitable contributions.</b> Enter the amount reasonably necessary for you to expend each month on charitable contributions in the form of cash or financial instruments to a charitable organization as defined in 26 U.S.C. § 170(c)(1)-(2). <b>Do not include any amount in excess of 15% of your gross monthly income.</b></td>
<td>$</td>
</tr>
<tr>
<td>46</td>
<td><b>Total Additional Expense Deductions under § 707(b).</b> Enter the total of Lines 39 through 45.</td>
<td>$</td>
</tr>
</table>

| | **Subpart C: Deductions for Debt Payment** |
|---|---|
| 47 | **Future payments on secured claims.** For each of your debts that is secured by an interest in property that you own, list the name of creditor, identify the property securing the debt, state the Average Monthly Payment, and check whether the payment includes taxes or insurance. The Average Monthly Payment is the total of all amounts scheduled as contractually due to each Secured Creditor in the 60 months following the filing of the bankruptcy case, divided by 60. If necessary, list additional entries on a separate page. Enter the total of the Average Monthly Payments on Line 47. |

| | Name of Creditor | Property Securing the Debt | Average Monthly Payment | Does payment include taxes or insurance |
|---|---|---|---|---|
| a. | | | $ | ☐yes ☐no |
| | | | Total: Add Lines | $ |

| | |
|---|---|
| 48 | **Other payments on secured claims.** If any of debts listed in Line 47 are secured by your primary residence, a motor vehicle, or other property necessary for your support or the support of your dependents, you may include in your deduction 1/60th of any amount (the "cure amount") that you must pay the creditor in addition to the payments listed in Line 47, in order to maintain possession of the property. The cure amount would include any sums in default that must be paid in order to avoid repossession or foreclosure. List and total any such amounts in the following chart. If necessary, list additional entries on a separate page. |

| | Name of Creditor | Property Securing the Debt | 1/60th of the Cure Amount |
|---|---|---|---|
| a. | | | $ |
| | | | Total: Add Lines | $ |

| | | |
|---|---|---|
| 49 | **Payments on prepetition priority claims.** Enter the total amount, divided by 60, of all priority claims, such as priority tax, child support and alimony claims, for which you were liable at the time of your bankruptcy filing. **Do not include current obligations, such as those set out in Line 33.** | $ |

| | | |
|---|---|---|
| 50 | **Chapter 13 administrative expenses.** Multiply the amount in Line a by the amount in Line b, and enter the resulting administrative expense. | |

| | | | |
|---|---|---|---|
| a. | Projected average monthly Chapter 13 plan payment. | $ | |
| b. | Current multiplier for your district as determined under schedules issued by the Executive Office for United States Trustees. (This information is available at www.usdoj.gov/ust/ or from the clerk of the bankruptcy court.) | x | |
| c. | Average monthly administrative expense of chapter 13 case | Total: Multiply Lines a and b | $ |

| | | |
|---|---|---|
| 51 | **Total Deductions for Debt Payment.** Enter the total of Lines 47 through 50. | $ |

| | **Subpart D: Total Deductions from Income** |
|---|---|

| | | |
|---|---|---|
| 52 | **Total of all deductions from income.** Enter the total of Lines 38, 46, and 51. | $ |

| | **Part V. DETERMINATION OF DISPOSABLE INCOME UNDER § 1325(b)(2)** |
|---|---|

| | | |
|---|---|---|
| 53 | **Total current monthly income.** Enter the amount from Line 20. | $ |
| 54 | **Support income.** Enter the monthly average of any child support payments, foster care payments, or disability payments for a dependent child, reported in Part I, that you received in accordance with applicable nonbankruptcy law, to the extent reasonably necessary to be expended for such child. | $ |
| 55 | **Qualified retirement deductions.** Enter the monthly total of (a) all amounts withheld by your employer from wages as contributions for qualified retirement plans, as specified in § 541(b)(7) and (b) all required repayments of loans from retirement plans, as specified in § 362(b)(19). | $ |
| 56 | **Total of all deductions allowed under § 707(b)(2).** Enter the amount from Line 52. | $ |

B22C (Official Form 22C) (Chapter 13) (12/10)                                                          7

| 57 | **Deduction for special circumstances.** If there are special circumstances that justify additional expenses for which there is no reasonable alternative, describe the special circumstances and the resulting expenses in lines a-c below. If necessary, list additional entries on a separate page. Total the expenses and enter the total in Line 57. **You must provide your case trustee with documentation of these expenses and you must provide a detailed explanation of the special circumstances that make such expense necessary and reasonable.** | | |
|---|---|---|---|
| | Nature of special circumstances | | Amount of Expense |
| | a. | | $ |
| | b. | | $ |
| | c. | | $ |
| | | Total: Add Lines | $ |

| 58 | **Total adjustments to determine disposable income.** Add the amounts on Lines 54, 55, 56, and 57 and enter the result. | $ |
|---|---|---|
| 59 | **Monthly Disposable Income Under § 1325(b)(2).** Subtract Line 58 from Line 53 and enter the result. | $ |

## Part VI. ADDITIONAL EXPENSE CLAIMS

| 60 | **Other Expenses.** List and describe any monthly expenses, not otherwise stated in this form, that are required for the health and welfare of you and your family and that you contend should be an additional deduction from your current monthly income under § 707(b)(2)(A)(ii)(I). If necessary, list additional sources on a separate page. All figures should reflect your average monthly expense for each item. Total the expenses. | |
|---|---|---|
| | Expense Description | Monthly Amount |
| | a. | $ |
| | b. | $ |
| | c. | $ |
| | d. | $ |
| | Total: Add Lines a, b, c and d | $ |

## Part VII. VERIFICATION

| 61 | I declare under penalty of perjury that the information provided in this statement is true and correct. *(If this is a joint case, both debtors must sign.)* |
|---|---|

Date: __August 31, 2011__          Signature: __/s/ Richard Victor Lara__

**Richard Victor Lara**
(Debtor)

Date: __August 31, 2011__          Signature __/s/ Virginia Lara__

**Virginia Lara**
(Joint Debtor, if any)

**Exhibit B, Page 86**

## CONTRIBUTION DECLARATION

**CASE NUMBER:** _____

**NAME OF DEBTOR(S):** __Richard & Virginia Lara__

I, _____Christina M. Lara-Parra_____, reside at 13908 East Joycedale Street,

Valinda, California 91746 _____, and I state to the United States

Bankruptcy Court for the Central District of California that I have sufficient

income to contribute the sum of $500.00 each month to the debtor(s), and I will

make this contribution each month that the debtor(s) remain(s) in bankruptcy.

I am willing to make this contribution for the following reasons

(e.g., state your relationship to the debtor)

_____To help with household expenses_____

_____

_____

The source of my contribution is:

_____paycheck._____

_____

Proof of my income (e.g. pay-stubs) is attached.

I declare under penalty of perjury under the laws of the State of California
the foregoing is true and correct.

_____          _____5/25/11_____
Signature                          Date

**Exhibit B, Page 87**

| EMPLOYEE | | | | | PERIOD END. | CHECK NO. |
|---|---|---|---|---|---|---|
| 02-P023 PARRA, C | | | | 10.000 HS | 7/31/2011 | 001846 |

| EARNINGS | HOURS | AMOUNT | YTD | DEDUCTION | AMOUNT | YTD |
|---|---|---|---|---|---|---|
| COMMISSION | 0.00 | 0.00 | 1,247.14 | Federal W/H | 0.00 | 117.26 |
| SALARIES | 64.00 | 640.00 | 10,323.00 | FICA | 30.24 | 516.19 |
| SAL.-VACATION | 8.00 | 80.00 | 480.00 | Medicare | 10.44 | 178.20 |
| SAL.-HOLIDAY | 0.00 | 0.00 | 240.00 | CA State DI | 8.64 | 147.49 |
| | | | | Other Taxes | 0.00 | 24.65 |
| | | | | 401K PLAN $ | 40.00 | 560.00 |
| VACATION AVAILABLE (prior to current pay period) | 12.00 | | | | | |
| GROSS EARNINGS: | | 720.00 | 12,290.14 | TOTAL DEDUCT: | 89.32 | 1,543.79 |
| NET EARNINGS: | | 630.68 | | | | |

## CONTRIBUTION DECLARATION

CASE NUMBER: _____

NAME OF DEBTOR(S): __Richard & Virginia Lara__

    I, _____Cynthia V. Lara_____, reside at 13908 East Joycedale Street,

Valinda, California 91746_____, and I state to the United States

Bankruptcy Court for the Central District of California that I have sufficient

income to contribute the sum of $250.00 each month to the debtor(s), and I will

make this contribution each month that the debtor(s) remain(s) in bankruptcy.

    I am willing to make this contribution for the following reasons

(e.g., state your relationship to the debtor)

_____To help with household expenses_____

_____

_____

The source of my contribution is:

_____paycheck_____

_____

    Proof of my income (e.g. pay-stubs) is attached.

    I declare under penalty of perjury under the laws of the State of California

the foregoing is true and correct.

_____            _8/29/2011_____
Signature                                          Date

**Exhibit B, Page 89**

**Pay Statement**

Client: 36926

ROMA MOULDING INC
115 NORTHFIELD AVENUE
RARITAN CENTER
EDISON, NJ 08837
905-850-1500

Voucher #: 74-6
Check Date: 07/22/2011
Period Beginning Date: 07/03/2011
Period Ending Date: 07/16/2011

| Division | Department | Emp. No. | SSN | Pay Freq | Type | Base Pay | Tax Type | Tax Jurisdiction | Stat | Exem | Tax Block | Add % | Add $ |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | 100 | 6346 | XXX-XX-1765 | BIWEEKLY | HRLY | 11.5000 | FEDERAL | | S | 1 | | | |
| | | | | | | | STATE | Work: CA   Res: CA | S | 1 | | | |

CYNTHIA V LARA
13908 JOYCEDALE
LA PUENTE, CA 91746

| Pay Type | Pay Rate | Hours (Units) | Gross Pay | YTD Hours (Units) | YTD Gross Pay | Tax Deductions | | | | Voluntary Deductions | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | Desc | Wages | Amount | YTD Amount | Desc | Scheduled Amount | Amount Taken | YTD Amount |
| REG HRS | 11.5000 | 80.00 | 920.00 | 1,109.00 | 12753.51 | Soc Sec | 880.32 | 36.97 | 531.37 | MEDICAL | 39.68 | 39.68 | 515.84 |
| VAC HRS | | 0.00 | 0.00 | 36.00 | 414.00 | Medicare | 880.32 | 12.77 | 183.45 | | | | |
| | | | | | | Federal | 880.32 | 82.24 | 1150.62 | | | | |
| | | | | | | CA St W/H | 880.32 | 11.03 | 144.39 | | | | |
| | | | | | | CA Disability | 880.32 | 10.56 | 151.82 | | | | |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| **Current** | | 80.00 | 920.00 | | | | | 153.57 | | | | |
| **YTD** | | | | 1145.00 | 13167.51 | | | | 2161.65 | | 39.68 | |

(NET INCLUDES DIRECT DEPOSITS) **Net Pay**   726.75

515.84

| Other Payroll Information | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| Description | Value | Description | Value | Description | Value | Description | Value | Description | Value |
| VAC ACC | 3.20 | | | | | | | | |
| VAC BAL | 48.36 | | | | | | | | |

| Direct Deposit | | | | | |
|---|---|---|---|---|---|
| Account Number | Account Type | Description | Status | Amount |
| | Checking | Direct Deposit 1 | Active | 726.75 |

Exhibit B, Page 90

## CONTRIBUTION DECLARATION

CASE NUMBER: _____

NAME OF DEBTOR(S):  __Richard & Virginia Lara_____

    I, _____Vanessa Lara_____, reside at 13908 East Joycedale Street, Valinda,

California 91746_____, and I state to the United States Bankruptcy

Court for the Central District of California that I have sufficient income to

contribute the sum of $___250.00_ each month to the debtor(s), and I will make

this contribution each month that the debtor(s) remain(s) in bankruptcy.

    I am willing to make this contribution for the following reasons

(e.g., state your relationship to the debtor)

_____To help with household expenses_____

_____

_____

The source of my contribution is:

_____ pay Check _____

_____

    Proof of my income (e.g. pay-stubs) is attached.

    I declare under penalty of perjury under the laws of the State of California
the foregoing is true and correct.

_____          8-30-11
    Signature                          Date

**Exhibit B, Page 91**



Oracle Applications - EBSPRD: E-Business Suite Production

Employee Statement of Earnings(Regular Standard Run)

| Employee Name | | SSN | Employee Number | Assignment Number | Organization |
|---|---|---|---|---|---|
| LARA, VANESSA M | | 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 | 917616 | 917616 | SERVICE - ADMINISTRATION |

| Period Start | Period End | Payment Date | Check Number | Base Salary | Sick Hours | Vac Hours |
|---|---|---|---|---|---|---|
| 08-JUL-2011 | 15-JUL-2011 | NACHA | | 25.48 | 0 | 49.23 |

| Federal Filing Status | Fed Allowances | State Filing Status | State Allowances |
|---|---|---|---|
| Single | 3 | No State Withholding Tax (FL) | 0 |

EARNINGS

| Description | Hours | Amount | Year To Date |
|---|---|---|---|
| REGULAR | 74.00 | 1885.52 | 14840.08 |
| PAID HOLIDAY | 8.00 | 203.84 | 407.68 |
| OVERTIME 1.5X | 0.00 | 0.00 | 2111.44 |
| LIFE IMPUTED | | 0.07 | 0.56 |

| | Current | Year To Date |
|---|---|---|
| Gross Pay | 2089.43 | 17359.76 |
| Pretax Deductions | 50.73 | 405.84 |
| Tax Deductions | 348.88 | 3028.69 |
| Other Deductions | 0.00 | 0.00 |
| NETPAY | 1689.75 | 13924.67 |

DEDUCTIONS

| Description | Amount | Year To Date |
|---|---|---|
| FIT Withheld | 233.70 | 2070.80 |
| MEDICARE Withheld | 29.56 | 245.83 |
| SS Withheld | 85.62 | 712.06 |
| PRETAX DENTAL | 7.06 | 56.48 |
| PRETAX MEDICAL | 41.95 | 335.60 |
| PRETAX VISION | 1.72 | 13.76 |

Payment Details    Rate Details    Previous Run    Next Run

# MASTER MAILING LIST
## Verification Pursuant to Local Bankruptcy Rule 1007-2(d)

Name    **Barry E. Borowitz 167418**

Address    **100 N. Barranca Avenue, Suite 250 West Covina, CA 91791-1600**

Telephone    **(626) 332-8600 Fax: (626) 332-8644**

■ Attorney for Debtor(s)
☐ Debtor in Pro Per

| UNITED STATES BANKRUPTCY COURT<br>CENTRAL DISTRICT OF CALIFORNIA | |
|---|---|
| List all names including trade names used by Debtor(s) within last 8 years:<br>**Richard Victor Lara**<br>**Virginia Lara** | Case No.: |
| | Chapter:        **13** |
| | |

## VERIFICATION OF CREDITOR MAILING LIST

The above named debtor(s), or debtor's attorney if applicable, do hereby certify under penalty of perjury that the attached Master Mailing List of creditors, consisting of __7__ sheet(s) is complete, correct, and consistent with the debtor's schedules pursuant to Local Rule 1007-2(d) and I/we assume all responsibility for errors and omissions.

Date:    **August 31, 2011**                    **/s/ Richard Victor Lara**
                                                **Richard Victor Lara**
                                                Signature of Debtor

Date:    **August 31, 2011**                    **/s/ Virginia Lara**
                                                **Virginia Lara**
                                                Signature of Debtor

**Exhibit B, Page 93**

Richard Victor Lara
13908 East Joycedale Street
Valinda, CA 91746


Virginia Lara
13908 East Joycedale Street
Valinda, CA 91746


Barry E. Borowitz
Borowitz & Clark, LLP
100 N. Barranca Avenue, Suite 250
West Covina, CA 91791-1600


ACS Education Services, Inc.
501 Bleeker Street
Utica, NY 13501


American Eagle Outfitters
P.O. Box 530942
Atlanta, GA 30353


American Honda
P.O. Box 981439
El Paso, TX 79998


Applied Bank
Attention: Bankruptcy Department
P.O.Box 17125
Wilmington, DE 19850


Applied Bank
601 Delaware Avenue
Wilmington, DE 19801

**Exhibit B, Page 94**

Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090-2039


Bank of America
P.O. Box 37176
San Francisco, CA 94137-0176


Borowitz & Clark, LLP
100 North Barranca Avenue
Suite 250
West Covina, CA 91791


Care Credit
Attention: Bankruptcy Department
P.O. Box 103106
Roswell, GA 30076


Care Credit
P.O. Box 981439
El Paso, TX 79998


Chase
P.O. Box 1093
Northridge, CA 91328


Chase
P.O. Box 24696
Columbus, OH 43224


Chase
Attention: Bankruptcy Department
P.O. Box 15298
Wilmington, DE 19850

Citifinancial
Attention: Bankruptcy Department
P.O. Box 70919
Charlotte, NC 28272


Citifinancial
300 Saint Paul Place
Baltimore, MD 21202


Equifax- Credit Bureau
P.O. Box 740241
Atlanta, GA 30374


Experian - Credit Bureau
Corporate Headquarters
475 Anton Blvd.
Costa Mesa, CA 92626


Ford Motor Credit
P.O. Box 542000
Las Vegas, NV 89105


Ford Motor Credit Corporation
P.O. Box 6275
Deerborn, MI 48121


Franchise Tax Board
Attention: Bankruptcy Department
P.O. Box 942867
Sacramento, CA 95812


Funancing
P.O. Box 981439
El Paso, TX 79998


**Exhibit B, Page 96**

HFC
Attention: Bankruptcy Department
961 Weigel Drive
Elmhurst, IL 60126


HFC
P.O. Box 4153
Carol Stream, IL 60128


Home Depot
Attention: Bankruptcy Department
P.O. Box 20507
Kansas City, MO 64195


Home Depot
P.O. Box 6497
Sioux Falls, SD 57117


Howards
Attention: Bankruptcy Department
P.O. Box 103106
Roswell, GA 30076


HSBC
Attention: Bankruptcy Department
P.O. Box 5253
Carol Stream, IL 60197


Internal Revenue Service
Attention: Bankruptcy Department
P.O. Box 21126
Philadelphia, PA 19114


Legal Recovery Law Offices, Inc.
5030 Camino de la Siesta, Suite 340
Case #: 11C00931
San Diego, CA 92108


**Exhibit B, Page 97**

Legal Recovery Law Offices, Inc.
5030 Camino de la Siesta, Suite 340
Case #: 11C00810
San Diego, CA 92108


LVNV Funding, LLC
P.O. Box 740281
Houston, TX 77274


National Student Loan
1300 O Street
Lincoln, NE 68508


Pinnacle Credit Services
7900 Highway 7, Suite 100
Saint Louis Park, MN 55426


Pinnacle Credit Services
P.O. Box 640
Hopkins, MN 55343


Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk, VA 23541


Portfolio Recovery Associates, LLC
120 Corporate Boulevard, Suite 100
Norfolk, VA 23502


Sheriff's Department
Case #: 10C00304
1427 West Covina Parkway
West Covina, CA 91790

Superior Court of California
Case #: 10C00304
11234 East Valley Boulevard
El Monte, CA 91731


Superior Court of California
Case #: 11C00931
11234 East Valley Boulevard
El Monte, CA 91731


Superior Court of California
Case #: 11C00810
11234 East Valley Boulevard
El Monte, CA 91731


Trans Union - Credit Bureau
2 Baldwin Place
P.O. Box 2000
Chester, PA 19022


United States Trustee
Los Angeles Division
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017


Verizon California, Inc
Attention: Bankruptcy Department
404 Brock Drive
Bloomington, IL 61701


Verizon California, Inc
500 Technology Drive
Weldon Spring, MO 63304


Victoria's Secret
Attention: Bankruptcy Department
P.O. Box 182125
Columbus, OH 43218-2128

**Exhibit B, Page 99**

Wells Fargo
Attention: Bankruptcy Department
4143 121st Street
Urbandale, IA 50323


Winn Law Group
P.O. Box 1216
Fullerton, CA 92836


Winn Law Group
110 East Wilshire Avenue, Suite 212
Case #:  10C00304
Fullerton, CA 92832

**Exhibit B, Page 100**

# EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
### CENTRAL DISTRICT OF CALIFORNIA

| | | | |
|---|---|---|---|
| Filer's Name: | **Barry E. Borowitz** | Atty Name (if applicable): | **Barry E. Borowitz** |
| Street Address: | **100 N. Barranca Avenue, Suite 250** **West Covina, CA 91791-1600** | CA Bar No. (if applicable): | **167418** |
| Filer's Telephone No.: | **(626) 332-8600** | Atty Fax No. (if applicable): | **(626) 332-8644** |

| | |
|---|---|
| In re:  <br><br>**Richard Victor Lara**  <br>**Virginia Lara** | Case No.: 2:11-bk-49312-VZ  <br><br>Chapter 13 |

### AMENDED SCHEDULE(S) AND/OR STATEMENT(S)

A filing fee of $26.00 is required to amend any or all of Schedules "D" through "F." An addendum mailing list is also required as an attachment if creditors are being added to the creditors list. Is/are creditor(s) being added?
☒ Yes          ☐ No

Indicate below which schedule(s) and/or statement(s) is(are) being amended.

☐ A    ☐ B    ☐ C    ☒ D    ☐ E    ☐ F    ☐ G    ☐ H    ☐ I    ☐ J

☐ Statement of Social Security Number(s)       ☐ Statement of Financial Affairs

☐ Statement of Intention       ☐ Other

**NOTE: IT IS THE RESPONSIBILITY OF THE DEBTOR TO MAIL COPIES OF ALL AMENDMENTS TO THE TRUSTEE AND TO NOTICE ALL CREDITORS LISTED IN THE AMENDED SCHEDULE(S) AND TO COMPLETE AND FILE WITH THE COURT THE PROOF OF SERVICE ATTACHED.**

I/We, **Richard Victor Lara and Virginia Lara**, the person(s) who subscribed to the foregoing Amended Schedule(s) and/or Statement(s) do hereby declare under penalty of perjury that the foregoing is true and correct.

DATED: 11-14-11

**\*\*FOR COURT USE ONLY\*\***

_(signature)_
**Richard Victor Lara**
*Debtor Signature*

_(signature)_
**Virginia Lara**
*Co-Debtor Signature*

**\*\*SEE PROOF OF SERVICE\*\***

**Exhibit C, Page 101**

B6D (Official Form 6D) (12/07)

In re    **Richard Victor Lara,**                                Case No.   **2:11-bk-47312-VZ**
         **Virginia Lara**

                                        Debtors

# SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED

    State the name, mailing address, including zip code, and last four digits of any account number of all entities holding claims secured by property of the debtor as of the date of filing of the petition. The complete account number of any account the debtor has with the creditor is useful to the trustee and the creditor and may be provided if the debtor chooses to do so. List creditors holding all types of secured interests such as judgment liens, garnishments, statutory liens, mortgages, deeds of trust, and other security interests.

    List creditors in alphabetical order to the extent practicable. If a minor child is a creditor, the child's initials and the name and address of the child's parent or guardian, such as "A.B., a minor child, by John Doe, guardian." Do not disclose the child's name. See, 11 U.S.C. §112 and Fed. R. Bankr. P. 1007(m). If all secured creditors will not fit on this page, use the continuation sheet provided.

    If any entity other than a spouse in a joint case may be jointly liable on a claim, place an "X" in the column labeled "Codebtor" ,include the entity on the appropriate schedule of creditors, and complete Schedule H - Codebtors. If a joint petition is filed, state whether the husband, wife, both of them, or the marital community may be liable on each claim by placing an "H", "W", "J", or "C" in the column labeled "Husband, Wife, Joint, or Community".

    If the claim is contingent, place an "X" in the column labeled "Contingent". If the claim is unliquidated, place an "X" in the column labeled "Unliquidated". If the claim is disputed, place an "X" in the column labeled "Disputed". (You may need to place an "X" in more than one of these three columns.)

    Total the columns labeled "Amount of Claim Without Deducting Value of Collateral" and "Unsecured Portion, if Any" in the boxes labeled "Total(s)" on the last sheet of the completed schedule. Report the total from the column labeled "Amount of Claim" also on the Summary of Schedules and, if the debtor is an individual with primarily consumer debts, report the total from the column labeled "Unsecured Portion" on the Statistical Summary of Certain Liabilities and Related Data.

☐   Check this box if debtor has no creditors holding secured claims to report on this Schedule D.

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions above.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | |
| Account No. xxxxxxxxx5678 <br><br> **Chase** <br> P.O. Box 1093 <br> Northridge, CA 91328 | - | | | | **2007** <br><br> **First Deed of Trust** <br><br> **Residence:** <br> **13908 East Joycedale Street** <br> **Valinda, CA 91746** | | | | | |
| | | | | | Value $     **258,000.00** | | | | **442,963.00** | **0.00** |
| Account No. xxxxxxxxxxxxxxxxx4944 <br><br> **Chase** <br> P.O. Box 24696 <br> Columbus, OH 43224 | - | | | | **2007** <br><br> **Second Deed of Trust** <br><br> **Residence:** <br> **13908 East Joycedale Street** <br> **Valinda, CA 91746** | | | | | |
| | | | | | Value $     **258,000.00** | | | | **85,907.00** | **85,907.00** |
| Account No. xxxx2306 <br><br> **Ford Motor Credit Corporation** <br> P.O. Box 6275 <br> Deerborn, MI 48121 | - | | | | **2006** <br><br> **Automobile Loan** <br><br> **2006 Ford E250 -3/4 Cargo Van** <br> **60,088 Miles** | | | | | |
| | | | | | Value $     **10,650.00** | | | | **6,670.00** | **0.00** |
| Account No. xxxx7861 <br><br> **Ford Motor Credit Corporation** <br> P.O. Box 6275 <br> Deerborn, MI 48121 | - | | | | **2008** <br><br> **Automobile Loan** <br><br> **2004 Ford Explorer XLT (2WD)** <br> **91,261 Miles** | | | | | |
| | | | | | Value $     **9,425.00** | | | | **2,889.00** | **0.00** |

   **2**   continuation sheets attached                                       Subtotal              **538,429.00**        **85,907.00**
                                             (Total of this page)

**Exhibit C, Page 102**

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re    **Richard Victor Lara,**
         **Virginia Lara**

Case No.    **2:11-bk-47312-VZ**

_____,
                            Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
### (Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | Husband, Wife, Joint, or Community | | | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|---|---|
| | | H | W J C | | | | | | | |
| Account No. | | | | | **Representing:** | | | | | |
| **Ford Motor Credit** P.O. Box 542000 Las Vegas, NV 89105 | | | | | **Ford Motor Credit Corporation** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| Account No. xxxxxxxxxxxx4078 | | | | | 2007 | | | | | |
| **Funancing** P.O. Box 981439 El Paso, TX 79998 | | - | | | **Automobile Loan** **2009 Mongoose ATV Quad** | | | | | |
| | | | | | Value $          1,000.00 | | | | 3,643.00 | 2,643.00 |
| Account No. xxxxxxxxxxxx4168 | | | | | 2004 | | | | | |
| **HSBC** **Attention: Bankruptcy Department** P.O. Box 5253 Carol Stream, IL 60197 | | - | | | **Judgment Lien** **Residence:** **13908 East Joycedale Street** **Valinda, CA 91746** | | | | | |
| | | | | | Value $          258,000.00 | | | | 8,170.00 | 8,170.00 |
| Account No. | | | | | **Representing:** | | | | | |
| **Sheriff's Department** **Case #: 10C00304** **1427 West Covina Parkway** **West Covina, CA 91790** | | | | | **HSBC** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |
| Account No. | | | | | **Representing:** | | | | | |
| **Superior Court of California** **Case #: 10C00304** **11234 East Valley Boulevard** **El Monte, CA 91731** | | | | | **HSBC** | | | | **Notice Only** | |
| | | | | | Value $ | | | | | |

Sheet  **1**  of  **2**  continuation sheets attached to
Schedule of Creditors Holding Secured Claims

Subtotal
(Total of this page)

| | |
|---|---|
| 11,813.00 | 10,813.00 |

**Exhibit C, Page 103**

Software Copyright (c) 1996-2011 - CCH INCORPORATED - www.bestcase.com

Best Case Bankruptcy

B6D (Official Form 6D) (12/07) - Cont.

In re **Richard Victor Lara,**
**Virginia Lara**

Case No. __2:11-bk-47312-VZ__

_____
Debtors

## SCHEDULE D - CREDITORS HOLDING SECURED CLAIMS - AMENDED
(Continuation Sheet)

| CREDITOR'S NAME AND MAILING ADDRESS INCLUDING ZIP CODE, AND ACCOUNT NUMBER (See instructions.) | C O D E B T O R | H W J C | DATE CLAIM WAS INCURRED, NATURE OF LIEN, AND DESCRIPTION AND VALUE OF PROPERTY SUBJECT TO LIEN | C O N T I N G E N T | U N L I Q U I D A T E D | D I S P U T E D | AMOUNT OF CLAIM WITHOUT DEDUCTING VALUE OF COLLATERAL | UNSECURED PORTION, IF ANY |
|---|---|---|---|---|---|---|---|---|
| Account No. <br><br> **Winn Law Group** <br> P.O. Box 1216 <br> Fullerton, CA 92836 | | | Representing: <br> HSBC <br><br><br> Value $ | | | | Notice Only | |
| Account No. <br><br> **Winn Law Group** <br> 110 East Wilshire Avenue, Suite 212 <br> Case #: 10C00304 <br> Fullerton, CA 92832 | | | Representing: <br> HSBC <br><br><br> Value $ | | | | Notice Only | |
| Account No. 3541 <br><br> **Zenith Acquisition Corp.** <br> 170 Northpointe Pkwy, Ste. 300 <br> Buffalo, NY 14228 | - | | Involuntary Lien <br> Residence: <br> 13908 East Joycedale Street <br> Valinda, CA 91746 <br> Debtor purchased property in 2000 for $155,000. Current market value is based upon comparable sales. <br> Value $      258,000.00 | | | | 3,305.69 | 3,305.69 |
| Account No. 3541 <br><br> **Legal Recovery Law Offices, Inc.** <br> 5030 Camino de la Siesta, Suite 340 <br> Case #: 11C00931 <br> San Diego, CA 92108 | | | Representing: <br> Zenith Acquisition Corp. <br><br><br> Value $ | | | | Notice Only | |
| Account No. <br><br><br><br><br> | | | <br><br><br><br> Value $ | | | | | |

Sheet **2** of **2** continuation sheets attached to
Schedule of Creditors Holding Secured Claims

| | Subtotal <br> (Total of this page) | 3,305.69 | 3,305.69 |
|---|---|---|---|
| | Total <br> (Report on Summary of Schedules) | 553,547.69 | 100,025.69 |

**Exhibit C, Page 104**

Best Case Bankruptcy

Richard Victor Lara
13908 East Joycedale Street
Valinda, CA 91746


Virginia Lara
13908 East Joycedale Street
Valinda, CA 91746


Barry E. Borowitz
Borowitz & Clark, LLP
100 N. Barranca Avenue, Suite 250
West Covina, CA 91791-1600


ACS Education Services, Inc.
501 Bleeker Street
Utica, NY 13501


American Eagle Outfitters
P.O. Box 530942
Atlanta, GA 30353


American Honda
P.O. Box 981439
El Paso, TX 79998


Applied Bank
Attention: Bankruptcy Department
P.O.Box 17125
Wilmington, DE 19850


Applied Bank
601 Delaware Avenue
Wilmington, DE 19801

Asset Acceptance, LLC
P.O. Box 2036
Warren, MI 48090-2039


Bank of America
P.O. Box 37176
San Francisco, CA 94137-0176


Borowitz & Clark, LLP
100 North Barranca Avenue
Suite 250
West Covina, CA 91791


Care Credit
Attention: Bankruptcy Department
P.O. Box 103106
Roswell, GA 30076


Care Credit
P.O. Box 981439
El Paso, TX 79998


Chase
P.O. Box 1093
Northridge, CA 91328


Chase
P.O. Box 24696
Columbus, OH 43224


Chase
Attention: Bankruptcy Department
P.O. Box 15298
Wilmington, DE 19850

**Exhibit C, Page 106**

Citifinancial
Attention: Bankruptcy Department
P.O. Box 70919
Charlotte, NC 28272


Citifinancial
300 Saint Paul Place
Baltimore, MD 21202


Ford Motor Credit
P.O. Box 542000
Las Vegas, NV 89105


Ford Motor Credit Corporation
P.O. Box 6275
Deerborn, MI 48121


Funancing
P.O. Box 981439
El Paso, TX 79998


HFC
Attention: Bankruptcy Department
961 Weigel Drive
Elmhurst, IL 60126


HFC
P.O. Box 4153
Carol Stream, IL 60128


Home Depot
Attention: Bankruptcy Department
P.O. Box 20507
Kansas City, MO 64195

Home Depot
P.O. Box 6497
Sioux Falls, SD 57117


Honorable Vincent P. Zurzolo
United States Bankruptcy Judge
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012


Howards
Attention: Bankruptcy Department
P.O. Box 103106
Roswell, GA 30076


HSBC
Attention: Bankruptcy Department
P.O. Box 5253
Carol Stream, IL 60197


Legal Recovery Law Offices, Inc.
5030 Camino de la Siesta, Suite 340
Case #: 11C00931
San Diego, CA 92108


Legal Recovery Law Offices, Inc.
5030 Camino de la Siesta, Suite 340
Case #: 11C00810
San Diego, CA 92108


Legal Recovery Law Offices, Inc.
5030 Camino de la Siesta, Suite 340
Case #: 11C00931
San Diego, CA 92108


LVNV Funding, LLC
P.O. Box 740281
Houston, TX 77274


**Exhibit C, Page 108**

Nancy Curry
Chapter 13 Trustee
606 South Olive Street, Suite 950
Los Angeles, CA 90014


National Student Loan
1300 O Street
Lincoln, NE 68508


Pinnacle Credit Services
7900 Highway 7, Suite 100
Saint Louis Park, MN 55426


Pinnacle Credit Services
P.O. Box 640
Hopkins, MN 55343


Portfolio Recovery Associates, LLC
P.O. Box 41067
Norfolk, VA 23541


Portfolio Recovery Associates, LLC
120 Corporate Boulevard, Suite 100
Norfolk, VA 23502


Sheriff's Department
Case #: 10C00304
1427 West Covina Parkway
West Covina, CA 91790


Superior Court of California
Case #: 10C00304
11234 East Valley Boulevard
El Monte, CA 91731

**Exhibit C, Page 109**

Superior Court of California
Case #: 11C00931
11234 East Valley Boulevard
El Monte, CA 91731


Superior Court of California
Case #: 11C00810
11234 East Valley Boulevard
El Monte, CA 91731


United States Trustee
Los Angeles Division
725 S. Figueroa Street, Suite 2600
Los Angeles, CA 90017


Verizon California, Inc
Attention: Bankruptcy Department
404 Brock Drive
Bloomington, IL 61701


Verizon California, Inc
500 Technology Drive
Weldon Spring, MO 63304


Victoria's Secret
Attention: Bankruptcy Department
P.O. Box 182125
Columbus, OH 43218-2128


Wells Fargo
Attention: Bankruptcy Department
4143 121st Street
Urbandale, IA 50323


Winn Law Group
P.O. Box 1216
Fullerton, CA 92836


**Exhibit C, Page 110**

Winn Law Group
110 East Wilshire Avenue, Suite 212
Case #:  10C00304
Fullerton, CA 92832


Zenith Acquisition Corp.
170 Northpointe Pkwy, Ste. 300
Buffalo, NY 14228

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:
**100 N. Barranca Avenue, Suite 250**
**West Covina, CA 91791**

A true and correct copy of the foregoing document described as **_Amended Schedule D_** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

I.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On _____, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ Service information continued on attached page

II.  **SERVED BY U.S. MAIL OR OVERNIGHT MAIL** (indicate method for each person or entity served):
On November 17, 2011, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

III.  **SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| November 17, 2011 | Yesenia Chicas | _Yesenia Chicas_ |
|---|---|---|
| Date | Type Name | Signature |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

August 2010

**F 9013-3.1.PROOF.SERVICE**
**Exhibit C, Page 112**

**SERVED BY U.S. MAIL OR OVERNIGHT MAIL**

Honorable Vincent Zurzolo
U.S. Bankruptcy Court
255 E. Temple Street, Suite 1360
Los Angeles, CA 90012

Nancy Curry
Chapter 13 Trustee
600 S. Olive St., Suite 950
Los Angeles, CA 90012

Zenith Acquisition Corp.
170 Northpointe Pkwy., Suite 300
Buffalo, NY 14228

Legal Recovery Law Offices, Inc.
5030 Camino De La Siesta, Suite 340
San Diego, CA 92108

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*August 2010*

**F 9013-3.1.PROOF.SERVICE
Exhibit C, Page 113**

# EXHIBIT D

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>**Richard Victor Lara**<br>**Virginia Lara** | Case Number:<br>**2:11-bk-47312-VZ** |
|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>**JPMorgan Chase Bank, National Association** | **COURT USE ONLY** |
|---|---|

| Name and address where notices should be sent:<br>McCarthy & Holthus, LLP<br>1770 Fourth Avenue<br>San Diego, CA 92101<br><br>JP Morgan Chase Bank, NA<br>Attn: OH4-7302<br>3415 Vision Drive<br>Columbus, OH 43219, CA 43219<br><br>Telephone number: 877-369-6122      email: bknotice@mccarthyholthus.com | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number**<br><br>(*If known*)<br><br>Filed on: |
|---|---|

| Name and address where payment should be sent (if different from above):<br>JP Morgan Chase Bank, NA<br>Attn: OH4-7133<br>3415 Vision Drive<br>Columbus, OH 43219<br><br>Telephone number:      email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |
|---|---|

**1. Amount of Claim as of Date Case Filed:**      $442,963.10

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Money Loaned, Real Property
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>**5678 / CA-11-59937** | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☒ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:** 13908 Joycedale Street, La Puente, CA 91746

**Value of Property: $** ———————

**Annual Interest Rate** ____ % ☐ Fixed or ☐ Variable
**(when case was filed)**

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$      0.00

**Basis for perfection:** Recorded Deed of Trust

**Amount of Secured Claim:** $      442,963.10

**Amount Unsecured:** $ ———————

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$ ———————

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

**Exhibit D, Page 114**

Case 2:14-bk-34313-WB Claim 19-1 Filed 01/05/12 Desc Main Document Page 2 of 47
Case 2:14-bk-34313-WB Claim 10-1 Filed 01/05/12 Desc Main Document Page 2 of 47

B 10 (Official Form 10) (12/11)

---

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "**redacted**".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

---

**8. Signature:** (See instruction #8)

Check the appropriate box.

☐ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

| | |
|---|---|
| Print Name: Merdaud Jafarnia, Esq. | |
| Title: Associate Attorney | ATTORNEY FOR CREDITOR |
| Company: McCarthy & Holthus, LLP | /s/ Merdaud Jafarnia, Esq.           1/5/2012 |
| Address and telephone number (if different from notice address if above): | (Signature)                          (Date) |
| McCarthy & Holthus, LLP | |
| 1770 Fourth Avenue | |
| San Diego, CA 92101 | |

Telephone Number: 877-369-6122          email:bknotice@mccarthyholthus.com

---

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**Exhibit D, Page 115**

# Mortgage Proof of Claim Attachment

**If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim.** See Bankruptcy Rule 3001(c)(2).

| Name of debtor: | Richard Victor Lara<br>Virginia Lara | Case Number: | 2:11-bk-47312-VZ |
|---|---|---|---|
| Name of Creditor: | JPMorgan Chase Bank,<br>National Association | **Last four digits** of any number you<br>use to identify the debtors account : | 5678 |

## Part 1: Statement of Principal and Interest Due as of the Petition Date

**Itemize the principal and interest due on the claim as of the petition date** (included in the Amount of Claim listed in Item 1 on your Proof of Claim form).

1. Principal due

(1)  $  442,963.10

2. Interest Due

| Interest Rate | From<br>mm/dd/yyyy | To<br>mm/dd/yyyy | Amount |
|---|---|---|---|
| _____ % | _____ | _____ | $ _____ |
| _____ % | _____ | _____ | $ _____ |
| _____ % | _____ | _____ | + $ _____ |
| Total interest due as of the petition date | | | $ _____  Copy total here ▶ (2) + $ _____ |

3. Total principal and interest due

(3)  $ _____

## Part 2: Statement of Prepetition Fees, Expenses, and Charges

**Itemize the fees, expenses, and charges due on the claim as of the petition date** (included in the Amount of Claim listed in Item 1 on the Proof of Claim form).

| Description | Dates Incurred | | Amount |
|---|---|---|---|
| 1. Late charges | _____ | (1) | $ _____ |
| 2. Non-sufficient funds (NSF) fees | _____ | (2) | $ _____ |
| 3. Attorney's fees | _____ | (3) | $ _____ |
| 4. Filing fees and court costs | _____ | (4) | $ _____ |
| 5. Advertisement costs | _____ | (5) | $ _____ |
| 6. Sheriff/auctioneer fees | _____ | (6) | $ _____ |
| 7. Title costs | _____ | (7) | $ _____ |
| 8. Recording fees | _____ | (8) | $ _____ |
| 9. Appraisal/broker's price opinion fees | _____ | (9) | $ _____ |
| 10. Property inspection fees | _____ | (10) | $ _____ |
| 11. Tax advances (non-escrow) | _____ | (11) | $ _____ |
| 12. Insurance advances (non-escrow) | _____ | (12) | $ _____ |
| 13. Escrow shortage or deficiency (Do not include amounts that are part of any installment payment listed in Part 3.) | _____ | (13) | $ _____ |
| 14. Property preservation expenses. Specify: _____ | _____ | (14) | $ _____ |
| 15. Other. Specify: _____ | _____ | (15) | $ _____ |
| 16. Other. Specify: _____ | _____ | (16) | $ _____ |
| 17. Other. Specify: _____ | _____ | (17)+ | $ _____ |
| 18. Total prepetition fees, expenses, and charges. Add all of the amounts listed above. | | (18) | $  0.00 |

**Exhibit D, Page 116**

## Part 3. Statement of Amount Necessary to Cure Default as of the Petition Date

**Does the installment payment amount include an escrow deposit?**

☒ No

☐ Yes. Attach to the Proof of Claim form an escrow account statement prepared as of the petition date in a form consistent with applicable nonbankruptcy law.

1. **Installment payments due**

   Date last payment received by creditor _____5/1/2010_____

   Number of installment payments due     (1) _____

2. **Amount of installment payments due**

   _____ installments @          $ _____

   _____ installments @          $ _____

   _____ installments @        + $ _____

3. **Calculation of cure amount**

   | | | |
   |---|---|---|
   | **Total installment payments due as of the petition date** | $ 0   Copy total here ▶ | (2) $   0 |
   | **Add total prepetition fees, expenses, and charges** | Copy total from Part 2 here ▶ | + $   0.00 |
   | **Subtract total of unapplied funds** (funds received but not credited to account) | | - $   0.00 |
   | **Subtract amounts for which debtor is entitled to a refund** | | - $ _____ |
   | **Total amount necessary to cure default as of the petition date** | | (3) $ 0.00 |

   Copy total onto Item 4 of Proof of Claim form

A. **Total Debt as of August 31, 2011**

- ◆     Current Interest Rate               3.875%
- ◆     Principal Balance          $   442,963.10

      **Total Amount of Claim:**      **$   442,963.10**

B. **Total Arrearage as of August 31, 2011**

      **Total Arrearage**         **$      0.00**

Attached is an imaged file copy of the promissory note made at/near the time of loan origination.

IF LEGAL FEES AND COSTS ARE INCURRED AFTER THIS PROOF OF CLAIM IS FILED, YOUR ACCOUNT MAY BE ASSESSED THOSE FEES AND COSTS IF LEGALLY PERMISSIBLE. IF SUCH FEES AND COSTS ARE NOT PAID AS PART OF THIS CASE, THEY MAY BE COLLECTED IN THE FUTURE PURSUANT TO THE TERMS OF YOUR SECURITY INSTRUMENT, THE BANKRUPTCY CODE, AND OTHER APPLICABLE LAW.

**Exhibit D, Page 118**

| In re: | CHAPTER 13 |
| Richard Victor Lara and Virginia Lara, | |
| Debtors. | CASE NUMBER 2:11-bk-47312-VZ |

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
1770 Fourth Avenue
San Diego, CA 92101

A true and correct copy of the foregoing document described PROOF OF CLAIM will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **1/5/2012** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

UNITED STATES TRUSTEE
ustpregion16.la.ecf@usdoj.gov

TRUSTEE
Nancy K Curry (TR)
ecfnc@trustee13.com

COUNSEL FOR DEBTOR
Barry E Borowitz
notices@blclaw.com

☐ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On _ I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTOR - Richard Victor Lara, 13908 East Joycedale Street,  Valinda, CA 91746
DEBTOR - Virginia Lara, 13908 East Joycedale Street,  Valinda, CA 91746

☐ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

_____     _____     _____
Date                                          Type Name                     Signature

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

January 2009

F 9013-3.1

Exhibit D, Page 119

| In re: | CHAPTER 13 |
| Richard Victor Lara and Virginia Lara, | CASE NUMBER 2:11-bk-47312-VZ |
| Debtors. | |

**ADDITIONAL SERVICE INFORMATION**

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*January 2009*

F 9013-3.1

Exhibit D, Page 120



This page is part of your document - DO NOT DISCARD



**20070520441**

Pages: **020**



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/09/07 AT 08:00AM**

Fees:

Taxes: **$70.00**

Other: **$0.00**

Paid: **$0.00**

**$70.00**

**TitleCompany**

ORIGINAL DEED

DC159

**TITLE(S) :**



L E A D     S H E E T



**Assessor's Identification Number (AIN)**
To be completed by Examiner OR Title Company in black ink.

**Number of AIN's Shown**



E165422

**THIS FORM IS NOT TO BE DUPLICATED.**

Exhibit D, Page 121



· COUNTRYWIDE GLENDALE

Recording Requested By:

WASHINGTON MUTUAL BANK  FA

Return To:

WASHINGTON MUTUAL BANK  FA
2210 ENTERPRISE DR
FLORENCE, SC 29501
DOC OPS M/S FSCE 440



03/08/07

**20070520441**

Prepared By:

CARLOS DE LA ROSA



——— [Space Above This Line For Recording Data] ———

ZCA1
M08

# DEED OF TRUST

DEFINITIONS
Words used in multiple sections of this document are defined below and other words are defined
in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this
document are also provided in Section 16.

**(A)** "Security Instrument" means this document, which is dated  MARCH ~~08~~ 02, 2007
together with all Riders to this document.
**(B)** "Borrower" is  RICHARD LARA AND, VIRGINIA LARA, HUSBAND AND WIFE AND
JOINT TENANTS

Borrower's address is  13908 JOYCEDALE STREET, LA PUENTE, CA 91746
. Borrower is the trustor under this Security Instrument.
**(C)** "Lender" is  WASHINGTON MUTUAL BANK, FA

Lender is a  FEDERAL SAVINGS BANK
organized and existing under the laws of  THE UNITED STATES OF AMERICA

CALIFORNIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3005 1/01

ⓋⓂⓅ -6(CA) (0207)
Page 1 of 15          Initials: RL
VMP MORTGAGE FORMS - (800)521-7291





**Exhibit D, Page 122**

**3**

Lender's address is **2273 N. GREEN VALLEY PARKWAY, SUITE 14, HENDERSON, NV 89014**
Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is **CALIFORNIA RECONVEYANCE COMPANY, A CALIFORNIA CORP**

(E) "Note" means the promissory note signed by Borrower and dated **MARCH 03, 2007**
The Note states that Borrower owes Lender **FOUR HUNDRED SEVENTEEN THOUSAND AND 00/100**
                                                                                                        Dollars
(U.S. $    **417,000.00**    ) plus interest. Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than **APRIL 01, 2037**
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

| [x] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
|---|---|---|
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Other(s) [specify] |
| [ ] 1-4 Family Rider | [ ] Biweekly Payment Rider | |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and

-6(CA) (0207)                    Page 2 of 15          Initials: _RL_
                                                                _VL_          Form 3005 1/01

4

restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

**(Q)** "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY                        of  LOS ANGELES                        :

[Type of Recording Jurisdiction]                [Name of Recording Jurisdiction]

THE LEGAL DESCRIPTION IS ATTACHED HERETO AS A SEPARATE EXHIBIT AND IS MADE A PART HEREOF.

SEE EXHIBIT "A"
ATTACHED

Parcel ID Number:  8464-015-015                              which currently has the address of
13908 JOYCEDALE STREET                                                                [Street]
LA PUENTE                                                   [City], California 91746    [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the

07 0520441

VMP®-6(CA) (0207)                          Page 3 of 15               Initials: RL VL          Form 3005 1/01

**Exhibit D, Page 124**

Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the

07 05204415

**Exhibit D, Page 125**

term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. Charges; Liens. Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

-6(CA) (0207)          Page 5 of 15       Initials: _RL_        Form 3005 1/01

Exhibit D, Page 126

7

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

VMP®—6(CA) (0207)

Page 6 of 15

Initials: _RL_ _VL._

Form 3005 1/01

Exhibit D, Page 127

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. Occupancy. Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. Preservation, Maintenance and Protection of the Property; Inspections. Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

-6(CA) (0207)          Page 7 of 15          Initials: RL NL.          Form 3005 1/01

Exhibit D, Page 128

9

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

Initials: RL VL.

07 0520441

**Exhibit D, Page 129**

10

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or

07 0520441

-6(CA) (0207)

Page 9 of 15

Initials: RL VL

Form 3005 1/01

**Exhibit D, Page 130**

*11*

loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. Borrower Not Released; Forbearance By Lender Not a Waiver. Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. Joint and Several Liability; Co-signers; Successors and Assigns Bound. Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. Loan Charges. Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to

-6(CA) (0207)　　　　Page 10 of 15　　　Initials: *RL* *NL*　　Form 3005 1/01

Exhibit D, Page 131

make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

15. **Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred

Initials: _PL_
_VL_

Form 3005 1/01

**Exhibit D, Page 132**

13

in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. Sale of Note; Change of Loan Servicer; Notice of Grievance. The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. Hazardous Substances. As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual

07 0520441

—6(CA) (0207)　　　　　　　　　Page 12 of 15　　　　　Initials: _RL_　　　　Form 3005 1/01

**Exhibit D, Page 133**

*14*

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee.

07 0520441

*15*

ZCA2

Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____   _____ (Seal)
                                                             -Borrower
                             **RICHARD LARA**

_____   _____ (Seal)
                                                             -Borrower
                             **VIRGINIA LARA**

_____ (Seal)     _____ (Seal)
        -Borrower                     -Borrower

_____ (Seal)     _____ (Seal)
        -Borrower                     -Borrower

_____ (Seal)     _____ (Seal)
        -Borrower                     -Borrower

07 0520441

—6(CA) (0207)          Page 14 of 15          Form 3005 1/01

**Exhibit D, Page 135**

*16*

State of California
County of LOS ANGELES } ss.

On March 02, 2007 before me, Joe Aleman, Notary Public
personally appeared

RICHARD LARA, VIRGINIA LARA

personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____ (Seal)

```
JOE ALEMAN
Commission # 1489815
Notary Public - California
Los Angeles County
My Comm. Expires May 16, 2008
```

07 0520441

@MP®—6(CA) (0207)                 Page 15 of 15          Initials: RL    Form 3005 1/01
                                                                  VL.

**Exhibit D, Page 136**

**EXHIBIT "A"**

*17*

LOT 93 OF TRACT NO. 20949, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 573, PAGE(S) 36 TO 39 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

07 0520441

Form PR-S                    Page 3

**Exhibit D, Page 137**

*18*

R2US
M08

# FIXED/ADJUSTABLE RATE RIDER

### (LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this /3RD/ 2ND day of MARCH, 2007 , and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to
WASHINGTON MUTUAL BANK, FA

("Lender") of the same date and covering the property described in the Security Instrument and located at:

13908 JOYCEDALE STREET
LA PUENTE, CA 91746

(Property Address)

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE AMOUNT BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES**
    The Note provides for an initial fixed interest rate of 6.500 %. The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:
**4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES**
    **(A) Change Dates**
    The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of APRIL 01, 2017 , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."



**MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR – Single Family –
Fannie Mae Uniform Instrument**                                        **Form 3187 6/01**
Ⓥ-168R (0401)
Page 1 of 4      Initials: *RL*
VMP Mortgage Solutions          *VL*
(800)521-7291



**Exhibit D, Page 138**

*19*

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding    THREE                          percentage points (        3.000     %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than  11.500           % or less than   3.000              %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than   11.500     %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

07 0520441

**Exhibit D, Page 139**

20

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

-168R (0401)                          Page 3 of 4

Initials: *RL*
          *VL*

Form 3187 6/01

**Exhibit D, Page 140**

21

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____ (Seal)  
                –Borrower  

_____ (Seal)  
RICHARD LARA      –Borrower  

_____ (Seal)  
VIRGINIA LARA      –Borrower  

_____ (Seal)  
                –Borrower  

_____ (Seal)  
                –Borrower  

_____ (Seal)  
                –Borrower  

_____ (Seal)  
                –Borrower  

_____ (Seal)  
                –Borrower  

-168R (0401)            Page 4 of 4           Form 3187 6/01

07 0520441

**Return Address:**

Washington Mutual Bank
Office of the Corporate Secretary
1301 2nd Ave., WMC3501
Seattle, WA  98101



```
20081003000790
COOK                    AFF        44.00
PAGE-001 OF 003
10/03/2008 13:11
KING COUNTY, WA
```

Please print or type information **WASHINGTON STATE RECORDER'S Cover Sheet**  (RCW 65.04)

**Document Title(s)** (or transactions contained therein): (all areas applicable to your document **must** be filled in)
Affidavit of the Federal Deposit
1. Insurance Corporation _____  2. _____

3. _____  4. _____

**Reference Number(s) of Documents assigned or released:**

Additional reference #'s on page _____ of document

**Grantor(s)** Exactly as name(s) appear on document
Washington Mutual Bank, formerly known
1. as Washington Mutual Bank, FA ____ , _____
   Federal Deposit Insurance
2. Corporation _____ , _____

Additional names on page _____ of document.

**Grantee(s)** Exactly as name(s) appear on document

1. JPMorgan Chase Bank, National Association _____

2. _____ , _____

Additional names on page _____ of document.

**Legal description** (abbreviated: i.e. lot, block, plat or section, township, range)

_____

_____

Additional legal is on page _____ of document.

**Assessor's Property Tax Parcel/Account Number**      ☐ Assessor Tax # not yet
assigned

The Auditor/Recorder will rely on the information provided on this form. The staff will not read the document to verify the accuracy or completeness of the indexing information provided herein.

"I am signing below and paying an additional $50 recording fee (as provided in RCW 36.18.010 and referred to as an emergency nonstandard document), because this document does not meet margin and formatting requirements. Furthermore, I hereby understand that the recording process may cover up or otherwise obscure some part of the text of the original document as a result of this request."

_____Signature of Requesting Party

Note to submitter: Do not sign above nor pay additional $50 fee if the document meets margin/formatting requirements

**Exhibit D, Page 142**

Recording Requested By and
When Recorded Mail to:

```
Washington Mutual Bank
Office of the Corporate Secretary
1301 2nd Ave., WMC3501
Seattle, WA  98101
```

---

**Space Above for Recording Information**

## AFFIDAVIT OF THE
## FEDERAL DEPOSIT INSURANCE CORPORATION

I, Robert C. Schoppe, having been first duly sworn, hereby make this Affidavit and say that:

1.     I am an authorized representative of the Federal Deposit Insurance Corporation, an agency of the United States government (the "FDIC").

2.     On September 25, 2008, Washington Mutual Bank, formerly known as Washington Mutual Bank, FA ("Washington Mutual"), was closed by the Office of Thrift Supervision and the FDIC was named receiver.

3.     As authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C § 1821(d)(2)(G)(i)(II), the FDIC, as receiver of Washington Mutual, may transfer any asset or liability of Washington Mutual without any approval, assignment, or consent with respect to such transfer.

4.     Pursuant to the terms and conditions of a Purchase and Assumption Agreement between the FDIC as receiver of Washington Mutual and JPMorgan Chase Bank, National Association ("JPMorgan Chase"), dated September 25, 2008 (the "Purchase and Assumption Agreement'), JPMorgan Chase acquired certain of the assets, including all loans and all loan commitments, of Washington Mutual.

5.     As a result, on September 25, 2008, JPMorgan Chase became the owner of the loans and loan commitments of Washington Mutual by operation of law.

Executed this *2ND* day of October, 2008 in Seattle, King County, Washington.

By: _____

Print Name: Robert C. Schoppe
Title: Receiver In Charge for FDIC as
Receiver of  Washington Mutual Bank

DOCSSEA/186745.v1

-1-

**Exhibit D, Page 143**

NOTARY'S ACKNOWLEDGMENT

STATE OF WASHINGTON ) 
                                   ) SS.
COUNTY OF KING )

I certify that I know or have satisfactory evidence that Robert C. Schoppe is the person who appeared before me, and said person acknowledged that he signed this instrument, on oath stated that he was authorized to execute the instrument and acknowledged it as the Receiver In Charge of the Federal Deposit Insurance Corporation, as Receiver of Washington Mutual Bank to be the free and voluntary act of such party for the uses and purposes mentioned therein.

Dated this 2nd day of October, 2008.

Suzanne W. Noen
Notary Public in and for the State of
Washington, residing in Redmond
My commission expires: 11/7/10

**Exhibit D, Page 144**

STATE OF WASHINGTON }
County of King

The Director of Records & Licensing, King County, State of
Washington and exofficio Recorder of Deeds and other
instruments, do hereby certify the foregoing copy has been
compared with the original instrument as the same appears
on file and of record in the office and that the same is a true
and perfect transcript of said original and of the whole thereof,
Witness my hand and official seal this _____ day
of_____ 20_____

OCT 0 3 2008
Director of Records & Licensing

By_____
Deputy

E. Harper

**Exhibit D, Page 145**

This instrument was prepared by:
MICHELLE NEAL
WASHINGTON MUTUAL BANK
7255 BAYMEADOWS WAY
JACKSONVILLE, FL 32256

When Recorded Mail To:
FIRST AMERICAN TITLE
P.O. BOX 27670
SANTA ANA, CA 92799-7670
ATTN: LMTS

_____ [Space Above This Line For Recording Data] _____

Original Recorded Date: MARCH 9, 2007     Freddie Mac Loan No. ▮▮▮▮▮▮
Original Principal Amount: $ 417,000.00     Loan No.

## LOAN MODIFICATION AGREEMENT
### (To a Fixed Interest Rate)

**IF THE LOAN MODIFICATION AGREEMENT MUST BE RECORDED, TWO ORIGINAL LOAN MODIFICATION AGREEMENTS MUST BE EXECUTED BY THE BORROWER: ONE ORIGINAL IS TO BE FILED WITH THE NOTE AND ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE THE SECURITY INSTRUMENT IS RECORDED**

This Loan Modification Agreement (the "Agreement"), made and effective this   8TH   day of JANUARY, 2009       , between
WASHINGTON MUTUAL BANK

                                                     ("Lender")

and  RICHARD LARA AND, VIRGINIA LARA, HUSBAND AND WIFE AND JOINT TENANTS

                                                    ("Borrower"),

modifies and amends certain terms of Borrower's indebtedness evidenced by (1) the Note (the "Note") to Lender dated MARCH 2, 2007    , in the original principal sum of U.S. $   417,000.00   and secured by (2) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") and Rider(s), if any, dated the same date as the Note and recorded in **Instrument No. 20070520441**
of the **Official**        Records of **LOS ANGELES COUNTY, CALIFORNIA**    . The
      [Name of Records]              [County and State, or other jurisdiction]
Security Instrument covers the real and personal property described in the Security Instrument and defined as the "Property", located at:
**13908 JOYCEDALE STREET, LA PUENTE, CALIFORNIA 91746**

[Property Address]

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate) –Single Family–Freddie Mac UNIFORM INSTRUMENT      Form 5161
First American Loan Production Services                                                        X04    page 1 of 5
First American Real Estate Solutions LLC                                                       CALIFORNIA
FALPS® CAFR5161 Rev 07-08-08

**Exhibit D, Page 146**

the real property described being set forth as follows:

**SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF;**

In consideration of the mutual promises and agreements exchanged, Lender and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. Current Balance. As of **JANUARY 1, 2009**      , the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $      **430,091.53**

2. Interest Rate. Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of **4.500**    %, beginning **JANUARY 1, 2009**      , both before and after any default described in the Note. The yearly rate of **4.500**    % will remain in effect until principal and interest is paid in full.

3. Monthly Payments and Maturity Date. Borrower promises to make monthly payments of principal and interest of U.S. $      **1,933.53**      , beginning on the    **1ST**    day of **FEBRUARY, 2009**      , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **JANUARY 01, 2049**      . (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification Agreement, the Borrower will pay these amounts in full on the Maturity Date.

4. Place of Payment.    Borrower   must   make   the   monthly   payments   at **P.O. BOX 41275 JACKSONVILLE, FLORIDA 32203** or such other place as Lender may require.

5. Partial Payments. Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

MULTISTATE LOAN MODIFICATION AGREEMENT (1o a Fixed Interest rate)--Single Family--Freddie Mac UNIFORM INSTRUMENT          Form 5161

First American Loan Production Services                                                                                    5/04          page 2 of 5)

First American Real Estate Solutions LLC                                                                                                   CALIFORNIA

FALPS# CAFR5161-2 Rev 08-19-08

**Exhibit D, Page 147**

6.  Property Transfer.  If all or any part of the Property or any interest in the Property is
    sold or transferred (or if Borrower is not a natural person and a beneficial interest in
    Borrower is sold or transferred) without Lender's prior written consent, Lender may
    require immediate payment in full of all sums secured by the Security Instrument.

    If Lender exercises this option, Lender shall give Borrower notice of acceleration. The
    notice shall provide a period of not less than 30 days from the date the notice is given in
    accordance with Section 15 of the Security Instrument, within which Borrower must pay
    all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to
    the expiration of this period, Lender may invoke any remedies permitted by this Security
    Instrument without further notice or demand of Borrower.

7.  Compliance with Covenants.  Borrower also will comply with all other covenants,
    agreements, and requirements of the Security Instrument, including without limitation,
    Borrower's covenants and agreements to make all payments of taxes, insurance premiums,
    assessments, escrow items, impounds, and all other payments that Borrower is obligated to
    make under the Security Instrument.

(Acknowledgments on following page)

MULTISTATE LOAN MODIFICATION AGREEMENT (For a Fixed Interest rate)--Single Family--Freddie Mac UNIFORM INSTRUMENT        Form 5161

First American Loan Production Services                                                                                      3/04      page 3 of 5

First American Real Estate Solutions LLC                                                                                              CALIFORNIA

FALPS# CAFR5161-3 Rev 05-19-08

Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except where otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

In Witness Whereof, Lender and Borrower have executed this Agreement.

**WASHINGTON MUTUAL BANK**

_Michelle Neal_

Name: MICHELLE NEAL       - Lender
Its: ASSISTANT VICE PRESIDENT

_[signature]_

**RICHARD LARA**       - Borrower

_Virginia Lara_

**VIRGINIA LARA**       - Borrower

      - Borrower

      - Borrower

      - Borrower

      - Borrower

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate)--Single Family--Freddie Mac UNIFORM INSTRUMENT     Form 5161
First American Loan Production Services     3 04    (page 4 of 5)
First American Real Estate Solutions LLC     CALIFORNIA
FALPS# CAFR5161-4 Rev. 05-19-08

**Exhibit D, Page 149**

[Space Below This Line for Acknowledgment]

## BORROWER'S ACKNOWLEDGMENT

State of California )
County of LOS ANGELES )
On JAN. 30, 2009 before me. ODDY CHWA (NOTARY PNBUC) , personally appeared
RICHARD LARA AND VIRGINIA LARA

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

> ODDY CHWA
> Commission # 1633879
> Notary Public - California
> Los Angeles County
> My Comm. Expires Dec 31, 2009

## LENDER'S ACKNOWLEDGMENT

State of Florida )
County of Duval )
On FEB 0 2 2009 , before me, John K Vaughan , personally appeared
MICHELLE NEAL, ASSISTANT VICE PRESIDENT
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____ (Notary Seal)
Signature of Notary Public

> JOHN K. VAUGHAN
> MY COMMISSION # DD 562620
> EXPIRES: October 8, 2010
> Bonded Thru Notary Public Underwriters

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate)--Single Family--Freddie Mac UNIFORM INSTRUMENT    Form 5161
First American Loan Production Services    3/04    -page 5 of 5-
First American Real Estate Solutions LLC    CALIFORNIA
I ALPS* CALR5161-5 Rev  05-19-08

**Exhibit D, Page 150**

**EXHIBIT A**

BORROWER(S):  RICHARD LARA AND VIRGINIA LARA

LOAN NUMBER: ███████████

LEGAL DESCRIPTION:

ALSO KNOWN AS:  13908 JOYCEDALE STREET, LA PUENTE, CALIFORNIA 91746

**\*\*Pursuant to a Purchase and Assumption Agreement dated September 25, 2008, JPMorgan Chase Bank, National Association acquired loans and certain other assets of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver, including but not limited to the Note and Security Instrument referenced in this Agreement. Although your loan was acquired by JPMorgan Chase Bank, your loan will continue to be serviced under the name "Washington Mutual" and you will make your payments to Washington Mutual.**

**Exhibit D, Page 151**

Date:  **JANUARY 1, 2009**
Loan Number:  ▮▮▮▮▮▮
Lender:  **WASHINGTON MUTUAL BANK**

Borrower:  **RICHARD LARA AND VIRGINIA LARA**

Property Address:  **13908 JOYCEDALE STREET
LA PUENTE, CALIFORNIA 91746**

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement. "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

| Borrower | Date |
|---|---|
| **RICHARD LARA** | 1-9-09 |

| Borrower | Date |
|---|---|
| **VIRGINIA LARA** | 1-9-09 |

| Borrower | Date |
|---|---|

| Borrower | Date |
|---|---|

| Borrower | Date |
|---|---|

| Borrower | Date |
|---|---|

First American Loan Production Services
© 2008 First American Real Estate Solutions LLC
FALPS# FAND033 Rev. 12-10-08

Notice of No Oral Agreements

Date: JANUARY 1, 2009
Loan Number: ▆▆▆▆▆▆▆
Lender: WASHINGTON MUTUAL BANK

Borrower: RICHARD LARA AND VIRGINIA LARA

Property Address: 13908 JOYCEDALE STREET
LA PUENTE, CALIFORNIA 91746

# ERRORS AND OMISSIONS
## COMPLIANCE AGREEMENT

In consideration of

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

| | | |
|---|---|---|
| RICHARD LARA | | Date |
| | | 1-9-09 |
| VIRGINIA LARA | | Date |
| | | 1-9-09 |
| | | Date |
| | | Date |
| | | Date |
| | | Date |

Errors and Omissions Compliance Agreement

**Exhibit D, Page 153**

# EXHIBIT A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Kent, County of Putnam and State of New York, bounded and described as Lots Nos. 8781, 8782, 8783 and 8784 and delineated on the map entitled, "Seventh Map of Lake Carmel, Town of Kent, Putnam County, New York: and filed in the Putnam County Clerk's Office February, 1931 as Map No. 130FF.

BEING the same premises as conveyed to Lawrence Wund and Carol Wund, his wife from Frank Tralongo and Lucette Tralongo, his wife by deed dated 10/02/1986 and recorded 12/08/1986 in the Putnam County Clerk's Office in Liber 925 at Page 48.

# EXHIBIT E

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Nancy Curry<br>Chapter 13 Standing Trustee<br>700 S. Flower St., Suite 1215<br>Los Angeles, CA 90017<br>(213) 689-3014 FAX (213) 689-3055<br>trustee13la@aol.com<br><br><br>*Chapter 13 Trustee* | **FILED & ENTERED**<br><br>FEB 29 2012<br><br>CLERK U.S. BANKRUPTCY COURT<br>Central District of California<br>BY jle        DEPUTY CLERK |

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA- <u>LOS ANGELES</u> DIVISION

| In re:<br><br>Lara, Richard Victor<br>Lara, Virginia<br><br><br><br>Debtor(s). | CASE NO.: 2:11-47312-VZ<br><br>CHAPTER: 13<br><br>**ORDER CONFIRMING<br>CHAPTER 13 PLAN**<br><br>DATE: February 28, 2012<br>TIME: 10:30 A.M.<br>COURTROOM: 1368<br>PLACE: 255 E. Temple Street<br>          Los Angeles, CA 90012 |
|---|---|

The Chapter 13 Plan or last amended plan, if any (the "Plan") of debtor(s), was filed on <u>08/31/2011</u>.

The Plan was served on the creditors pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure.  The debtor(s) appeared and was/were examined at a meeting conducted pursuant to 11 U.S.C. § 341(a).  The court finding that the Plan meets the requirements of 11 U.S.C. §1325, IT IS ORDERED AS FOLLOWS:

The Plan is hereby confirmed, with the following provisions:

1. Plan payments:

    a. ☒ The amount of each monthly plan payment is $<u>150.00</u>. The due date is the _____<u>31st</u>____day of each month for _<u>36</u>_ months.   The Plan provides for the payment of ___<u>1</u>___% of allowed claims for general unsecure creditors.

    b. ☐ The amount of each monthly plan payment is $_____for months _____. For months _____, the monthly plan payment is $_____, for months _____the monthly plan payment is $_____, for months_____the monthly plan payment is $_____.**[Repeat as needed]** The due date is ____day of each month.  The Plan provides for the payment of __0__% of allowed claims for general unsecured creditors.

2. Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to post-petition defaults by the debtor(s).

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*April 2010*                                            Page 1                                    **F 3015-1.21.ORDER**

**Exhibit E, Page 155**

3.  Other provisions:

a.  ☒ This is a base plan with the debtor(s) paying at least $5,400.00 of disposable income into the Plan.  The debtor(s) shall submit statements of income on an annual basis to the Trustee, which income shall be reviewed by the Trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%.  The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the debtor(s) or the claims have been paid in full without further notice or order from the court.

b.  ☒ The Trustee is authorized to make payment to holders of secured claims based on the Plan.  However, a filed claim will control the amount owed the creditor, unless an objection is filed, whether that amount is more or less than the amount provided by the Plan.

c.  ☒ Counsel for debtor(s) is awarded fees of $4,000.00; having previously received $2,200.00 counsel is entitled to payment of $1,800.00 from the estate.

d.  ☐ See attachment for additional provisions incorporated in this Order.

e.  ☐ Interlineations:

###

DATED: February 29, 2012

_____
United States Bankruptcy Judge

**Exhibit E, Page 156**

# EXHIBIT F

File No. CA-11-59937

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| JaVonne M. Phillips, Esq., SBN 187474<br>Merdaud Jafarnia, Esq., SBN 217262<br>McCarthy & Holthus, LLP<br>1770 Fourth Avenue<br>San Diego, California 92101<br><br>Phone (619) 685-4800 Ext. 1521<br>Fax (619) 685-4810<br>bknotice@mccarthyholthus.com | |

☐ *Movant appearing without an attorney*
☒ *Attorney for Movant*

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION

| In re:<br>Richard Victor Lara and Virginia Lara, Debtors;<br>and Nancy K Curry (TR), Chapter 13 Trustee, | CASE NO.: 2:11-bk-47312-VZ<br>CHAPTER: 13 |
|---|---|
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** |
| | DATE: 05/07/2013<br>TIME: 09:30AM<br>COURTROOM: 1368 |
| Debtors. | |

**MOVANT: JPMorgan Chase Bank, National Association, its assignees and/or successors**

**Movant is the (*check one*)**
☐ Holder of deed of trust
☒ Assignee of holder of deed of trust
☐ Servicing agent for holder of deed of trust or assignee of holder of deed of trust

1.  NOTICE IS HEREBY GIVEN to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an Order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

2.  **Hearing Location:**
☒ 255 East Temple Street, Los Angeles, CA 90012      ☐ 411 West Fourth Street, Santa Ana, CA 92701
☐ 21041 Burbank Boulevard, Woodland Hills, CA 91367   ☐ 1415 State Street, Santa Barbara, CA 93101
☐ 3420 Twelfth Street, Riverside, CA 92501

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012      Page 1      **F 4001-1.RFS.RP.MOTION**

**Exhibit F, Page 157**

File No. CA-11-59937

3. a. ☒ This motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1.  If you wish to oppose this motion, you must file a written response to this motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this motion.

   b. ☐ This motion is being heard on SHORTENED NOTICE.  If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

      ☐ at the hearing ☐ at least ____ days before the hearing.

      (1) ☐ A Motion for Order Shortening Time was not required according to the calendaring procedures of the assigned judge.

      (2) ☐ A Motion for Order Shortening Time was filed per LBR 9075-1(b) and was granted by the court, and such motion and order have been or are being served upon the Debtor and trustee, if any.

      (3) ☐ A Motion for Order Shortening Time has been filed and is pending.  Once the Court has ruled on that motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached motion and the deadline for filing and serving a written opposition to the motion, if any.

4. You may contact the clerk's office to obtain a copy of an approved court form for use in preparing your response (optional Court Form F 4001-1.RESPONSE), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the motion, if required, or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the motion and may grant the requested relief.

Date:  4/5/2013

McCarthy & Holthus, LLP
Printed name of law firm (if applicable)

/s/ Merdaud  Jafarnia
Printed name of individual Movant or attorney for Movant

Merdaud  Jafarnia, Esq.
Signature of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 2                          F 4001-1.RFS.RP.MOTION

Exhibit F, Page 158

File No. CA-11-59937

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY

1.  **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (Property):

    Street address: 13908 Joycedale Street
    Unit/suite no.:
    City, state, zip code: La Puente, CA 91746

    Legal description or document recording number (including county of recording): 2007-0520441, Los Angeles County, California

    ☒ See attached continuation page.

2.  **Case History:**

    a.  ☒ A voluntary petition ☐ An involuntary petition
        under chapter   ☐ 7 ☐ 11 ☐ 12 ☒ 13 was filed on *(specify date)*: 08/31/2011

    b.  ☐ An Order of Conversion to chapter   ☐ 7 ☐ 11 ☐ 12 ☐ 13
        was entered on *(specify date)*:

    c.  ☒ Plan, if any, was confirmed on *(specify date)*: 02/29/2012

    d.  ☐ Other bankruptcy cases affecting this Property were pending within the past two years.  See attached declaration.

3.  **Grounds for Relief from Stay:**

    a.  ☒ Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☐ Movant's interest in the Property is not adequately protected.

            (a) ☐ Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b) ☐ The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (c) ☐ No proof of insurance re Movant's collateral has been provided to Movant, despite borrower's obligation to insure the collateral under the terms of Movant's contract with Debtor.

            (d) ☐ Payments have not been made as required by an Adequate Protection Order previously granted to Movant.

        (2) ☐ The bankruptcy case was filed in bad faith to delay, hinder or defraud Movant.

            (a) ☐ Movant is the only creditor or one of very few creditors listed on the Debtor's master mailing matrix.

            (b) ☐ Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c) ☐ The Debtor filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the petition and a few other documents.  No other Schedules or Statement of Financial Affairs (or chapter 13 Plan, if appropriate) have been filed.

            (d) ☐ Other (*See attached continuation page*)

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                Page 3                        **F 4001-1.RFS.RP.MOTION**

**Exhibit F, Page 159**

File No. CA-11-59937

(3) ☒ *(Chapter 12 or 13 cases only)*

    (a) ☐  Postconfirmation plan payments have not been made to the standing trustee.

    (b) ☒  Postpetition payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐  For other cause for relief from stay, see attached continuation page.

b. ☐  Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has no equity in the Property, and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐  Pursuant to 11 U.S.C. § 362(d)(3), Debtor has failed within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐  Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐  Multiple bankruptcy filings affecting the Property.

4. ☐  Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

5. **Evidence in Support of Motion:  *(Important Note:  Declaration(s) in support of the Motion MUST be attached hereto.)***

a. ☒  Movant submits the attached declaration(s) on the court's approved forms (*if applicable*) to provide evidence in support of this motion pursuant to the LBR.

b. ☒  Other declaration(s) are also attached in support of this motion.

c. ☐  Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's Schedules.  Authenticated copies of the relevant portions of the schedules are attached as Exhibit _____.

d. ☒  Other evidence *(specify)*: Deed of Trust attached hereto as **Exhibit "1"**, Assignments attached hereto as **Exhibit "2"**, A copy of the promissory note is attached hereto as **Exhibit "3"**, Loan Modification Agreement attached hereto as **Exhibit "4"**, Payment History attached hereto as **Exhibit "5"** and Itemization of Costs and Advances attached hereto as **Exhibit "6"**, and see attached Continuation Page.

6. ☐  **An optional Memorandum of Points and Authorities is attached to this motion.**

**WHEREFORE, Movant prays that the court issue an Order terminating or modifying the stay and granting the following *(specify forms of relief requested)*:**

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. **Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor via telephone or written correspondence to offer such an agreement.  Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.**

3. ☐  Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012          Page 4          **F 4001-1.RFS.RP.MOTION**

**Exhibit F, Page 160**

File No. CA-11-59937

4.  ☒  Additional provisions requested:

  a.  ☒  That the 14-day stay described by FRBP 4001(a)(3) be waived.

  b.  ☐  That Extraordinary Relief be granted as set forth in the Attachment *(attach optional LBR Form F 4001-1.EXT.RELIEF.ATTACH)*.

  c.  ☐  For other relief requested, see attached continuation page.

5.  If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.

Date:  4/5/2013 _____                    Respectfully submitted,


                                               JPMorgan Chase Bank, National Association, its assignees
                                               and/or successors
                                               _____
                                               Printed name of Movant


                                               McCarthy & Holthus, LLP
                                               _____
                                               Printed name of attorney for Movant (if applicable)


                                               /s/ Merdaud  Jafarnia
                                               _____
                                               Signature of individual Movant or attorney for Movant


                                               Merdaud  Jafarnia, Esq.
                                               _____
                                               Printed name of individual Movant or attorney for Movant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                          Page 5                    **F 4001-1.RFS.RP.MOTION**

**Exhibit F, Page 161**

File No. CA-11-59937

# REAL PROPERTY DECLARATION

I, _GARY F. LISWOOD_____, declare as follows:
_(Print Name of Declarant)_

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because _(specify)_:

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☒ I am employed by Movant as _(state title and capacity)_: _VICE PRESIDENT_ for this account.

    ☐ Other _(specify)_:

2.  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  The Movant is:

    ☐ Original holder of the beneficial interest in the Property. A true and correct copy of a recorded proof of this interest is attached hereto as Exhibit _____. _(e.g. deed of trust)_.

    ☒ Assignee of the original holder of the beneficial interest in the Property. A true and correct copy of recorded proof of this interest is attached hereto as Exhibit __2__. _(E.g., allonge, assignment, et.al.)_

    ☐ Servicing or subservicing agent pursuant to a servicing agreement or other documented authorization to act as Movant for the owner of the beneficial interest. Attached hereto as Exhibit ___ is a true and correct copy of the relevant part of the document which reflects authority to act as Movant for the owner of the beneficial interest.

4.  a.  The address of the Property that is the subject of this Motion is:

        Street address: 13908 Joycedale Street
        Unit/suite No.:
        City, state, zip code: La Puente, CA 91746

    b.  The legal description or document recording number (including county of recording) set forth in Movant's deed of trust is attached as Exhibit "1".

        ☒ See attached page.

5.  Type of property _(check all applicable boxes)_:

    a. ☒ Debtor's(s') principal residence     b. ☐ Other single family residence
    c. ☐ Multi-unit residential               d. ☐ Commercial
    e. ☐ Industrial                           f. ☐ Vacant land
    g. ☐ Other _(specify)_:

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                              Page 6                      F 4001-1.RFS.RP.MOTION

**Exhibit F, Page 162**

File No. CA-11-59937

6.  Nature of Debtor's interest in the Property:

a.  ☐ Sole owner

b.  ☒ Co-owner(s) *(specify)*: Richard Lara and Virginia Lara, husband and wife and joint tenants (co-borrowers and co-debtors)

c.  ☐ Lien holder *(specify)*:

d.  ☐ Other *(specify)*:

e.  ☒ Debtor ☒ did ☐ did not   list the Property in the schedules filed in this case.

f.  ☐ Debtor acquired the interest in the Property by ☐ grant deed ☐ quitclaim deed ☐ trust deed

The deed was recorded on: 03/09/2007

7.  Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $442,175.79 |
| b. | Accrued interest: | $ | $ | $46,750.42 |
| c. | Late charges: | $ | $ | $729.36 |
| d. | Costs (attorney's fees, other costs): | $ | $ | $1,186.38 |
| e. | Advances (property taxes, insurance): | $ | $ | $1,950.93 |
| f. | Less suspense account or partial balance paid: | $ | $ | $(1,005.84) |
| g. | TOTAL CLAIM as of 03/22/2013: | $ | $ | $491,787.04 |
| h. | ☐ Loan is all due and payable because it matured on *(specify date)*: | | | |

8.  Movant holds a   ☒ deed of trust   ☐ judgment lien   ☐ other *(specify)* that encumbers the Property.

a.  A true and correct copy of the document as recorded is attached as **Exhibit "1"**.

b.  A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as **Exhibit "3"**.

c.  ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as **Exhibit "2"**.

9.  Status of Movant's foreclosure actions relating to the Property *(fill the date or check the box confirming no such action has occurred)*:

a.  Notice of default recorded on the following date: 07/22/2009 or none recorded ☐ [rescinded]

b.  Foreclosure sale originally scheduled for the following date: _____ or none scheduled ☒

c.  Foreclosure sale currently scheduled for the following date: _____ or none scheduled ☒

d.  Foreclosure sale already held on the following date: _____ or none scheduled ☒

e.  Trustee's deed on sale already recorded on the following date: _____ or none scheduled ☒

10.  Attached *(optional)* hereto as **Exhibit "5"** is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the petition date.

11.  ☐ (chapter 7 and 11 cases only):

Status of Movant's loan:

a.  Amount of current monthly payment: $_____ for the month of _____ 20___.

b.  Number of payments that have come due and were not made: _____. Total amount: $_____

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California

December 2012                    Page 7                    F 4001-1.RFS.RP.MOTION

**Exhibit F, Page 163**

File No. CA-11-59937

c.  Future payments due by time of anticipated hearing date (*if applicable*):

An additional payment of $_____ will come due on _____, and on the _____ day of
each month thereafter. If the payment is not received within _____ days of said due date, a late charge of $_____
will be charged to the loan.

d.  The fair market value of the entire Property is $_____ , established by:

☐ Appraiser's declaration with appraisal attached herewith as Exhibit _____.

☐ A real estate broker or other expert's declaration regarding value attached as Exhibit _____.

☐ A true and correct copy of relevant portion(s) of Debtor's(s') Schedules attached as Exhibit _____.

☐ Other (*specify*):

e.  **Calculation of equity in Property:**
Based upon ☐ preliminary title report  ☐ Debtor's admissions in the schedules filed in this case, the Property is
subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property.

| | Name of Holder | Amount as Scheduled by Debtor (*if any*) | Amount known to Declarant and Source |
|---|---|---|---|
| 1ST deed of trust: | | | |
| 2nd deed of trust: | | | |
| 3rd deed of trust: | | | |
| Judgment liens: | | | |
| Taxes: | | | |
| Other: | | | |

**TOTAL DEBT: $**

f.  Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _____  and
consists of:

☐ Preliminary title report

☐ Relevant portions of Debtor's schedules as filed in this case

☐ Other (*specify*):

g.  Subtracting the deed(s) of trust and other liens(s) set forth above from the value of the Property as set forth in
Paragraph 11d above, the Debtor's equity in the Property is $ _____ (§ 362(d)(2)(A)).

h.  The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is
$_____ (§ 362(d)(1)).

i.  Estimated costs of sale: $_____ (estimate based upon _____ % of estimated gross sale price)

j.  The fair market value of the Property is declining based on/due to:
_____
_____

12. ☒ (Chapter 12 and 13 cases only)

Chapter 12 or 13 case status information:

a.  341(a) meeting currently scheduled for (*or concluded on*) the following date: 10/07/2011
Confirmation hearing currently scheduled for (or concluded on) the following date: 07/16/2012
Plan confirmed on the following date (*if applicable*): 02/29/2012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                                    Page 8                        F 4001-1.RFS.RP.MOTION

**Exhibit F, Page 164**

File No. CA-11-59937

b.  Postpetition payments due BUT REMAINING UNPAID since the filing of the case:

| | (Number of) | | payment(s)/late charges | | Each | |
|---|---|---|---|---|---|---|
| (Number of) | 17 | payment(s) due at | $1,960.39 | Each = | $ | 33,326.63 |
| (Number of) | | payment(s) due at | $ | Each = | $ | |
| (Number of) | | payment(s) due at | $ | Each = | $ | |
| (Number of) | | payment(s) due at | $ | Each = | $ | |
| (Number of) | | late charges at | $ | Each = | $ | |
| (Number of) | | late charges at | $ | Each = | $ | |
| (Number of) | | late charges at | $ | Each = | $ | |
| (Number of) | | late charges at | $ | Each = | $ | |

(See attachment for additional breakdown or information attached as Exhibit _____.)

c.  Postpetition advances or other charges due but unpaid:          $0.00
(See attachment for details of type and amount attached as Exhibit _____).

d.  Attorneys' fees and costs                                       $826.00
(See attachment for details of type and amount attached as Exhibit __6__.)

e.  Less suspense account or partial paid balance            [$310.72        ]

TOTAL POSTPETITION DELINQUENCY:          $33,841.91

f.  Future payments due by time of anticipated hearing date (if applicable):
An additional payment of $1,960.39 will come due on 04/01/2013, and on the 1st day of
each month thereafter.  If the payment is not received by the 16th day of the month, a late charge of $0.00 will
be charged to the loan.

g.  Amount and date of the last 3 postpetition payments received in good funds, regardless of how applied, from the
Debtor, if applicable:

$  604.50 _____   received on 02/28/2013 _____
$  604.50 _____   received on 02/04/2013 _____
$  604.50 _____   received on 01/10/2013 _____

h.  ☐  The claim is provided for in the chapter 12 or 13 Plan.  Plan payment history is attached as Exhibit _____.

i.  ☐  See attached declaration(s) of Chapter 12 or 13 Trustee regarding receipt of payments under the plan (attach
LBR Form F 4001-1.DEC.AGENT.TRUSTEE).

13.  ☐  Movant has not been provided with evidence that the Property is currently insured, as required under the terms of
the loan.

14.  ☐  The court determined on _____ that the Property qualifies as "single asset real estate" as defined in
11 U.S.C. § 101(51B).  More than 90 days have passed since the filing of the petition, more than 30 days have
passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed
a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the
Debtor has not commenced the monthly payments to Movant as required by 11 U.S.C § 362(d)(3).

15.  ☐  See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay, hinder
or defraud Movant.

16.  ☐  The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

a.  ☐  The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
court approval. See attached continuation page for facts establishing the scheme.

b.  ☐  Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following
cases

| 1 | Case name: | Chapter: | |
|---|---|---|---|
| | Case number: | Date dismissed: | Date discharged: |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012                    Page 9                    F 4001-1.RFS.RP.MOTION

**Exhibit F, Page 165**

File No. CA-11-59937

Date filed:
Relief from stay re this Property    ☐ was    ☐ was not granted.

2.   Case name:              Chapter:
      Case number:       Date dismissed:        Date discharged:
      Date filed:
      Relief from stay re this Property    ☐ was    ☐ was not granted.

3.   Case name:              Chapter:
      Case number:       Date dismissed:        Date discharged:
      Date filed:
      Relief from stay re this Property    ☐ was    ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

17. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in paragraph 16(b) above.

c. ☐ For other facts justifying annulment, see attached continuation page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

3/29/13       GARY E. LISWOOD       _Gary E. Liswood_
Date           Printed name           Signature

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2012          Page 10          F 4001-1.RFS.RP.MOTION

**Exhibit F, Page 166**

File No. CA-11-59937

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:

1770 Fourth Avenue
San Diego, CA 92101

A true and correct copy of the foregoing document entitled (*specify*): **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

1. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)** Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On 4/5/2013 , I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

| UNITED STATES TRUSTEE | TRUSTEE | DEBTORS ATTORNEY |
|---|---|---|
| ustpregion16.la.ecf@usdoj.gov | Nancy K Curry (TR) | Barry E Borowitz |
| | ecfnc@trustee13.com | notices@blclaw.com |

☐ Service information continued on attached page

2. **SERVED BY UNITED STATES MAIL**:
On 4/5/2013                    , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

DEBTORS - Richard Victor Lara, 13908 East Joycedale Street, Valinda, CA 91746
Virginia Lara, 13908 East Joycedale Street, Valinda, CA 91746
JUDGE'S COPY - The Honorable Judge, Vincent P. Zurzolo, 255 E. Temple Street, Suite 1360, Los Angeles, CA 90012

☒ Service information continued on attached page

3. **SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ , I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| 4/5/2013 | Warb Wilcox | /s/ Warb Wilcox |
|---|---|---|
| *Date* | *Printed Name* | *Signature* |

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

June 2012                                    Page 11                    **F 9013-3.1.PROOF.SERVICE**
**Exhibit F, Page 167**

File No. CA-11-59937

**Continuation Sheet**

**Item 7 d. and 7 e., Page 7 -** *Costs (Attorney's Fees, Other Costs)*

Attached is a full itemization of the Costs and Advances.  **See Exhibit "6".**

**Item 5d., Page 4 –** *Other Evidence in Support of Motion*

JPMorgan Chase Bank, N.A., services the loan on the property referenced in this Motion for Relief. In the event the automatic stay in this case is lifted/set aside, this case dismisses, and/or the debtor obtains a discharge and a foreclosure action is commenced on the mortgaged property, the foreclosure will be conducted in the name of JPMorgan Chase Bank, National Association "Note-holder", directly or through an agent, has possession of the promissory note.  The promissory note is either made payable to Note-holder or has been duly endorsed.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2012*                     Page 12                     **F 4001-1.RFS.RP.MOTION**

**Exhibit F, Page 168**

1   JaVonne M. Phillips, Esq. SBN 187474
    Merdaud Jafarnia, Esq., SBN 217262
2   **McCarthy & Holthus, LLP**
    1770 Fourth Avenue
3   San Diego, CA 92101
    Phone (619) 685-4800 Ext. 1521
4   Fax (619) 685-4810
5   mjafarnia@mccarthyholthus.com

6   Attorney for: Movant,
7   JPMorgan Chase Bank, National Association, its assignees and/or successors

8
               **UNITED STATES BANKRUPTCY COURT**
9              **CENTRAL DISTRICT OF CALIFORNIA**
10

11  In re:                          |   Chapter: 13
12  Richard Victor Lara and Virginia Lara   |   Case No.: 2:11-bk-47312-VZ
13                Debtors.          |
14                                  |   Date: 05/07/2013
15                                  |   Time: 09:30AM
                                    |   Courtroom: 1368
16                                  |   Place: 255 E. Temple Street
17                                  |          Los Angeles, CA

18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///
29

-1-      File No. CA-11-59937/ Case No. 2:11-bk-47312-VZ
Supplemental Declaration in Support of Motion for Relief from Stay

**Exhibit F, Page 169**

**SUPPLEMENTAL DECLARATION IN SUPPORT OF**

**MOTION FOR RELIEF FROM THE AUTOMATIC STAY**

I, _GARY F. ITSUCO_ declare under penalty of perjury as follows:

1.    This supplemental declaration is provided in support of the Motion for Relief from Stay (the "Motion") filed contemporaneously herewith.

2.    I am _VICE PRESIDENT_ of JPMorgan Chase Bank, National Association ("Chase") and am authorized to sign this supplemental declaration on behalf of Chase.  In this position, I have access to the business records of Chase, and my responsibilities include ascertaining and verifying amounts due and payable as to delinquent bankruptcy accounts.

3.    The facts stated in this declaration are based upon information that I obtained by reviewing records maintained in the ordinary course of Chase's business, as part of regularly conducted business activity, by or from information transmitted by person(s) with knowledge of the events described therein, at or near the time of the event described.

4.    Richard Lara ("Borrower") executed a note dated March 2, 2007 in favor of Washington Mutual Bank, FA, in the original principal sum of $417,000.00 (the "Note").

5.    The Note is secured by a deed of trust encumbering certain real property commonly known as 13908 Joycedale Street, La Puente, CA 91746.

6.    The Movant's agent has possession of the original promissory note, and the note is endorsed in blank.

7.    As of March 22, 2013, the Borrower failed to make one or more post-petition payments with respect to this loan.

8.    The unpaid principal balance of this loan as of March 22, 2013 is $442,175.79.

9.    The following chart sets forth those post-petition payments that the borrower failed to make with respect to this loan as of March 22, 2013:

| Number of Missed Payments | From | To | Missed Principal and Interest | Missed Escrow (if applicable) | Monthly Payment Amount | Total Amounts Missed |
|---|---|---|---|---|---|---|
| 17 | 11/01/2011 | 03/01/2013 | 1,823.42 | 136.97 | $1,960.39 | $33,326.63 |
| Less postpetition partial payments (suspense balance): | | | | | | ($310.72) |

Total: $33,015.91

**Exhibit F, Page 170**

1    10. As of March 22, 2013 the total post-petition arrearage/delinquency needed to cure the

2    post-petition default is $33,841.91, consisting of (i) the foregoing total of missed postpetition

3    payments in the amount of $33,015.91, plus (ii) the following postpetition fees.

| Description | Amount |
|---|---|
| BKAttorney Fee | $650.00 |
| BK Filing Fee | $176.00 |

6

7    11. Attached hereto as **Exhibit "5"** is a payment history.

8

9    I hereby declare under penalty of perjury under the laws of the United States of America that the

10   foregoing is true and correct. Executed this _29th_ day of _March_, 2013.

11

12                                                          DECLARANT

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

29

**Exhibit F, Page 171**

**EXHIBIT A**

*17*

LOT 93 OF TRACT NO. 20949, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 573, PAGE(S) 36 TO 39 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

07 0520441

Form PR-S                                Page 3

14

**Exhibit F, Page 172**

LEGAL DESCRIPTION

**This page is part of your document - DO NOT DISCARD**



# 20070520441

Pages:
020



Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/09/07 AT 08:00AM**


ORIGINAL DEED

Fees:
Taxes: **$70.00**
Other: **$0.00**
Paid: **$0.00**
**$70.00**

**TitleCompany**



## TITLE(S) :

_____



L E A D    S H E E T



**Assessor's Identification Number (AIN)**
**To be completed by Examiner OR Title Company in black ink.**          **Number of AIN's Shown**

**THIS FORM IS NOT TO BE DUPLICATED**

E155422

15

**Exhibit F, Page 173**

EXHIBIT 1

TICOR TITLE CO
GLENDALE

Recording Requested By:

WASHINGTON MUTUAL BANK  FA

Return To:

WASHINGTON MUTUAL BANK  FA
2210 ENTERPRISE DR
FLORENCE, SC 29501
DOC OPS M/S FSCE 440



03/08/07

**20070520441**

Prepared By:

CARLOS DE LA ROSA



ZCA1
M08

——————— [Space Above This Line For Recording Data] ———————

# DEED OF TRUST

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined
in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this
document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated MARCH 02, 2007
together with all Riders to this document.
(B) "Borrower" is  RICHARD LARA AND,  VIRGINIA LARA, HUSBAND AND WIFE AND
JOINT TENANTS

Borrower's address is  13908 JOYCEDALE STREET, LA PUENTE, CA 91746
. Borrower is the trustor under this Security Instrument.

(C) "Lender" is  WASHINGTON MUTUAL BANK, FA

Lender is a  FEDERAL SAVINGS BANK
organized and existing under the laws of  THE UNITED STATES OF AMERICA

CALIFORNIA – Single Family – Fannie Mae/Freddie Mac UNIFORM INSTRUMENT       Form 3005 1/01

VMP®-6(CA) (0207)

Page 1 of 15        Initials: RL
VMP MORTGAGE FORMS - (800)521-7291



16



**Exhibit F, Page 174**

3

Lender's address is **2273 N. GREEN VALLEY PARKWAY, SUITE 14, HENDERSON, NV 89014**
Lender is the beneficiary under this Security Instrument.
(D) "Trustee" is   **CALIFORNIA RECONVEYANCE COMPANY, A CALIFORNIA CORP**

(E) "Note" means the promissory note signed by Borrower and dated **MARCH 03, 2007**
The Note states that Borrower owes Lender **FOUR HUNDRED SEVENTEEN THOUSAND AND 00/100**                                                                 Dollars
(U.S. $   **417,000.00**   ) plus interest. Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than **APRIL 01, 2037**
(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower (check box as applicable):

| | | |
|---|---|---|
| [X] Adjustable Rate Rider | [ ] Condominium Rider | [ ] Second Home Rider |
| [ ] Balloon Rider | [ ] Planned Unit Development Rider | [ ] Other(s) [specify] |
| [ ] 1-4 Family Rider | [ ] Biweekly Payment Rider | |

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and

Q7 0520441

VMP ®-6(CA) (0207)                    Page 2 of 15          Initials: RL
                                                                    VL          Form 3005 1/01

17

**Exhibit F, Page 175**

4

restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the COUNTY                                        of  LOS ANGELES                                    :
        [Type of Recording Jurisdiction]                       [Name of Recording Jurisdiction]
        THE LEGAL DESCRIPTION IS ATTACHED HERETO AS A SEPARATE EXHIBIT
        AND IS MADE A PART HEREOF.

SEE EXHIBIT "A"
ATTACHED

Parcel ID Number:  8464-015-015                             which currently has the address of
13908 JOYCEDALE STREET                                                              [Street]
LA PUENTE                                          [City], California  91746   [Zip Code]
("Property Address"):

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the

07 0520441

VMP -6(CA) (0207)                    Page 3 of 15              Initials: RL / VL          Form 3005 1/01

18

Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the

VMP®-6(CA) (0207)          Page 4 of 15          Initials:           Form 3005 1/01

**Exhibit F, Page 177**

term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

VMP®−6(CA) (0207)                    Page 5 of 15          Initials: RL VL.          Form 3005 1/01

Exhibit F, Page 178

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

5. **Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee and Borrower further agrees to generally assign rights to insurance proceeds to the holder of the Note up to the amount of the outstanding loan balance.

Initials: _RL_ _VL_

VMP ®-6(CA) (0207)       Page 6 of 15       Form 3005 1/01

21

07 0520441

**Exhibit F, Page 179**



In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

6. **Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

7. **Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

–6(CA) (0207)                    Page 7 of 15         Initials: RL / VL          Form 3005 1/01

Exhibit F, Page 180

9

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

-6(CA) (0207)                          Page 9 of 15                          Initials: RL / VL                          Form 3005 1/01

23

**Exhibit F, Page 181**

*10*

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. **Assignment of Miscellaneous Proceeds; Forfeiture.** All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or

*VMP* –6(CA) (0207)          Page 9 of 15          Initials: *RL* *VL*          Form 3005 1/01

24

**Exhibit F, Page 182**

*11*

loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

12. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

13. **Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

14. **Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to

-6(CA) (0207)          Page 10 of 15          Initials: *RL*  *VL*          Form 3005 1/01

*12*

make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

**16. Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

**17. Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

**18. Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

**19. Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to any power of sale contained in this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred

07  0520441

—6(CA) (0207)

Page 11 of 15

Initials: _PL_
_VL_



Form 3005 1/01

26

*13*

in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action. If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph. The notice of acceleration and opportunity to cure given to Borrower pursuant to Section 22 and the notice of acceleration given to Borrower pursuant to Section 18 shall be deemed to satisfy the notice and opportunity to take corrective action provisions of this Section 20.

21. **Hazardous Substances.** As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual

Q7 052 0441

VMP® -6(CA) (0207)

Page 12 of 15

Initials: _RL_
_VL_

Form 3005 1/01

27

*14*

knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property. If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law. Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

22. Acceleration; Remedies. Lender shall give notice to Borrower prior to acceleration following Borrower's breach of any covenant or agreement in this Security Instrument (but not prior to acceleration under Section 18 unless Applicable Law provides otherwise). The notice shall specify: (a) the default; (b) the action required to cure the default; (c) a date, not less than 30 days from the date the notice is given to Borrower, by which the default must be cured; and (d) that failure to cure the default on or before the date specified in the notice may result in acceleration of the sums secured by this Security Instrument and sale of the Property. The notice shall further inform Borrower of the right to reinstate after acceleration and the right to bring a court action to assert the non-existence of a default or any other defense of Borrower to acceleration and sale. If the default is not cured on or before the date specified in the notice, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may invoke the power of sale and any other remedies permitted by Applicable Law. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

If Lender invokes the power of sale, Lender shall execute or cause Trustee to execute a written notice of the occurrence of an event of default and of Lender's election to cause the Property to be sold. Trustee shall cause this notice to be recorded in each county in which any part of the Property is located. Lender or Trustee shall mail copies of the notice as prescribed by Applicable Law to Borrower and to the other persons prescribed by Applicable Law. Trustee shall give public notice of sale to the persons and in the manner prescribed by Applicable Law. After the time required by Applicable Law, Trustee, without demand on Borrower, shall sell the Property at public auction to the highest bidder at the time and place and under the terms designated in the notice of sale in one or more parcels and in any order Trustee determines. Trustee may postpone sale of all or any parcel of the Property by public announcement at the time and place of any previously scheduled sale. Lender or its designee may purchase the Property at any sale.

Trustee shall deliver to the purchaser Trustee's deed conveying the Property without any covenant or warranty, expressed or implied. The recitals in the Trustee's deed shall be prima facie evidence of the truth of the statements made therein. Trustee shall apply the proceeds of the sale in the following order: (a) to all expenses of the sale, including, but not limited to, reasonable Trustee's and attorneys' fees; (b) to all sums secured by this Security Instrument; and (c) any excess to the person or persons legally entitled to it.

23. Reconveyance. Upon payment of all sums secured by this Security Instrument, Lender shall request Trustee to reconvey the Property and shall surrender this Security Instrument and all notes evidencing debt secured by this Security Instrument to Trustee. Trustee shall reconvey the Property without warranty to the person or persons legally entitled to it. Lender may charge such person or persons a reasonable fee for reconveying the Property, but only if the fee is paid to a third party (such as the Trustee) for services rendered and the charging of the fee is permitted under Applicable Law. If the fee charged does not exceed the fee set by Applicable Law, the fee is conclusively presumed to be reasonable.

24. Substitute Trustee. Lender, at its option, may from time to time appoint a successor trustee to any Trustee appointed hereunder by an instrument executed and acknowledged by Lender and recorded in the office of the Recorder of the county in which the Property is located. The instrument shall contain the name of the original Lender, Trustee and Borrower, the book and page where this Security Instrument is recorded and the name and address of the successor trustee.

07 0520441

-6(CA) (0207)                    Page 13 of 15          Initials: *RL*  *VL.*          Form 3005 1/01

28

*15*

ZCA2

Without conveyance of the Property, the successor trustee shall succeed to all the title, powers and duties conferred upon the Trustee herein and by Applicable Law. This procedure for substitution of trustee shall govern to the exclusion of all other provisions for substitution.

25. **Statement of Obligation Fee.** Lender may collect a fee not to exceed the maximum amount permitted by Applicable Law for furnishing the statement of obligation as provided by Section 2943 of the Civil Code of California.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____          _____ (Seal)
                                                                    -Borrower

                                          RICHARD LARA

_____          _____ (Seal)
                                                                    -Borrower

                                          VIRGINIA LARA

                      _____ (Seal)          _____ (Seal)
                                              -Borrower                                        -Borrower

                      _____ (Seal)          _____ (Seal)
                                              -Borrower                                        -Borrower

                      _____ (Seal)          _____ (Seal)
                                              -Borrower                                        -Borrower

07 0520441

VMP®–6(CA) (0207)                          Page 14 of 15                          Form 3005 1/01

29

**Exhibit F, Page 187**

*16*

State of California
County of  LOS ANGELES                                    } ss.

On *March 02, 2007*          before me,  *Joe Aleman, Notary Public*
                                                                                        personally appeared

RICHARD LARA, VIRGINIA LARA

~~personally known to me~~ (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed the instrument.
WITNESS my hand and official seal.

_____ (Seal)

JOE ALEMAN
Commission # 1489815
Notary Public - California
Los Angeles County
My Comm. Expires May 16, 2008

–6(CA) (0207)                    Page 15 of 15            Initials: *RL*            Form 3005 1/01
                                                                          *VL*

07 0520441

30

**Exhibit F, Page 188**

**EXHIBIT A**

/7

LOT 93 OF TRACT NO. 20949, IN THE COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 573, PAGE(S) 36 TO 39 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

Form PR-S                                    Page 3

**Exhibit F, Page 189**

R2US
M08

# FIXED/ADJUSTABLE RATE RIDER
### (LIBOR One-Year Index (As Published In *The Wall Street Journal*) - Rate Caps)

THIS FIXED/ADJUSTABLE RATE RIDER is made this 2ND day of MARCH, 2007, and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") of the same date given by the undersigned ("Borrower") to secure Borrower's Fixed/Adjustable Rate Note (the "Note") to
WASHINGTON MUTUAL BANK, FA

("Lender") of the same date and covering the property described in the Security Instrument and located at:
13908 JOYCEDALE STREET
LA PUENTE, CA 91746
(Property Address)

**THE NOTE PROVIDES FOR A CHANGE IN BORROWER'S FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE. THE NOTE LIMITS THE AMOUNT BORROWER'S ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE BORROWER MUST PAY.**

**ADDITIONAL COVENANTS.** In addition to the covenants and agreements made in the Security Instrument, Borrower and Lender further covenant and agree as follows:

## A. ADJUSTABLE RATE AND MONTHLY PAYMENT CHANGES
The Note provides for an initial fixed interest rate of 6.500 %. The Note also provides for a change in the initial fixed rate to an adjustable interest rate, as follows:
## 4. ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES
### (A) Change Dates
The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of APRIL 01, 2017, and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."



**MULTISTATE FIXED/ADJUSTABLE RATE RIDER - WSJ One-Year LIBOR – Single Family – Fannie Mae Uniform Instrument                     Form 3187 6/01**
-168R (0401)
Page 1 of 4        Initials: RL
VMP Mortgage Solutions                VL
(800)521-7291



32

07 0520441

*19*

**(B) The Index**

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding     THREE     percentage points (     3.000     %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than   11.500   % or less than   3.000   %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than   11.500   %.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my initial fixed interest rate to an adjustable interest rate and of any changes in my adjustable interest rate before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

**B. TRANSFER OF THE PROPERTY OR A BENEFICIAL INTEREST IN BORROWER**

1. Until Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument shall read as follows:

Q7 0520441

-168R (0401)            Page 2 of 4          Initials: *RL* *VL*          Form 3187 6/01

33

**Exhibit F, Page 191**

*20*

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

2. When Borrower's initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section A above, Uniform Covenant 18 of the Security Instrument described in Section B1 above shall then cease to be in effect, and the provisions of Uniform Covenant 18 of the Security Instrument shall be amended to read as follows:

**Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

Initials: *RL*
*VL*

⊕®-168R (0401)          Page 3 of 4          Form 3187 6/01

07 0520441

34

**Exhibit F, Page 192**

*21*

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Fixed/Adjustable Rate Rider.

_____ (Seal)  
                –Borrower  
RICHARD LARA

_____ (Seal)  
                –Borrower  
VIRGINIA LARA

_____ (Seal)  
                –Borrower

_____ (Seal)  
                –Borrower

_____ (Seal)  
                –Borrower

_____ (Seal)  
                –Borrower

_____ (Seal)  
                –Borrower

_____ (Seal)  
                –Borrower

-168R (0401)                    Page 4 of 4                    Form 3187 6/01

07 0520441

**Exhibit F, Page 193**



**This page is part of your document - DO NOT DISCARD**



**20130276402**



Pages:
0002

**Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California**

**02/22/13 AT 10:25AM**

| | |
|---|---|
| FEES: | 18.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 18.00 |



**L E A D S H E E T**





**SEQ:
01**

**ERDS - Daily**



**THIS FORM IS NOT TO BE DUPLICATED**

E13

*E186156*

36

[RECORDING REQUESTED BY]
NATIONWIDE TITLE CLEARING
[AND WHEN RECORDED MAIL TO]
JPMorgan Chase Bank, NA
C/O NTC 2100 Alt. 19 North
Palm Harbor, FL 34683

Loan ███████████



## CORPORATE ASSIGNMENT OF DEED OF TRUST

Contact JPMORGAN CHASE BANK, N.A. for this instrument 780 Kansas Lane, Suite A, Monroe, LA 71203, telephone # (866) 756-8747, which is responsible for receiving payments.

FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency of which is hereby acknowledged, the undersigned, FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA, 71203, (ASSIGNOR), by these presents does convey, grant, assign, transfer and set over the described Deed of Trust without recourse, representation or warranty, together with all right, title and interest secured thereby, all liens, and any rights due or to become due thereon to JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, WHOSE ADDRESS IS 700 Kansas Lane, MC 8000, MONROE, LA 71203 (866)756-8747, ITS SUCCESSORS OR ASSIGNS, (ASSIGNEE).

Said Deed of Trust made by RICHARD LARA AND VIRGINIA LARA and recorded on 03/09/2007 as Instrument # 20070520441 in Book n/a, Page n/a in the office of the LOS ANGELES County Recorder, California.

Property more commonly known as: 13908 JOYCEDALE STREET, LA PUENTE, CA 91746

This Assignment is made without recourse, representation or warranty, express or implied, by the FDIC in its corporate capacity or as Receiver.

This Assignment is intended to further memorialize the transfer that occured by operation of law on September 25, 2008 as authorized by Section 11(d)(2)(G)(i)(II) of the Federal Deposit Insurance Act, 12 U.S.C. S1821 (d)(2)(G)(i)(II)

IN WITNESS WHEREOF, this Assignment is executed on ⟨handwritten⟩ 02 / 12 /2013 (MM/DD/YYYY)
FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA, by JPMORGAN CHASE BANK, NATIONAL ASSOCIATION, its Attorney-in-Fact    POA RECORDED: 11/07/2012 DOC#: 20121694975

By: ⟨signature⟩
Marquetha Williams
VICE PRESIDENT

### ACKNOWLEDGEMENT

STATE OF LOUISIANA
PARISH OF OUACHITA
On 02 / 12 /2013 (MM/DD/YYYY), before me appeared ⟨handwritten⟩ Marquetha Williams to me personally known, who did say that he/she/they is/are the VICE PRESIDENT of JPMORGAN CHASE BANK, NATIONAL ASSOCIATION as Attorney-in-Fact for FEDERAL DEPOSIT INSURANCE CORPORATION, AS RECEIVER OF WASHINGTON MUTUAL BANK F/K/A WASHINGTON MUTUAL BANK, FA and that the instrument was signed on behalf of the corporation (or association), by authority from its board of directors, and that he/she/they acknowledged the instrument to be the free act and deed of the corporation (or association).

⟨signature⟩
Eva Reese
Notary Public - State of LOUISIANA
Commission expires: Upon My Death

⟨notary seal: EVA REESE NOTARY 17070 PUBLIC⟩

Document Prepared By: E.Lance/NTC, 2100 Alt. 19 North, Palm Harbor, FL 34683 (800)346-9152
JPCA ███████████████████████████

37

**Exhibit F, Page 195**

28US
M08

# ADJUSTABLE RATE NOTE

(One-Year LIBOR Index (As Published In *The Wall Street Journal*) - Rate Caps)

**THIS NOTE CONTAINS PROVISIONS ALLOWING FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE INTEREST RATE AND FOR CHANGES IN MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY.**

MARCH 03, 2007                    GLENDALE,                        CALIFORNIA
[Date]                               [City]                            [State]

13908 JOYCEDALE STREET, LA PUENTE, CA 91746
[Property Address]

### 1.  BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 417,000.00  (this amount is called "Principal"), plus interest, to the order of Lender. Lender is  WASHINGTON MUTUAL BANK, FA

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2.  INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of  6.500  %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

### 3.  PAYMENTS

(A) Time and Place of Payments

I will make a payment on the first day of every month, beginning on  MAY 01, 2007
Before the First Principal and Interest Payment Due Date as described in Section 4 of this Note, my payment will consist only of the interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment every month as provided below.

I will make my monthly payments of principal and interest beginning on the First Principal and Interest Payment Due Date as described in Section 4 of this Note. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal. If, on  APRIL 01, 2037  , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at  P.O.BOX 78148 PHOENIX, AZ 85062-8148

or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments

My monthly payment will be in the amount of U.S. $  2,258.75  before the First Principal and Interest Payment Due Date, and thereafter will be in an amount sufficient to repay the principal and interest at the rate determined as described in Section 4 of this Note in substantially equal installments by the Maturity Date. The Note Holder will notify me prior to the date of change in monthly payment.

MULTISTATE ADJUSTABLE RATE NOTE – ONE-YEAR LIBOR INDEX – Single Family

Page 1 of 5

W170NMU (0407)                    VMP Mortgage Solutions, Inc. (800)521-7291                    Initials: RL

Exhibit F, Page 196

EXHIBIT 3

(C) Monthly Payment Changes

Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 or 5 of this Note.

## 4.   ADJUSTABLE INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The initial fixed interest rate I will pay will change to an adjustable interest rate on the first day of APRIL 01, 2017 , and the adjustable interest rate I will pay may change on that day every 12th month thereafter. The date on which my initial fixed interest rate changes to an adjustable interest rate, and each date on which my adjustable interest rate could change, is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for one-year U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the date 45 days before each Change Date is called the "Current Index."

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding THREE percentage points ( 3.000 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 11.500 % or less than 3.000 %. Thereafter, my adjustable interest rate will never be increased or decreased on any single Change Date by more than two percentage points from the rate of interest I have been paying for the preceding 12 months. My interest rate will never be greater than 11.500 %.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

Before the effective date of any change in my interest rate and/or monthly payment, the Note Holder will deliver or mail to me a notice of such change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

(G) Date of First Principal and Interest Payment

The date of my first payment consisting of both principal and interest on this Note (the "First Principal and Interest Payment Due Date") shall be the first monthly payment date after the first Change Date.

## 5.   BORROWER'S RIGHT TO PREPAY

I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. If the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, my partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

**Exhibit F, Page 197**

6.   LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

7.   BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of  FIFTEEN calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be     5.000        % of my overdue payment of interest, during the period when my payment is interest only, and of principal and interest thereafter. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

8.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

9.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10.   WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

W170NMU (0407)                          Page 3 of 5                          Initials: *RL*

**Exhibit F, Page 198**

## 11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

(A) Until my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument shall read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

(B) When my initial fixed interest rate changes to an adjustable interest rate under the terms stated in Section 4 above, Uniform Covenant 18 of the Security Instrument described in Section 11(A) above shall then cease to be in effect, and Uniform Covenant 18 of the Security Instrument shall instead read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____ (Seal)      _____ (Seal)
RICHARD LARA            -Borrower                              -Borrower

_____ (Seal)      _____ (Seal)
                        -Borrower                              -Borrower

_____ (Seal)      _____ (Seal)
                        -Borrower                              -Borrower

_____ (Seal)      _____ (Seal)
                        -Borrower                              -Borrower

*(Sign Original Only)*

Pay to the order of

Without Recourse
WASHINGTON MUTUAL BANK, FA

By _____
   CYNTHIA RILEY
   VICE PRESIDENT

W170NMU (0407)                    Page 5 of 5

42

**Exhibit F, Page 200**

This instrument was prepared by:
MICHELLE NEAL
WASHINGTON MUTUAL BANK
7255 BAYMEADOWS WAY
JACKSONVILLE, FL 32256

When Recorded Mail To:
FIRST AMERICAN TITLE
P.O. BOX 27670
SANTA ANA, CA  92799-7670
ATTN: LMTS

_____  [Space Above This Line For Recording Data] _____

Original Recorded Date: MARCH 9, 2007          Freddie Mac Loan No.
Original Principal Amount: $   417,000.00       Loan No.

## LOAN MODIFICATION AGREEMENT
### (To a Fixed Interest Rate)

**IF THE LOAN MODIFICATION AGREEMENT MUST BE RECORDED, TWO ORIGINAL LOAN MODIFICATION AGREEMENTS MUST BE EXECUTED BY THE BORROWER: ONE ORIGINAL IS TO BE FILED WITH THE NOTE AND ONE ORIGINAL IS TO BE RECORDED IN THE LAND RECORDS WHERE THE SECURITY INSTRUMENT IS RECORDED**

This Loan Modification Agreement (the "Agreement"), made and effective this   **8TH**   day of **JANUARY, 2009**                 , between
**WASHINGTON MUTUAL BANK**
                                                                        ("Lender")

and   **RICHARD LARA AND, VIRGINIA LARA, HUSBAND AND WIFE AND JOINT TENANTS**


                                                                        ("Borrower"),
modifies and amends certain terms of Borrower's indebtedness evidenced by (1) the Note (the "Note") to Lender dated **MARCH 2, 2007**          , in the original principal sum of U.S. $   **417,000.00**   and secured by (2) the Mortgage, Deed of Trust, or Security Deed (the "Security Instrument") and Rider(s), if any, dated the same date as the Note and recorded in **Instrument No. 20070520441**
of the **Official**                 Records of **LOS ANGELES COUNTY, CALIFORNIA**                . The
         [Name of Records]                    [County and State, or other jurisdiction]
Security Instrument covers the real and personal property described in the Security Instrument and defined as the "Property", located at:
**13908 JOYCEDALE STREET, LA PUENTE, CALIFORNIA 91746**


                                        [Property Address]


MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate) –Single Family--Freddie Mac UNIFORM INSTRUMENT         **Form 5161**
First American Loan Production Services                                                                       X.04   (page 1 of 5)
First American Real Estate Solutions LLC                                                                          **CALIFORNIA**
FALPS# CAFR5161 Rev  07/28/08

**Exhibit F, Page 201**        **EXHIBIT 4**

the real property described being set forth as follows:

## SEE EXHIBIT "A" ATTACHED HERETO AND MADE A PART HEREOF;

In consideration of the mutual promises and agreements exchanged, Lender and Borrower agree as follows (notwithstanding anything to the contrary contained in the Note and Security Instrument):

1. **Current Balance.** As of **JANUARY 1, 2009**       , the amount payable under the Note and Security Instrument (the "Unpaid Principal Balance") is U.S. $      **430,091.53**       .

2. **Interest Rate.** Borrower promises to pay the Unpaid Principal Balance, plus interest, to the order of Lender. Interest will be charged on the Unpaid Principal Balance at the yearly rate of   **4.500**   %. beginning **JANUARY 1, 2009**       , both before and after any default described in the Note. The yearly rate of   **4.500**   % will remain in effect until principal and interest is paid in full.

3. **Monthly Payments and Maturity Date.** Borrower promises to make monthly payments of principal and interest of U.S. $   **1,933.53**   , beginning on the   **1ST**   day of **FEBRUARY, 2009**       , and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on **JANUARY 01, 2049** (the "Maturity Date"), Borrower still owes amounts under the Note and the Security Instrument, as amended by this Modification Agreement, the Borrower will pay these amounts in full on the Maturity Date.

4. **Place of Payment.** Borrower must make the monthly payments , at **P.O. BOX 41275 JACKSONVILLE, FLORIDA 32203** or such other place as Lender may require.

5. **Partial Payments.** Borrower may make a full prepayment or partial prepayments without paying any prepayment charge. Lender will use the prepayments to reduce the amount of principal that Borrower owes under the Note. However, Lender may apply the Prepayment to the accrued and unpaid interest on the prepayment amount before applying the prepayment to reduce the principal amount of the Note. If Borrower makes a partial prepayment, there will be no changes in the due dates or the amount of the monthly payments unless Lender agrees in writing to those changes.

MULTISTATE LOAN MODIFICATION AGREEMENT (for a Fixed Interest rate) –Single Family–Freddie Mac UNIFORM INSTRUMENT          Form 5161
First American Loan Production Services                                                                                                          3/04    page 2 of 5)
First American Real Estate Solutions LLC                                                                                                               CALIFORNIA
FALPS# CAFR5161-2 Rev 02-19-08

44

6.   Property Transfer.   If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by the Security Instrument.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 of the Security Instrument, within which Borrower must pay all sums secured by the Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand of Borrower.

7.   Compliance with Covenants. Borrower also will comply with all other covenants, agreements, and requirements of the Security Instrument, including without limitation, Borrower's covenants and agreements to make all payments of taxes, insurance premiums, assessments, escrow items, impounds, and all other payments that Borrower is obligated to make under the Security Instrument.

(Acknowledgments on following page)

MULTISTATE LOAN MODIFICATION AGREEMENT (Fo a Fixed Interest rate) –Single Family –Freddie Mac UNIFORM INSTRUMENT          Form 5161
First American Loan Production Services                                                                                         3/04   page 3 of 5-
First American Real Estate Solutions LLC                                                                                               CALIFORNIA
FALPS• CAFR5161-3 Rev 05-19-06

45

Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except where otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement.

In Witness Whereof, Lender and Borrower have executed this Agreement.

**WASHINGTON MUTUAL BANK**

_Michelle Neal_           - Lender

Name: MICHELLE NEAL
Its: ASSISTANT VICE PRESIDENT

_Richard Lara_           - Borrower

RICHARD LARA

_Virginia Lara_           - Borrower

VIRGINIA LARA

          - Borrower

          - Borrower

          - Borrower

          - Borrower

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate)--Single Family--Freddie Mac UNIFORM INSTRUMENT     Form 5161
First American Loan Production Services     3/04    (page 4 of 5)
First American Real Estate Solutions LLC     CALIFORNIA
FALPS+ CAFR5161-4 Rev. 05-19-06

46

[Space Below This Line for Acknowledgment]

## BORROWER'S ACKNOWLEDGMENT

State of California )
County of **LOS ANGELES** )
On **JAN. 30, 2009** before me, **ODDY CHWA (NOTARY PUBLIC)** , personally appeared
**RICHARD LARA AND VIRGINIA LARA** _____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing
paragraph is true and correct.

WITNESS my hand and official seal.

_____  _____ (Notary Seal)
Signature of Notary Public

> ODDY CHWA
> Commission # 1633879
> Notary Public - California
> Los Angeles County
> My Comm. Expires Dec 31, 2009

## LENDER'S ACKNOWLEDGMENT

State of **Florida** )
County of **Duval** )
On **FEB 0 8 2009** before me, **John K Vaughan** , personally appeared
**MICHELLE NEAL, ASSISTANT VICE PRESIDENT** _____
who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____  _____ (Notary Seal)
Signature of Notary Public

> JOHN K. VAUGHAN
> MY COMMISSION # DD 562620
> EXPIRES: October 8, 2010
> Bonded Thru Notary Public Underwriters

MULTISTATE LOAN MODIFICATION AGREEMENT (To a Fixed Interest rate)--Single Family--Freddie Mac UNIFORM INSTRUMENT    Form 5161
First American Loan Production Services                                                         3/04    page 5 of 5
First American Real Estate Solutions LLC                                                         CALIFORNIA
FALPS-CALR5161-5 Rev. 05-19-08

47

## EXHIBIT A

**BORROWER(S):   RICHARD LARA AND VIRGINIA LARA**

**LOAN NUMBER:** ███████

**LEGAL DESCRIPTION:**

**ALSO KNOWN AS:  13908 JOYCEDALE STREET, LA PUENTE, CALIFORNIA 91746**

**\*\*Pursuant to a Purchase and Assumption Agreement dated September 25, 2008, JPMorgan Chase Bank, National Association acquired loans and certain other assets of Washington Mutual Bank from the Federal Deposit Insurance Corporation acting as receiver, including but not limited to the Note and Security Instrument referenced in this Agreement.  Although your loan was acquired by JPMorgan Chase Bank, your loan will continue to be serviced under the name "Washington Mutual" and you will make your payments to Washington Mutual.**

FAND# EXHIBIT A Rev. 07-03-07

48

Date:  JANUARY 1, 2009
Loan Number:  █████████
Lender:     WASHINGTON MUTUAL BANK

Borrower:   RICHARD LARA AND VIRGINIA LARA

Property Address:    13908 JOYCEDALE STREET
                     LA PUENTE, CALIFORNIA 91746

# NOTICE OF NO ORAL AGREEMENTS

**THIS WRITTEN LOAN AGREEMENT REPRESENTS THE FINAL AGREEMENT BETWEEN THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES.**

**THERE ARE NO UNWRITTEN ORAL AGREEMENTS BETWEEN THE PARTIES.**

**Receipt of Notice.** The undersigned hereby admit to having each received and read a copy of this Notice on or before execution of the Loan Agreement.  "Loan Agreement" means one or more promises, promissory notes, agreements, undertakings, security agreements, deeds of trust or other documents, or commitments, or any combination of those actions or documents, pursuant to which a financial institution loans or delays repayment of or agrees to loan or delay repayment of money, goods or any other thing of value or to otherwise extend credit or make a financial accommodation.

| Borrower | | Date |
|---|---|---|
| **RICHARD LARA** | *(signature)* | 1-9-09 |

| Borrower | | Date |
|---|---|---|
| **VIRGINIA LARA** | *(signature)* | 1-9-09 |

| Borrower | Date |
|---|---|
| | |

| Borrower | Date |
|---|---|
| | |

| Borrower | Date |
|---|---|
| | |

| Borrower | Date |
|---|---|
| | |

First American Loan Production Services
© 2008 First American Real Estate Solutions LLC
FALPS® FAND033 Rev. 12-10-08

Notice of No Oral Agreements

49

Date: JANUARY 1, 2009
Loan Number: ▮▮▮▮▮▮▮
Lender: WASHINGTON MUTUAL BANK

Borrower: RICHARD LARA AND VIRGINIA LARA

Property Address: 13908 JOYCEDALE STREET
LA PUENTE, CALIFORNIA 91746

# ERRORS AND OMISSIONS
## COMPLIANCE AGREEMENT

In consideration of

(the "Lender") agreeing to modify the referenced loan (the "Loan") to the Borrower, the Borrower agrees that if requested by the Lender, the Borrower will correct, or cooperate in the correction of, any clerical errors made in any document or agreement entered into in connection with the modification of the Loan, if deemed necessary or desirable in the reasonable discretion of the Lender, to enable Lender to sell, convey, seek guaranty or market the Loan to any entity, including without limitation, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Government National Mortgage Association, the Federal Housing Authority, the Department of Veterans Affairs or any municipal bond authority.

The Borrower agrees to comply with all such requests made by the Lender within 30 days of receipt of written request from the Lender. Borrower agrees to assume all costs that may be incurred by the Lender, including without limitation, actual expenses, legal fees and marketing losses, as a result of the Borrower's failure to comply with all such requests within such 30 day time period.

The Borrower makes this agreement in order to assure that the documents and agreements executed in connection with the modification of the Loan will conform to and be acceptable in the marketplace in the event the Loan is transferred, conveyed, guaranteed or marketed by the Lender.

_____ Date
RICHARD LARA                                    *Richard L...*   1-9.09

_____ Date
VIRGINIA LARA                                    *Virginia Lara*   1-9-09

_____ Date

_____ Date

_____ Date

_____ Date

First American Loan Production Services                    Errors and Omissions Compliance Agreement
©2008 First American Real Estate Solutions LLC
FALPS® FAND034 Rev. 12-10-08

50

**Exhibit F, Page 208**

## EXHIBIT A

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Kent, County of Putnam and State of New York, bounded and described as Lots Nos. 8781, 8782, 8783 and 8784 and delineated on the map entitled, "Seventh Map of Lake Carmel, Town of Kent, Putnam County, New York: and filed in the Putnam County Clerk's Office February, 1931 as Map No. 130FF.

BEING the same premises as conveyed to Lawrence Wund and Carol Wund, his wife from Frank Tralongo and Lucette Tralongo, his wife by deed dated 10/02/1986 and recorded 12/08/1986 in the Putnam County Clerk's Office in Liber 925 at Page 48.

51

**Postpetition Payment History**

| Payment Due Date | Amount Due | Transaction Date | Received Amount | Notes | Suspense | Applied Post-Petition |
|---|---|---|---|---|---|---|
| | | 9/6/2011 | $604.50 | | $604.50 | |
| | | 11/6/2011 | $604.50 | | $1,209.00 | |
| | | 11/8/2011 | $604.50 | | $1,813.50 | |
| 9/1/2011 | $1,960.39 | 12/7/2011 | $604.50 | | $457.61 | 9/1/2011 |
| | | 1/10/2013 | $604.50 | | $1,062.11 | |
| | | 2/4/2013 | $604.50 | | $1,666.61 | |
| 10/1/2011 | $1,960.39 | 2/28/2013 | $604.50 | | $310.72 | 10/1/2011 |
| 11/1/2011 | $1,960.39 | | | | $310.72 | |
| 12/1/2011 | $1,960.39 | | | | $310.72 | |
| 1/1/2012 | $1,960.39 | | | | $310.72 | |
| 2/1/2012 | $1,960.39 | | | | $310.72 | |
| 3/1/2012 | $1,960.39 | | | | $310.72 | |
| 4/1/2012 | $1,960.39 | | | | $310.72 | |
| 5/1/2012 | $1,960.39 | | | | $310.72 | |
| 6/1/2012 | $1,960.39 | | | | $310.72 | |
| 7/1/2012 | $1,960.39 | | | | $310.72 | |
| 8/1/2012 | $1,960.39 | | | | $310.72 | |
| 9/1/2012 | $1,960.39 | | | | $310.72 | |
| 10/1/2012 | $1,960.39 | | | | $310.72 | |
| 11/1/2012 | $1,960.39 | | | | $310.72 | |
| 12/1/2012 | $1,960.39 | | | | $310.72 | |
| 1/1/2013 | $1,960.39 | | | | $310.72 | |
| 2/1/2013 | $1,960.39 | | | | $310.72 | |
| 3/1/2013 | $1,960.39 | | | | $310.72 | |

Exhibit F, Page 210   EXHIBIT 5

## Costs (Attorney's Fees and Other Costs)

| Date | Description | Amount |
|---|---|---|
| 1/22/2009 | Trustee Fee | $525.00 |
| 1/22/2009 | NOD/Intent to Foreclose | $14.00 |
| 1/22/2009 | Rescission Recording | $15.00 |
| 1/22/2009 | Statutory Mailings 10 Day | $11.64 |
| 1/22/2009 | Statutory Mailings 1 Month | $23.28 |
| 1/22/2009 | Trustee Sale Guarantee | $350.00 |
| 1/26/2009 | Title Fees | $55.00 |
| 2/17/2009 | Loan Mod advances | -$850.00 |
| 5/20/2009 | Write Off | -$88.92 |
| 5/20/2009 | Write Off | -$55.00 |
| 7/21/2009 | Trustee Fee | $525.00 |
| 7/22/2009 | NOD/Intent to Foreclose | $15.00 |
| 7/22/2009 | Trustee Sale Guarantee | $350.00 |
| 8/3/2009 | Statutory Mailings 10 Day | $19.40 |
| 8/11/2009 | Property Inspection | $10.85 |
| 8/11/2009 | Statutory Mailings 1 Month | $15.52 |
| 8/20/2009 | Property Inspection | $10.85 |
| 8/26/2009 | Statutory Mailings SBC | $33.12 |
| 9/2/2009 | Substitution Recording | $18.00 |
| 1/6/2010 | Loan Mod advances | -$388.09 |
| 1/8/2010 | Foreclosure Attorney Fee | -$829.96 |
| 2/24/2010 | Escrow Miscellaneous | $938.80 |
| 2/27/2010 | Write Off | -$229.11 |
| 8/13/2010 | Property Inspection | $14.00 |
| 9/21/2010 | Property Inspection | $14.00 |
| 1/13/2011 | Property Inspection | $14.00 |
| 3/3/2011 | Property Inspection | $14.00 |
| 9/16/2011 | Plan Review | $175.00 |
| 11/15/2011 | Motion for Relief File Review | $200.00 |
| 1/10/2012 | Reimbursement | -$375.00 |
| 1/10/2012 | Reimbursement | -$85.00 |
| 1/10/2012 | Reimbursement | -$375.00 |
| 1/10/2012 | Proof of Claim | $275.00 |
| TBD | Motion for Relief From Stay Court Filing Fee | $176.00 |
| TBD | Bankruptcy Attorney Fee | $650.00 |
| TOTAL | | $1,186.38 |

## Advances (Property Taxes, Insurance)

| Date | Description | Amount |
|---|---|---|
| | Beginning Balance | -$823.46 |
| 11/11/2011 | County Taxes | $414.54 |
| 11/28/2011 | Disbursement for Fire or Homeowners Insurance | $844.00 |
| 3/7/2012 | Payment | -$132.09 |
| 3/7/2012 | County Taxes | $414.53 |
| 3/15/2012 | Deposit to Special Escrow | -$414.54 |

EXHIBIT 6

| | | |
|---|---|---|
| 11/13/2012 | County Taxes | $428.53 |
| 11/28/2012 | Disbursement for Fire or Homeowners Insurance | $923.00 |
| 2/4/2013 | Payment | -$132.09 |
| 3/15/2013 | County Taxes | $428.51 |
| TOTAL | | $1,950.93 |

**Exhibit F, Page 212**